DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable Allan J. Preckel, Judge of the Superior Court
        of California, County of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>          Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, ET AL.,<br><br>          Defendants. | Case No. 07-CV-02090 JM (BLM)<br><br>DEFENDANT JUDGE PRECKEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE<br><br>**[No Oral Argument Requested]**<br><br>Date   :   February 1, 2008<br>Time   :   1:30 p.m.<br>Crtrm  :   16 (5th Floor)<br>Judge  :   The Honorable Jeffrey T. Miller |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TOPICAL INDEX

Page

TABLE OF AUTHORITIES……………………………..………….............    -iii-

I.    SUMMARY…...…………….....………………………….………………...    1

II.    BACKGROUND…………………………………………………………    1

III.    PLAINTIFF'S ALLEGATIONS…...……………………………………    2

IV.    ARGUMENT……………………………………………………...    4

    A.    STANDARD OF REVIEW……..............……………………    4

    B.    JUDICIAL IMMUNITY PRECLUDES THIS LAWSUIT
        AGAINST THE JUDGE PRECKEL………………..…………    4

    C.    ELEVENTH AMENDMENT IMMUNITY BARS
        PLAINTIFF'S CLAIMS...................................................    6

    D.    THE DISTRICT COURT SHOULD DISMISS THIS
        ACTION BASED ON ABSTENTION DOCTRINE.......................    9

    E.    PLAINTIFF'S COMPLAINT IS BARRED BY *HECK
        V. HUMPHREY*………………………………    11

    F.    PLAINTIFF'S FAILS TO STATE A CLAIM UNDER
        CALIFORNIA CIVIL CODE SECTION 52.1...............................    11

    G.    PLAINTIFF CANNOT STATE A CLAIM FOR
        CONSPIRACY……………………………………………...    13

    H.    THE COMPLAINT SHOULD BE DISMISSED AS
        AGAINST JUDGE PRECKEL, FOR INSUFFICIENT
        SERVICE OF PROCESS…………………………………...    14

V.    CONCLUSION……………………………………………...........    16

# TABLE OF AUTHORITIES

Page

## CASES

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985).................................................................... 6

*Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 882 (2007)……………………………………………………………... 12

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)............. 4

*Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986), *amended* 807 F.2d 1514 (9th Cir. 1987), *cert. denied*, 484 U.S. 870…………………………… 15

*Bradley v. Fisher*, 80 U.S. 335, 347 [13 Wall. 335, 20 L. Ed. 646] (1871)....... 5

*Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992)................................. 6

*Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999)............ 7

*Chaset v. Fleer/Skybox Int'l LP.*, 300 F.3d 1083, 1086 (9th Cir. 2002)………. 13

*City and County of San Francisco v. Ballard*, 136 Cal. App. 4th 381, 408 (2006)…………………………………………………………………. 11

*City of Stockton v. Superior Court*, No. S139237, __Cal. 4th__, 68 Cal. Rptr. 3d 295, 171 P.3d 20, 2007 Cal. LEXIS 13743 (Cal. Dec. 3, 2007……… 13

*Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980)… 5

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983)..................................... 10

*Dittman v. California,* 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000)........................................................ 6, 7

TABLE OF AUTHORITIES

Page

CASES (cont'd)

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029
    (9th Cir. 2001)........................................................ 10

*Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963)...... 8

*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)................. 6

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)………………… 14

*Ex Parte Young*, 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908)………… 8

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284
    [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005)............................. 10

*Federal Maritime Commission v. South Carolina State Ports Authority*,
    535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002)............. 6

*Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979)..... 5

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
    527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999)............. 6

*Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)............................... 6

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103,
    1110 (9th Cir. 1987)................................................................. 7

*Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006)…………………………... 11

*Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000)............................... 4

*Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994)     1, 11

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S. Ct.
    2893, 106 L. Ed. 2d 195] (1989)…………………………………….. 13, 14

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)............. 13

*Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S.
    1148 (1998)........................................................................ 8

*In re M.S.*, 10 Cal. 4th 698 (1995), 706-707…………………………………... 11

*Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982)…………………... 15

*Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)…………………………… 11

*Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed.
    2d 114] (1985)...................................................................... 7

*Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006)... 10

*Lockyer v. City and County of San Francisco*, 33 Cal. 4th 1055, 1097 (2004)... 12

*McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734,
    138 L. Ed. 2d 1] (1997)........................................................ 8

*Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert.
    denied*, 528 U.S. 1005 (1999)................................................. 7

*Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301
    (9th Cir. 1999)…………………………………………………….. 13

*Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991)........ 5

*Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988),
    *cert. denied*, 490 U.S. 1081 (1989)…...…………………………… 8

*Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519
    U.S. 1118 (1997)................................................................. 5

*O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 501 (2006)………………. 12

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998)....................  10

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984)....................................  6

*People v. Black*, 41 Cal. 4th 799, 808 (2007)…………………………………….  6

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993)...............  7

*Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997)....................................................  8

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923)...............................................  10

*Royce Int'l Broadcasting Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 22, 2000)…  14

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999)…………………………………………………  9

*Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925)..............................................  7

*Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995 (1988)..............................................  5

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996).............................................  6

*Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1535 (9th Cir. 1992)…………….  13

*Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)...........................................  7

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Stump v. Sparkman*, 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978)................................................................... 5

*Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004)................... 11

*Wilkie v. Robbins*, No. 06-219, 551 U.S. __ , 2007 WL 1804315, at *14, 2007 U.S. LEXIS 8513, at *45 (U.S. June 25, 2007)............. 14

*Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989)......................................................... 7

*Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937)........................................................ 8

*Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986)... 10

*Younger v. Harris*, 401 U.S. 37 [91 S. Ct. 746, 27 L. Ed. 2d 669] (1971)....... 9

## CONSTITUTIONAL PROVISIONS

California Constitution,

      Article VI, Section 1.............................................................. 7
      Article VI, Section 4.............................................................. 7

United States Constitution,

      11th Amendment................................................................. 2, 6, 7, 8

# TABLE OF AUTHORITIES

Page

## STATUTES-STATE

Civil Code

    Section 51…………………………………………………………… 12
    Section 52.1………………………………………………………1, 2, 11, 12
    Section 52.1(a)…………………………………………………… 11

Code of Civil Procedure

    Section 415.10…………………………………………………… 15
    Section 415.20………………………………………………….... 15
    Section 415.30………………………………………………….... 15

Election Code

    Section 327……………………………………………………….. 12

Government Code

    Section 810.2…………………………………………………….. 12
    Section 820.6…………………………………………………….. 12
    Section 912.7…………………………………………………….. 9
    Section 935.8…………………………………………………….. 9
    Section 945.4…………………………………………………….. 13
    Section 948.1…………………………………………………… 9
    Section 965, subd. (c)…………………………………………... 9
    Section 70321-70333…………………………………………… 9
    Section 77003.................................................................................... 9
    Sections 77200……….................................................................... 9
    Sections 77200-77213…………………………………………... 9

Penal Code

    Section 182…………………………………………………….. 3
    Section 183…………………………………………………….. 3
    Section 184…………………………………………………….. 3
    Section 186.2, subd. (a)………………………………………… 3
    Section 186.3…………………………………………………… 3

# TABLE OF AUTHORITIES

Page

## STATUTES-STATE (cont'd)

Penal Code (cont'd)

Section 186.5…………………………………………………………… 4
Section 207……………………………………………………........ 3
Section 211……………………………………………………………… 3
Section 487……………………………………………………………… 3
Section 496……………………………………………………………… 3
Section 1192.5……………………………………………………........ 6
Section 12025, subds. (a)(1) and (b)(1)……………………………… 1

## STATUTES- FEDERAL

18 U.S.C. §§ 1961-1968 (RICO Act)…………………………………………. 13
18 U.S.C. § 1962, subd. (d)……………………………………………………. 13
28 U.S.C. § 1331………………………………………………………………… 2
42 U.S.C. § 1983 (Civil Rights Act).............................................................2, 8, 11, 12

## RULES- FEDERAL

Appellate Procedure

Rule 32.1…………………………………………………………….. 14

Civil Procedure

Rule 4……………………………………………………………….... 15
Rule 4(e)……………………………………………………………... 14
Rule 4(m)……………………………………………………………. 15
Rule 12(b)(5)………………………………………………………… 14
Rule 12(b)(6)................................................................................... 4

