EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER, State Bar No. 201351
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2034
 Fax:       (619) 645-2012
 Email: Douglas.Baxter@doj.ca.gov

Attorneys for Defendant State of California

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, SAN DIEGO COUNTY, DONNIE DUMANUS, WILLIAM KOLENDER, 25 Unknown police and sheriff deputies, <br><br> Defendants. | 07cv2090 JM (BLM) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE OF CALIFORNIA'S MOTION TO DISMISS COMPLAINT** <br><br> **[Fed. R. Civ. Proc. 12(b)(1) & (b)(6)]** <br><br> Hearing:    February 1, 2008 <br> Time:       1:30 p.m. <br> Courtroom:  16 <br> Judge:      The Honorable Jeffrey T. Miller |

## I.

## INTRODUCTION

In addition to his claims against other defendants, Plaintiff, Russo Bailey, brings this action against the State of California (at times referring to the State as the California Highway Patrol and the California Department of Justice) for violations of various constitutional rights. (Compl. [Doc. 1] at 1-7.) Plaintiff seeks relief under sections 1983, 1985, and 1986 of Title 42 of the United States Code. (Compl. at 5-7, §§ X through XIII.) He also brings state-law claims for violations of his rights under section 52.1 under the California Constitution and for breach of

1  contract. (Compl. at 7, § XV.) Finally, Plaintiff seeks injunctive relief. (Compl. at 8, § XVI.)

2  The State of California brings this motion to dismiss the complaint under Federal Rules of

3  Civil Procedure 12(b)(1). On the face of the complaint, it is readily apparent that the State's

4  immunity under the Eleventh Amendment to the United States Constitution prevents this Court

5  from having subject matter jurisdiction over Plaintiff's claims against the State and its agencies.

6  In addition, the State and its agencies are not "persons" within the meaning of sections

7  1983, 1985, or 1986 of Title 42 of the United States Code.[1/] Therefore, pursuant to Rule

8  12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's federal civil rights claims for

9  monetary relief against the State and any of its agencies are subject to dismissal for failure to

10 state a claim upon which relief may be granted.

11 **II.**

12 **STATEMENT OF THE FACTS**

13 According to the complaint, plaintiff was arrested without legal cause on December 8, 2006,

14 by Defendant M. Bevan and fifteen unidentified Police Officers from the City of El Cajon.

15 (Compl. at 3:9-10.) Plaintiff telephoned 911 and a California Highway Patrol employee

16 responded to the call. However, this employee refused to arrest the El Cajon Police Officers as

17 they vandalized Plaintiff's vehicle and abducted Plaintiff. (Compl. at 3:3-17.)

18 Defendant M. Bevan and the El Cajon Police Officers maliciously and illegally confiscated

19 and damaged Plaintiff's personal property. (Compl. at 3:18-22.) These Defendants' actions

20 caused Plaintiff financial and emotional distress. (Compl. at 3:23-24.) These Defendants also

21 intentionally attempted to murder Plaintiff with explosives and poisonous gas. (Compl. at 3:26-

22 28.)

23 Plaintiff further alleges that, on December 13, 2006, the California Department of Justice

24 falsely and maliciously denied Plaintiff his freedom. The State of California reportedly violated

25 Plaintiff's civil rights by falsely accusing him of violations of Penal Code sections 12025(a)(1)

26 and 12031(a)(1). (Compl. at 4:6-12.)

27 _____

28 1. These provisions will hereafter be referred to as "Section 1983," "Section 1985," or "Section 1986."

1    On December 27, 2006, the San Diego County District Attorney's Office filed a criminal

2    action against Plaintiff in San Diego Superior Court under case number SCE267015. (Compl. at

3    4:16-20.) Judge Allen J. Preckel thereafter falsely convicted Plaintiff. (Compl. at 4:25-27.) On

4    June 5, 2007, Judge Preckel sentenced Plaintiff in violation of the California and United States

5    Constitutions. (Compl. at 4:28 through 5:2.)

6    In his first claim for relief, Plaintiff contends that all defendants deprived him of his civil

7    rights under color of law within the meaning of Section 1983 and "Monell." He also posits that

8    Defendants' actions constituted criminal acts under sections 241, 242, and 1202 of Title 18 of the

9    United States Code. (Compl. at 5:20-24.)

10    Plaintiff's second claim for relief names only Defendants M. Bevan and fifteen unidentified

11    El Cajon Police Officers. Plaintiff alleges these Defendants are liable under Section 1983 for

12    false arrest, false imprisonment, and assault. (Compl. at 5:27 through 6:2.)