# TABLE OF AUTHORITIES

Page

## RULES - STATE

California Rules of Court

     Rule 10.102…………………………………………………………..     9
     Rule 10.201…………………………………………………………..     9
     Rule 10.202…………………………………………………………..     9
     Rule 10.810, function 10(a)(2), (b)..…………………………………     9

## CASES IN THE COURT OF APPEAL OF CALIFORNIA

*The People v. Bailey*, California Court of Appeal, 4th District Division 1,
     Case No. D051309…………………………………………………...     2

*In Re Russo Bailey on Habeas Corpus*, California Court of Appeal, 4th
     District Division 1, Case No. D052036…………………………………     2

## CASES IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

*People v. Russell Lorin Bailey*, San Diego Superior Court Case
     No. SCE267015…………………………………………………………     1, 4

## OTHER

California Civil Jury Instructions…………………………………………....     11

# I.

## SUMMARY

Defendant, the Honorable Allan J. Preckel ("Judge Preckel"), Judge of the Superior Court of California, County of San Diego ("California Court"), erroneously sued and served as "Allen J. Preckel", hereby moves that this Court dismiss the complaint filed October 31, 2007, and the entire action against him, with prejudice.  The complaint arises from Plaintiff's apparent dissatisfaction with the proceedings in his underlying California Court criminal case, wherein Plaintiff pleaded guilty on May 17, 2007, to being a felon in possession of a firearm (Cal. Pen. Code § 12025, subds. (a)(1) and (b)(1)), and was subsequently sentenced on June 15, 2007 by Judge Preckel.[1]  Plaintiff is claiming civil rights violation(s), and seeks monetary and other damages.  However, his complaint is barred by state sovereign immunity, judicial immunity, and based on abstention doctrines.  In addition, Plaintiff fails to state a claim under California Civil Code section 52.1, and cannot demonstrate the invalidity of his conviction, as required by *Heck v. Humphrey*, 512 U.S. 477, 481-482 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994).

# II.

## BACKGROUND

Plaintiff filed his Complaint in this federal lawsuit, arising out of Plaintiff's dissatisfaction with proceedings wherein he entered a guilty plea before Judge Preckel, arising from a standoff with police.  Plaintiff's appeal, and a related

---

[1] See, Request for Judicial Notice, Exhibit A: Request for Judicial Notice, Complaint in *Russo Bailey v. State of California Department of Justice, Allen J. Preckel, et al.* (So. Dist Cal. 07-cv-2090 JM (BLM).), referencing California Case No. SCE267015 (8:20); Exhibit B, Minutes of May 17, 2007 in *People v. Russell Lorin Bailey*, San Diego Superior Court Case No. SCE267015; Exhibit C:  Minutes of June 15, 2007 in *People v. Russell Lorin Bailey*, San Diego Superior Court Case No. SCE267015.

petition for writ of habeas corpus, are presently pending before the California

Court of Appeal.[2]

## III.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is brought under the Civil Rights Act, 42 U.S.C. § 1983,[3] for alleged violations of his rights under the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments to the U.S. Constitution.[4] In addition, Plaintiff alleges a violation of his California constitutional rights as guaranteed by California Civil Code section 52.1 [Action for injunctive relief from interference with enjoyment of legal rights].

---

[2] See Request for Judicial Notice, Exhibit D: California Court of Appeal Docket No. D051309, *The People v. Bailey*; Exhibit E: California Court of Appeal Docket No. D052036, *In Re Russo Bailey on Habeas Corpus.*

[3] 42 U.S.C. § 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . . "

Plaintiff alleges his suit is filed pursuant to 28 U.S.C. § 1331 ["The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"].

[4] Exhibit A to Request for Judicial Notice, 2:21-25, 6:11-14. A Second Amendment violation is alleged at 6:2, but as against the El Cajon Police Department Defendants only.

The specific facts alleged against Judge Preckel appear in the second and fourth causes of action: that Judge Preckel "and five unknown judges conspired to deprive Plaintiff of his Constitutional Rights"; and that Judge Preckel "did without cause and contrary to the California and U.S. Constitution, falsely convict Plaintiff Bailey of no crime" and "imposed a sentence of punishment and a fine on Plaintiff Bailey contrary to both California State and the United State[s] Constitution. [P] This Mock Judge in a mock trial did not charge Plaintiff with any crime nor g[i]ve Plaintiff a chance to respond to nor answer to the mock proceedings."[5]  Plaintiff concludes that this made him a victim of various California crimes,[6] and therefore seeks "forfeiture of criminal profits."[7]

---

[5] Exhibit A to Request for Judicial Notice, 4:4-5; 4:25-5:4.