13    All Defendants are named in Plaintiff's third claim for relief under Section 1986(c).

14    Plaintiff claims Defendants failed to intervene to stop the civil rights violations perpetrated by

15    the El Cajon Police Officers. Plaintiff adds that he is seeking relief under sections 1964 and

16    1965 of Title 18 of the United States Code. He further alleges that the failure to intervene

17    resulted in deprivation of Plaintiff's rights under the Fifth, Ninth, Tenth, and Fourteenth

18    Amendments to the United States Constitution. (Compl. at 6:5-14.)

19    In his fourth claim for relief, Plaintiff accuses all Defendants of excessive force, actionable

20    under Section 1983. (Compl. at 6:17-19.) Plaintiff also states that Defendants' omissions and

21    their false reports against Plaintiff caused Plaintiff significant and substantial humiliation.

22    (Compl. at 6:26-28.)

23    The fifth claim for relief in the complaint sounds as a claim under Section 52.1 of the

24    California Constitution against all Defendants. (Compl. at 7:4-8.)

25    Plaintiff's sixth claim for relief begins with a breach-of-contract action against the State of

26    California. Plaintiff argues that the State of California is the "real party respondent [sic] superior

27    for California Highway Patrol whom witnesses [sic] the felonies committed by the El Cajon City

28    Police." (Compl. at 7:11-13.) Plaintiff makes a similar claim against the County of San Diego

1  under a respondeat superior theory *vis a vis* the San Diego County District Attorney's Office.

2  (Compl. at 7:14-15.)

3      Added to the breach-of-contract theory under the sixth claim for relief are what appear to be

4  further Section 1983 allegations. Plaintiff accuses all Defendants of violating his civil rights

5  through the creation or enforcement of certain customs, policies, or practices that result in

6  various unconstitutional acts. (Compl. at 7:27 through 8:11.)

7      In his final claim for relief, Plaintiff seeks injunctive relief against all Defendants.

8  Specifically, Plaintiff desires a court order commanding Defendants to refrain from "reporting

9  any and all information connected with this action or any illegal information suggesting bad

10  history of the plaintiff to any other person or organization, or electrical data storage devise [sic]."

11  Plaintiff also asks for an injunction against the California Superior Court to prevent further action

12  against Plaintiff under criminal case SCE267015. (Compl. at 8:14-20.)

13      Plaintiff prays for compensation for damages to his vehicle and for the cost of procuring a

14  substitute vehicle. (Compl. at 8:28 through 9:2.) For his civil rights claims, Plaintiff seeks

15  monetary damages for his loss of freedom and for the cost of defending his criminal case. He

16  further requests compensation for lost wages. He also asks for punitive damages and for deletion

17  of his criminal record. (Compl. at 9:1-13.)

18  ### III.

19  ### THE COMPLAINT IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. PROC. 12(B)(1) BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

20  ### OVER ALL OF PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS

21  **A.**  **Standards of Analysis on Rule 12(b)(1) Motion:**

22      A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure[2] is a challenge to a

23  court's subject matter jurisdiction. *Doe v. Hagee*, 473 F.Supp.2d 989, 994 (N.D. Cal. 2007). A

24  motion to dismiss on the grounds of Eleventh Amendment immunity is a challenge to a court's

25  subject matter jurisdiction within the meaning of Rule 12(b)(1). *MCI Telecommunications Corp.*

26  *v. New York Telephone Co.*, 134 F.Supp.2d 490, 495 n. 2 (N.D. N.Y. 2001). The defense of

27  sovereign immunity is properly considered under Rule 12(b)(1) rather than under Rule 12(b)(6).

28

    2. All further undesignated rule citations are to the Federal Rules of Civil Procedure.

1  *Martin v. Washington Metropolitan Area Transit Authority*, 273 F.Supp.2d 114, 118 n. 2

2  (D. D.C. 2003) (citing *Watters v. WMATA*, 295 F.3d 36, 39-40 (D.C. Cir. 2002).

3      There are two types of Rule 12(b)(1) challenges to a court's subject matter jurisdiction.

4  The moving party may bring a facial attack against a complaint in which case the court's review

5  will be limited to the allegations of the complaint. *Savage v. Glendale Union High Sch.*, 343

6  F.3d 1036, 1040 n. 2 (9th Cir. 2003)  On the other hand, the movant may make a factual

7  challenge which involves presentation of facts and evidence outside the complaint. *Id.*

8      The present motion involves a facial challenge to Plaintiff's allegations in the complaint.

9  Under such an approach, the Court must treat the Plaintiff's factual allegations as true.  The

10  Defendants must demonstrate that the allegations, when viewed in the light most favorable to

11  Plaintiff, fail to establish the Court's subject matter jurisdiction. *Doe v. Schachter*, 804 F.Supp.

12  53, 56 (N.D. Cal. 1992).   In making this determination, the Court is not obligated to presume the

13  truthfulness of conclusory allegations or legal conclusions masquerading as factual contentions.