[6] Exhibit A to Request for Judicial Notice, 5:7-12.  Plaintiff claims violations of the following California Penal Code provisions:
  *Penal Code § 183:  "No conspiracies, other than those enumerated in the preceding section, are punishable criminally."
  *Penal Code § 184:  "No agreement amounts to a conspiracy, unless some act, beside such agreement, be done within this state to effect the object thereof, by one or more of the parties to such agreement and the trial of cases of conspiracy may be had in any county in which any such act be done."
  *Penal Code § 186.2, subd. (a): " For purposes of this chapter, the following definitions apply: [P]  (a) "Criminal profiteering activity" means any act committed or attempted or any threat made for financial gain or advantage, which act or threat may be charged as a crime under any of the following sections: …
          … "(9) Kidnapping, as defined in Section 207….
          … "(13) Receiving stolen property, as defined in Section 496…
          … "(14) Robbery, as defined in Section 211….
          … "(16) Grand theft, as defined in Section 487….
          …"(25) Conspiracy to commit any of the crimes listed above, as defined in Section 182…"

[7] Exhibit A to Request for Judicial Notice, 5:12.   Plaintiff seeks forfeiture pursuant to California Penal Code section 186.3 [Property subject to forfeiture]:
  "(a) In any case in which a person is alleged to have been engaged in a

Plaintiff sets forth six claims for relief, and permanent injunctive relief "that prevents the California Superior Court from further damages against Plaintiff by the judgment and fines levied in the criminal case of <u>SCE267015</u>,"[8] in addition to the claims in his prayer for monetary relief totaling several million dollars, and other relief.

**IV.**

**ARGUMENT**

**A.    <u>Standard of Review</u>.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted where there is either a lack of cognizable legal theory upon which to grant relief, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**B.    <u>Judicial Immunity Precludes This Lawsuit Against the Judicial Branch Defendant</u>.**

As pleaded, Plaintiff's complaint against the Judge Preckel arises from his dissatisfaction with Judge Preckel's rulings in the California Court, and possibly from other judicial rulings in the courts of California.  The complaint, therefore, fails to state a claim upon which relief may be granted against Judge Preckel, because he is immune from liability under the judicial immunity doctrine.  *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

---

pattern of criminal profiteering activity, upon a conviction of the underlying offense, the assets listed in subdivisions (b) and (c) shall be subject to forfeiture upon proof of the provisions of subdivision (d) of Section 186.5.
        "(b) Any property interest whether tangible or intangible, acquired through a pattern of criminal profiteering activity.
        "(c) All proceeds of a pattern of criminal profiteering activity, which property shall include all things of value that may have been received in exchange for the proceeds immediately derived from the pattern of criminal profiteering activity."

[8] Request for Judicial Notice, Exhibit A, 8:18-20.

In the present matter, Judge Preckel is being sued in connection with his exercise of a judicial function.  Judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman,* 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978), quoting *Bradley v. Fisher*, 80 U.S. 335, 347 [L. Ed. 646, 13 Wall. 335, 20] (1871).  So long as the challenged judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability for the act even where there are allegations of conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980).

The law of judicial immunity is well established.  This law provides that "judges are absolutely immune from damage actions for judicial acts taken within jurisdiction of their courts."  *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995.  Furthermore, this is "an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991).  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997).  As explained in *Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979):

> As public servants, the prosecutor and the judge represent the interest of society as a whole.  The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy.  The societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large has long been recognized as an acceptable justification for official immunity.  The point of immunity for such officials is to forestall an atmosphere of intimidation that would conflict with their resolve to perform their designated functions in a principled fashion.
> *Id.*, at 202-204.