14  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

15      Even though Plaintiff's factual allegations are deemed true for purposes of this motion, it is

16  still Plaintiff's burden to prove that this Court has subject matter jurisdiction over his claims

17  against the State and any of its agencies.   It is a fundamental rule that federal courts are courts of

18  limited jurisdiction, and it is presumed that a cause falls outside such limited jurisdiction.  The

19  party asserting jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian*

20  *Life Ins. Co. of America*, 511 U.S. 375, 377 (1994);  *Scott v. Breeland*, 792 F.2d 925, 927 (9th

21  Cir. 1986); *Cattie v. Wal-Mart Stores, Inc.,* 504 F.Supp.2d 939, 942 (S.D. Cal. 2007).

22  **B.    The State of California and its Agencies are Immune from Suit in**
        **Federal Court for Damages or Injunctive Relief**

23

24      The Eleventh Amendment to the United States Constitution provides states with immunity

25  from private suits for damages in federal court. *Henry v. County of Shasta*, 132 F.3d 512, 517

26  (9th Cir. 1997) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984));

27  *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).  Not only

28  are states immune from suit for damages, but this immunity also extends to suits for injunctive

1   relief. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146

2   (1993). This immunity from federal suits requesting damages or injunctive relief also extends to

3   state agencies. *Savage v. Glendale Union High Sch.*, 343 F.3d at 1040; *Guzman v. Van Demark*,

4   651 F.Supp. 1180, 1183 (C.D. Cal. 1987) [finding California Highway Patrol has Eleventh

5   Amendment immunity from suit in federal court].   The Eleventh Amendment immunity applies

6   regardless of whether a state or its agencies are being sued in federal court by the state's own

7   citizens or citizens from another state. *Guzman v. Van Demark*, 651 F.Supp. at 1183 (citing

8   *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890)).

9        A state and its agencies retain Eleventh Amendment immunity for any causes of action

10  unless there has been a waiver by the state of immunity for a particular type of claim or Congress

11  has expressly and validly abrogated the immunity. *Premo v. Martin*, 119 F.3d 764, 768 (9th Cir.

12  1997). A state's waiver of immunity will be found "'only where stated "by the most express

13  language or by such overwhelming implications from the text as [will] leave no room for any

14  other reasonable construction."'" *Welch v. Texas Dep't of Highways and Public Transp.*,

15  483 U.S. 468, 472 (1983) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

16  Congressional action to overturn states' immunity must be pursuant to a valid exercise of power,

17  and it must unequivocally express an intent to abrogate the states' immunity. *Green v. Mansour*,

18  474 U.S. 64, 68 (1985) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 99).

19       In the present case, Plaintiff's federal-law claims against the State of California (and

20  apparently the California Highway Patrol and the California Department of Justice) are brought

21  under Sections 1983, 1985, and 1986. Plaintiff has also proffered state-law claims and a request

22  for injunctive relief. Plaintiff has not pleaded and cannot truthfully plead that the State of

23  California has consented to suit in federal court for these types of claims, nor can he establish

24  that Congress has abrogated the State's immunity for such matters.

25       The Ninth Circuit will find a state's unequivocal consent to suit in federal court under the

26  following circumstances:

27       [W]here (1) the state expressly consents to federal jurisdiction in the context of the
         litigation, [citation omitted]; (2) a state statute or constitutional provision expressly
28       provides for suit in a federal court, *Atascadero* [*State Hosp. v. Scanlon*, 473 U.S. 234],
         105 S.Ct. 3142 [, 3145] at n. 1; or (3) Congress clearly intends to condition the state's

1　participation in a program or activity on the state's waiver of its immunity. *Id.* at 3150;

2　*Doe v. Maher*, 793 F.2d 1470, 1477 (9th Cir. 1986). [Footnote omitted].

3　*Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 (9th Cir. 1987).