1    In the present matter, Plaintiff has sued Judge Preckel because he presided

2    over Plaintiff's plea agreement, and then sentenced him.  These proceedings are

3    properly within a California judge's jurisdiction.  E.g., *People v. Black*, 41 Cal. 4th

4    799, 808 (2007) [sentencing]; Pen. Code § 1192.5 [plea bargain approval].  Such

5    judicial conduct cannot form the basis of any civil claim because it is protected by

6    the absolute judicial immunity doctrine.  Plaintiff's complaint thus fails to state a

7    claim against Judge Preckel.

8    **C.    Eleventh Amendment Immunity Bars Plaintiff's Claims.**

9        Plaintiff's action is barred by sovereign immunity.  The Eleventh

10   Amendment of the United States Constitution prohibits suits against a state and its

11   agencies and departments for legal or equitable relief.  *Federal Maritime*

12   *Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct.

13   1864, 152 L. Ed. 2d 962] (2002); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44,

14   54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996); *Florida Prepaid Postsecondary*

15   *Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 670 [119 S. Ct. 2199, 144

16   L. Ed. 2d 575] (1999).

17       "This jurisdictional bar applies regardless of the nature of relief sought."

18   *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79

19   L. Ed. 2d 67] (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d

20   1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers

21   suits naming state agencies and departments as defendants, and applies whether the

22   relief sought is legal or equitable in nature"], *cert. denied*, 503 U.S. 938 (1992).

23   Specifically, "the Eleventh Amendment bars suits which seek either damages or

24   injunctive relief against a state, an arm of the state, its instrumentalities, or its

25   agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing

26   *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

27       California has not waived its sovereign immunity.  *Atascadero State Hosp.*

28   *v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985); *Dittman*

*v. California,* 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000).

The Superior Court is part of the judicial branch of state government created by the state constitution.

> The superior courts of the State of California, while located and functioning in the several counties of the state are not local or county courts, but constitute a system of state courts, being vested with and exercising the judicial power of the state under the express terms of section 1 of Article VI of the state constitution.

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *Simmons v. Sacramento Co. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) [claim against the state court or its employees was barred by the Eleventh Amendment]; *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925).

State immunity extends to state officers who act on behalf of the state and can therefore assert the state's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989) [While state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office; as such, it is no different from a suit against the State itself]; *Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985) [Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent].

A judge of the Superior Court is a state officer. Cal. Const., art. VI, § 4; *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999); *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied*, 528 U.S. 1005 [holding that municipal court judges are "State officials"].

A suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. *Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937). Here, any injunction or declaratory relief ordering the California judge or the California Court not to proceed would operate against the State of California itself, because any state court can act only through individual adjudicatory officers. Thus, restraining the Judicial Branch Defendants would effectively restrain the State of California from fulfilling its judicial function, an impermissible result under *Ex Parte Young*, 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908).

Under 42 U.S.C. § 1983, a key factor in determining whether an actor is a state or county employee is which entity is liable for damages in a suit against the official. See *McMillian v. Monroe County*, 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997); accord, *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (quoting *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997) [a crucial factor in determining whether an individual is exercising state or local authority is "who is legally obligated to pay the judgment that is being sought"]; *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) [factors used to determine whether a particular state entity is a state agency entitled to Eleventh Amendment immunity are "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity."], *cert. denied*, 490 U.S. 1081 (1989).

Effective July 1, 1997, the State of California assumed sole responsibility for the funding of all state trial court operations, and including litigation. *See* Cal.

Gov't Code §§ 77003, 77200, et seq.; Cal. Rules of Ct., R. 10.810, function 10(a)(2), (b) (Allowable costs include salaries and legal services for allowable court operations), R. 10.201 (claim and litigation procedure), R. 10.202 (litigation management).  Effective January 1, 2003, the California Legislature enacted statutory amendments to the Tort Claims Act that made explicit the state Judicial Council's authority to manage and settle claims and lawsuits. Cal. Gov. Code §§ 912.7, 935.8, 948.1, and 965, subd. (c).  The California Trial Court Facilities Act also established a process for transferring responsibility for California's courthouse facilities from counties to the state, and made the judicial branch responsible for the construction and operations of court facilities.  Cal. Gov. Code §§ 70321-70333.  Additionally, the Administrative Director of the Courts may accept on behalf of the state courts any gift of real or personal property only if the gift and any terms and conditions are found to be in the best interest of the State of California. Cal. Rules of Ct., R. 10.102.  In October 2004, the California Administrative Office of the Courts, pursuant to the California Trial Court Funding Act (Cal. Gov. Code §§ 77200-77213), established a centralized statewide treasury.