4　　　The State of California and any agency that Plaintiff may be attempting to name in his

5　complaint are asserting their Eleventh Amendment immunity with respect to all of Plaintiff's

6　claims in this litigation.  Plaintiff cannot show that there is any state statute or constitutional

7　provision that expressly provides for suit against the State of California or any of its agencies

8　under Sections 1983, 1985, or 1986.  Plaintiff can point to no such statutes or constitutional

9　provisions for any of his state-law claims or his claim for injunctive relief.  Finally, Plaintiff has

10　not and cannot demonstrate the existence of any federal program for which the State's

11　participation is conditioned on its waiver of Eleventh Amendment immunity with respect to the

12　types of claims stated in Plaintiff's complaint.  Accordingly, there is no possibility of showing

13　consent on the part of the State of California or any of its agencies to suit in federal court for

14　Plaintiff's claims.

15　　　Furthermore, with regard to both the question of Congressional abrogation of Eleventh

16　Amendment immunity for claims under Sections 1983, 1985, and 1986,  the case law firmly

17　establishes that Congress did not intend to eliminate the states' sovereign immunity in passing

18　these statutes.   In the first instance, "Eleventh Amendment immunity has not been abrogated

19　with respect to section 1983 claims."  *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp.

20　1396, 1403 (N.D. Cal. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979); *Alabama v.*

21　*Pugh*, 438 U.S. 781-82 (1978)).  Congress has also not abrogated the states' Eleventh

22　Amendment immunity in enacting Section 1985. *Fincher v. State of Florida Dep't of Labor and*

23　*Employment Sec. Unemployment Appeals Com'n.*, 798 F.2d 1371, 1372 (11th Cir. 1986); *Cohen*

24　*v. Nebraska, Dep't of Admin. Services*, 83 F.Supp.2d 1042, 1046 (D. Neb. 2000).  Despite the

25　apparent absence of any cases expressly making this finding with respect to Section 1986, the

26　same rules should apply to that provision, as nothing in the statute's language shows a

27　Congressional intent to abrogate the states' sovereign immunity.  Furthermore, the Ninth Circuit

28　certainly implied as much when it concluded that the Eleventh Amendment bars claims against

1  the State and its agencies under both Section 1985 and Section 1986. *Cerrato v. San Francisco*

2  *Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994).

3      The rules for analysis of any Congressional abrogation of Eleventh Amendment immunity

4  for Plaintiff's state-law claims are equally clear. The Eleventh Amendment prohibits pursuit of

5  state-law claims against the State or its agencies in federal court, regardless of whether a plaintiff

6  attempts to bring them in isolation or under the Court's supplemental (formerly pendent)

7  jurisdiction. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-974 (9th Cir. 2004); *Sierzega*

8  *v. Ashcroft*, 440 F.Suat2d 1198, 1208 (D. Or. 2006).

9      Plaintiff's claim for injunctive relief rests solely on a citation to Rule 65 of the Federal

10  Rules of Civil Procedure. There is certainly no expression of Congressional intent in Rule 65 to

11  abrogate Eleventh Amendment immunity. To the extent that Plaintiff's invocation of Rule 65 is

12  directly tied to his substantive claims under state law and under Sections 1983, 1985, and 1986,

13  the absence in those provisions of any Congressional abrogation of Eleventh Amendment

14  immunity necessarily applies to Plaintiff's general claim for injunctive relief.

15      For these reasons, all of Plaintiff's claims should be dismissed to protect the immunity from

16  suit afforded to the State of California and its agencies under the Eleventh Amendment.

17                                    **IV.**

18  **PLAINTIFF'S CLAIMS UNDER SECTIONS 1983, 1985, AND 1986 ARE**
   **SUBJECT TO DISMISSAL UNDER FED. R. CIV. PROC. 12(B)(6) FOR FAILURE**
19  **TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

20  **A.    Standards of Analysis on Rule 12(b)(6) Motion:**

21      A Rule 12(b)(6) motion is a challenge to the legal sufficiency of a claim. *Navarro v. Block*,

22  250 F.3d 729, 732 (9th Cir. 2001). In ruling on such a motion, the Court must accept as true the

23  facts alleged in the complaint and must construe the complaint in the light most favorable to the

24  plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995);

25  *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986). Of course, the Court need

26  not presume the truthfulness of conclusory allegations or legal conclusions. *Davis v. Astrue*, 513

27  F.Supp.2d 1137, 1143 (N.D. Cal. 2007). Dismissal is appropriate where there is either a "lack of

28  a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

Case No. 07cv2090 JM (BLM)

1    theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A motion to

2    dismiss under Rule 12(b)(6) must demonstrate beyond doubt that the plaintiff can prove no set of

3    facts that would entitle him to relief.  *Doe v. Hagee*, 473 F.Supp.2d 989, 994 (N.D. Cal. 2007).