Hence, Judge Preckel should be dismissed with prejudice under the doctrine of state sovereign immunity.

**D.    The District Court Should Dismiss This Action Based on Abstention Doctrine.**

This action should be dismissed based on abstention doctrine.  "[F]ederal and state courts are complementary systems for administering justice in our Nation.  Cooperation and comity, not competition and conflict, are essential to the federal design." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999). The doctrine of *Younger v. Harris*, 401 U.S. 37 [91 S. Ct. 746, 27 L. Ed. 2d 669] (1971), reinforces our federal scheme by preventing a state defendant from asserting ancillary challenges to ongoing state

procedures in federal court.  *Id.*, 54-55 [91 S. Ct. 746, 27 L. Ed. 2d 669].  As noted, this matter is pending before the California Court of Appeal.

The *Rooker-Feldman* doctrine similarly prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005); see also, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986).  The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1066].

All three requirements of the *Rooker-Feldman* doctrine are satisfied in this case: (1) "the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party", as was Plaintiff here; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1064].  Plaintiff's various attacks on his California criminal proceedings are presently pending before the California Court of Appeal.

Accordingly, the instant action should be dismissed.

### E.     <u>Plaintiff's Complaint is Barred by *Heck v. Humphrey*.</u>

Under *Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994) a state prisoner cannot recover damages in a 42 U.S.C. § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*, 512 U.S. 477, at 487; *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006). Plaintiff's success on any section 1983 claims would necessarily imply the invalidity of his state conviction, which is presently pending on appeal.

### F.     <u>Plaintiff fails to state a claim under California Civil Code section 52.1.</u>

Additionally, the court should decline to exercise pendent jurisdiction. The California Legislature enacted Civil Code section 52.1 to stem a tide of hate crimes. *In re M.S.*, 10 Cal. 4th 698 (1995), 706-707, fn. 1. California Civil Code section 52.1 provides that individuals may bring suit whenever "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by . . . the Constitution or laws of this state." Cal. Civ. Code § 52.1(a). California Civil Code section 52.1 requires an attempted or completed act of interference with a legal right, accompanied by a form of coercion. *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 843 (2004); *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998); *City and County of San Francisco v. Ballard*, 136 Cal. App. 4th 381, 408 (2006).[9]

---

[9] The elements of a cause of action under California Civil Code section 52.1 are stated in California Civil Jury Instructions (CACI) No. 3025: "1. That [the defendant] interfered with [or attempted to interfere with] [the plaintiff's] [constitutional or statutory right] by threatening or committing violent acts; [P] 2. [That [the plaintiff] reasonably believed that if [he/she] exercised [his/her] [constitutional] right [the defendant] would commit violence against [him/her] or

First, under state law, Judge Preckel is additionally protected by immunity under California Government Code sections 820.6,[10] and 810.2.[11] *Lockyer v. City and County of San Francisco*, 33 Cal. 4th 1055, 1097 (2004); *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 501 (2006).

Second, Plaintiff has not alleged any constitutional claim under California Civil Code section 52.1 that is distinct from his claims under 42 U.S.C. § 1983. Hence, since Judge Preckel acted under the protection of judicial immunity in ruling on Plaintiff's state court criminal case, Plaintiff has not, and cannot, allege any interference with a legal right or coercion cognizable under this statute.[12]

---

[his/her] property;] [P] [That [the defendant] injured [the plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] [constitutional] right or retaliate against [the plaintiff] for having exercised [his/her] [constitutional] right;] [P] 3. That [the plaintiff] was harmed; and [P] 4. That [the defendant's] conduct was a substantial factor in causing [the plaintiff's] harm." *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 882 (2007).

[10] California Government Code § 820.6 reads: "If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable."

[11] California Government Code § 810.2 provides: ""Employee" includes an officer, judicial officer as defined in Section 327 of the Elections Code, employee, or servant, whether or not compensated, but does not include an independent contractor."

California Elections Code § 327 reads: ""Judicial officer" means any Justice of the Supreme Court, justice of a court of appeal, or judge of the superior court."