4        Here, Plaintiff's claims against the State of California (at times referred to in the complaint

5    as the California Highway Patrol and the California Department of Justice) under Sections 1983,

6    1985, and 1986 suffer from a fatal flaw.  Because the State of California, the California Highway

7    Patrol, and the California Department of Justice are not persons within the meaning of Sections

8    1983, 1985, and 1986, Plaintiff's complaint fails to state a valid claim.

9        The Supreme Court has held that "neither a State nor its officials acting in their official

10    capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

11    (1989).  State agencies are also not persons within the meaning of Section 1983.  Thus, they

12    cannot be sued under that statute.  *Maldanado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004);

13    *Wells v. Board of Trustees of California State Univ.*, 393 F.Supp.2d 990, 995 (N.D. Cal. 2005).

14    Here, there can be no question that the California Highway Patrol and the California Department

15    of Justice meet the definition of State agencies in California Government Code section 11000.

16    Thus, Plaintiff's Section 1983 claims against the State and these two agencies fail as a matter of

17    law.

18        "Person" under Section 1985 has the same meaning as "person" under Section 1983.  If the

19    State or a State agency are not "persons" under the latter provision, then they are also not

20    "persons" under the former provision.  *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp.

21    1396, 1404 (N.D. Cal. 1997) (citing *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.

22    1989)).  Plaintiff's Section 1985 claims must therefore suffer the same demise as his Section

23    1983 claims.

24        The same analysis applies to the Section 1986 claims, as "person" is defined the same in that

25    provision as it is in Sections 1983 and 1986.  *Carmen v. San Francisco Unified Sch. Dist.*, 982

26    F.Supp. at 1405.  In addition, a claim under Section 1986 can only survive if there is a valid

27    claim under Section 1985.  *Id.* (citing *McCalden v. California Library Ass'n*, 955 F.2d 1214,

28    1223 (9th Cir. 1990).  The Court should therefore dismiss Plaintiff's Section 1986 claim along

1   with his Section 1983 and Section 1985 claims.

2                                                  **V.**

3   **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE**

4        While it is generally the case for Rule 12(b)(1) and Rule 12(b)(6) motions that plaintiffs

5   proceeding *pro se* should be afforded leave to amend if defects exist in their original complaints,

6   such leave is properly denied where it clearly appears that the deficiencies cannot be overcome

7   by amendments. *Rhoden v. United States*, 55 F.3d 428, 432 n.9 (9th Cir. 1995); *May Dep't Store*

8   *v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980); *Potter v. McCall*, 433 F.2d 1087,

9   1088 (9th Cir. 1970) (per curiam). Plaintiff cannot possibly cure the defects in the present case,

10  as the State and its agencies have Eleventh Amendment immunity against all of Plaintiff's

11  claims, and Plaintiff can never establish that his federal claims under Sections 1983, 1985, and

12  1986 apply to the State or its agencies. Therefore, his claims against the State of California and

13  its agencies should be dismissed without leave to amend.

14        Dated:  January 2, 2008

15                                        Respectfully submitted,

16                                        EDMUND G. BROWN JR.
                                          Attorney General of the State of California

17                                        KRISTIN G. HOGUE
                                          Supervising Deputy Attorney General
18

19

20                                         /s/Douglas E. Baxter
                                          DOUGLAS E. BAXTER
21                                        Deputy Attorney General
                                          Attorneys for Defendant
22                                        State of California

23

24

25

26

27
    80191127.wpd
28  SD2007803251

                                                                        Case No. 07cv2090 JM (BLM)

                                                  10

# DECLARATION OF SERVICE BY U.S. MAIL

Court Name:   **U.S.D.C., Southern District of California**
Case Name:    **Bailey v. State**
Case No.:     **07cv2090 JM (BLM)**

I, the undersigned, declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 2, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE OF CALIFORNIA'S MOTION TO DISMISS COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266, addressed as follows:

Russo Bailey
864 North 2nd St., #138
El Cajon, CA 92021
Plaintiff In Pro per

# Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

**Cheryl Lynn Brierton**
**E-mail Addresses:**
cheryl.brierton@sdcourt.ca.gov,
pui.tsang@sdcourt.ca.gov,
tammy.vates@sdcourt.ca.gov,
john.blair@sdcourt.ca.gov

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 2, 2008, at San Diego, California.

| Tammy Larson | |
| --- | --- |
| Declarant | Signature |

80192423.wpd