[12] Additionally, Plaintiff has not, and cannot, allege compliance with the California Tort Claims Act. *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 764 (2002) [The fact that federal civil rights claims under 42 United States Code section 1983 are exempt from the requirements of the Government Claims Act provides no reason to exempt claims under sections 51 and 52.1, despite the similarity of the claims that can be made under the federal and state statutes]. California Government Code section 905 requires that "all claims for money or

### G.     Plaintiff Cannot State a Claim for Conspiracy

To establish Judge Preckel's liability for a conspiracy, Plaintiff must "demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations and quotations omitted). Judge Preckel must have, "by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." *Id.* (citations and quotations omitted). The agreement need not be overt, and may be based on circumstantial evidence. *Id.* at 1302.

No such facts have been or can be alleged here, where a state court judge merely ruled in a criminal action properly pending before him.

Alternatively, Plaintiff may also be attempting to allege a conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Because Plaintiff failed to properly allege any substantive RICO violation, any putative RICO conspiracy claim also fails. See 18 U.S.C. § 1962, subd. (d); *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).[13]

---

damages against local public entities" be presented to the responsible public entity before a lawsuit is filed. Failure to present a timely claim bars suit against the entity. Cal. Gov. Code § 945.4. As discussed, this claim is in effect made against the State of California. As such, Plaintiff's claim is barred. *City of Stockton v. Superior Court*, No. S139237, __Cal. 4th__, 68 Cal. Rptr. 3d 295, 171 P.3d 20, 2007 Cal. LEXIS 13743 (Cal. Dec. 3, 2007).

[13] To state a civil claim for violation of RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002). "[T]o show a pattern of racketeering activity, a RICO plaintiff must 'show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S. Ct. 2893, 106 L. Ed. 2d 195] (1989)). "Predicates are related if they have the same or similar purposes, results,

Plaintiff's Complaint does not plead the requisite elements, or indeed set forth any facts pertinent to this moving Defendant. Resort to judicial process does not constitute the kind of wrongful use of force or threats contemplated under RICO. See by analogy, *Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389] (June 25, 2007) [public employees not liable under RICO for enforcing government claims].[14]

## H.    The Complaint Should be Dismissed as Against Judge Preckel, for Insufficient Service of Process.

Judge Preckel received the summons in the mail.

An action may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). To effect service on a defendant, Fed. R. Civ. P. 4(e) requires:

> . . . (e)  Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States:
>
> (1)  pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of

---

participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated." *Id.*, at 1535. "Continuity is demonstrated if the illegal conduct poses a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Id.* (quoting *Northwestern Bell Telephone*, 492 U.S. at 239, 243).

[14] *Royce Int'l Broadcasting Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 22, 2000) ("[R]esort to the judicial process to resolve a… dispute does not constitute the kind of wrongful use of force or threats contemplated by the federal RICO statute.") (citing *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)). Cited by analogy to Federal Rules of Appellate Procedure, Rule 32.1, as amended January 1, 2007.

general jurisdiction of the State; or

 (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under the California Code of Civil Procedure, defendants may be served by personal delivery to the defendant or an authorized agent; by substitute service; by mail and acknowledgement of receipt; or by publication.  Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30.  Here, service was not properly effected by these means.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.  See *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).  Without substantial compliance with rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986), *amended* 807 F.2d 1514 (9th Cir. 1987), *cert. denied*, 484 U.S. 870.

Defendant's motion to dismiss should be granted because Plaintiff failed to effect proper service of the summons and complaint on Judge Preckel.  *See* Fed. R. Civ. P. 4(m) ("Time Limit for Service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period…").

However, while the rule speaks of 120 days, there is no reason to delay the dismissal in this case, since Plaintiff's action fails to state a claim in any event.

# V.

# CONCLUSION

For the reasons stated, Defendant Judge Preckel prays that the instant action be dismissed with prejudice, and judgment entered for him.


Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:                           By:  ___s/ Cheryl L. Brierton_____
                                      CHERYL L. BRIERTON, Litigation Attorney
December 28, 2007          Attorney for Defendant, The Honorable Allan J.
                                 Preckel, Judge of the Superior Court of California,
                                 County of San Diego