Steven E. Boehmer (#144817)
Carrie L. Mitchell (#221845)
McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY
460 North Magnolia Avenue
El Cajon, California 92020
(619) 440-4444/Fax (619) 440-4907

Attorneys for Defendants: CITY OF EL CAJON and M. BEVAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, SA DIEGO COUNTY, DONNIE DUMANUS, WILLIAM KOLENDER, 25 UNKNOWN POLICE AND SHERIFF DEPUTIES,<br><br>                Defendants. | Case No. 07CV2090 JM (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN**<br><br>Date:        February 1, 2008<br>Time:       1:30 p.m.<br>Courtroom: 16 |

Defendants, CITY OF EL CAJON ("City") and M. BEVAN, respectfully submit the following points and authorities in support of their motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## I.

## INTRODUCTION

Plaintiff's complaint against the City and Officer Bevan arises from his arrest by El Cajon police officers on December 8, 2006. Plaintiff brings five claims for relief against the City and Officer Bevan. The first, second and fourth Claims for relief are brought under 42 U.S.C. section 1983. Plaintiff alleges that he was deprived of freedom and property without due process in his

1

first claim, he was falsely arrested and imprisoned in his second claim, and he was subjected to excessive force which caused damage by loss of his freedom, property, use of property and loss of business in his fourth claim for relief. Plaintiff's third claim for relief is brought under 42 U.S.C. section 1986 against unknown police deputies who allegedly made no attempt to intervene to prevent crimes of civil rights violations. The fifth claim for relief is brought under California Civil Code section 52.1 for violation of the California Constitution. (See Complaint, First through Fifth Claims for Relief.)

Plaintiff was arrested on December 8, 2006 and subsequently plead guilty on May 17, 2007 to California Penal Code section 12025, subds. (a)(1) and (b)(1)) (felon in possession of a firearm) and was subsequently sentenced on June 15, 2007. (See Request for Judicial Notice.) Plaintiff's conviction renders his section 1983 causes of action not cognizable because success would necessarily imply the invalidity of his conviction. Plaintiff further does not state facts sufficient to constitute a cause of action for excessive force under section 1983, section 1986 or California Civil Code section 52.1. The complaint against the City and Officer Bevan should therefore be dismissed in its entirety.

## II.

## PLAINTIFF'S ALLEGATIONS

The factual allegations concerning Officer Bevan and the City of El Cajon appear in the first cause of action of plaintiff's complaint. Plaintiff alleges that on December 8, 2006, Officer Bevan and 15 unknown City of El Cajon police officers falsely arrested him while he was legally parked in a public business parking lot. (Complt. at 3:9-12.) Plaintiff alleges that Bevan and the unknown police officers kidnaped with malicious intent and illegally took plaintiff's property and intentionally damaged his property. (Complt. at 3:18-21.) Plaintiff alleges that Officer Bevan and the unknown officers attempted to murder plaintiff with explosives and poison gas. (Complt. at 3:26-28.) Plaintiff alleges that he was defrauded, robbed of property, kidnaped, car jacked and tortured by all defendants in violation of various sections of the California Penal Code. (Complt. at 5:7-9.)

///

## IV.

## ARGUMENT

### A. THE FIRST AND SECOND CLAIMS FOR RELIEF ARE BARRED BY *HECK V. HUMPHREY*

Plaintiff's first claim for relief is brought under 42 U.S.C. section 1983. Plaintiff alleges that he was damaged by all defendants as a result of deprivation of his civil rights which deprived him of freedom and property without due process. (Complt. at 5:20-21.) In his second claim for relief, plaintiff claims that Officer Bevan and the 15 unknown officers falsely arrested and imprisoned him. (Complt. at 5:27-28.) Plaintiff, however, plead guilty to the conduct which resulted in his arrest and imprisonment and his claims are therefore barred under *Heck v. Humphrey*.

The United States Supreme Court has held that if a judgment in favor of a plaintiff in a 28 U.S.C. section 1983 claim would necessarily imply the invalidity of his conviction or sentence, then his section 1983 claim must be dismissed. (*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372 (1994).) "If a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." (*Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).) As the Supreme Court explained, the relevant question is whether success in a subsequent § 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence. (*Heck*, 512 U.S. at 487; see also *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2003) (as amended) [*Heck* bars suits "based on theories that 'necessarily imply the invalidity of [the plaintiff's] convictions or sentences.'"] (quoting *Heck*, 512 U.S. at 487).)

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." (*Heck v. Humphrey*, 512 U.S. at 487-88.) "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." (*Id.* at 488.)

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

# III.

## AUTHORITY

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. (*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).) A court should not dismiss a complaint, however, for a party's failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80, (1957); see also *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).) In deciding a motion to dismiss, the court should take all allegations of material fact in the complaint as true and construed in the light most favorable to the plaintiff. (*North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).)

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).) However, a court may take judicial notice of matters of public records "without converting a motion to dismiss into a motion for summary judgment." *(MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1984).)

The defendants request that the court take judicial notice minutes of May 17, 2007 and June 15, 2007 in *People v. Russell Lorin Bailey*, Superior Court Case No. SCE267015, and California Court of Appeal Focket Nos. D051309 and D052036. (See Request for Judicial Notice.)

///
///
///
///
///

---

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

1  The *Heck* principle applies to claims that would necessarily imply the invalidity of any
2  conviction that might have resulted form the prosecution of the dismissed charge, including
3  pending charges in addition to actual convictions. (*Harvey v. Waldron*, 210 F.3d 1008, 1013-14
4  (9th Cir.2000).) It applies generally to charges of unlawful or false arrest. (*Cabrera v. City of
5  Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998); *Harvey v. Waldron*, 210 F.3d at 1014-15;
6  see *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir.2006) [*Heck* barred plaintiff's claims of
7  wrongful arrest, malicious prosecution and conspiracy among police officers to bring false
8  charges against him]; *Cabrera v. City of Huntington Park*, 159 F.3d at 380 [*Heck* barred
9  plaintiff's false arrest and imprisonment claims until conviction was invalidated]; *Smithart v.
10  Towery*, 79 F.3d at 952 [*Heck* barred plaintiff's claims that defendants lacked probable cause to
11  arrest him and brought unfounded criminal charges against him.].)

In the present case, plaintiff alleges that on December 8, 2006, he was deprived of freedom and property without due process and he was falsely arrested and imprisoned. Because he plead guilty to the conduct that resulted in his arrest, *Heck v Humphrey* bars plaintiff's section 1983 unless he can show that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff cannot make such a showing at this time as evidenced by his current appeal of the conviction. (See Request for Judicial Notice.) A judgment in favor of plaintiff in connection with these claims would necessarily imply the invalidity of his conviction which has not already been invalidated.

Plaintiff's claims challenging the validity of his arrest, prosecution and conviction fail to state a cognizable claim under § 1983 and therefore must be dismissed.

B. **THE THIRD CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION UNDER 42 U.S.C. § 1986**

Plaintiff's third claim for relief is brought under 42 U.S.C. section 1986(c) which alleges that unknown police deputies did not intervene to prevent crimes of civil rights violations under 18 U.S.C. sections 1964 and 1965. (Complt. at 6:5-9.)

///

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN**

Section 1986 provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS §§ 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action, and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding five thousand dollars damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

(42 U.S.C.S § 1986.)

A cause of action is not provided for under section 1986 absent a valid claim for relief under section 1985. (See *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).) An action under section 1986 is valid only where there is a valid section1985(3) claim. (*Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988).)

Plaintiff has not alleged any facts that would demonstrate the existence of a conspiracy to violate constitutional rights. Plaintiff merely alleges that the unknown officers did not intervene to prevent crimes of civil rights.

Plaintiff alleges relief is sought under 18 U.S.C. sections 1964 and 1965. To the extent plaintiff is attempting to allege a conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, plaintiff has failed to properly allege any substantive RICO violation. (See 18 U.S.C. § 1962, subd. (d); *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).)

To state a civil claim for violation of RICO, a plaintiff must allege conduct of an enterprise through a pattern of racketeering activity causing injury to plaintiff's business or property. (*Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002).) "[T]o show a pattern of racketeering activity, a RICO plaintiff must 'show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" (*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell*

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

*Telephone Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893 (1989).)

Plaintiff's third claim for relief fails to allege any facts to support either a conspiracy claim or a RICO violation. The City and Officer Bevan therefore request that the Court dismiss the third claim for relief against them.

### C. THE FOURTH CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR EXCESSIVE FORCE.

Plaintiff alleges in this fourth claim for relief that the defendants used excessive force for lack of cause which caused him to lose his freedom, property, loss of continued usage of his property and loss of business. (Complt. at 6:17-19.) Plaintiff further alleges that because of false reports and omissions by the defendants, plaintiff suffered substantial humiliation. (Complt. at 6:26-28.) Plaintiff seeks damages for the cost of his vehicle and his loss of freedom. (Complt. at 8:28-9:2.) Plaintiff does not seek damages for personal injuries. (Complt. at 8-9.)

Plaintiff does not allege that the defendant officers actually used force or that he suffered any personal injuries. Plaintiff alleges only a loss of his freedom and property as a result of excessive force. Because plaintiff fails to allege that any force was actually used and that he was injured as a result, his claim under 42 U.S.C. section 1983 for excessive force fails. (See *Finley v. City of Oakland*, 2006 U.S. Dist. LEXIS 6623, 21-22 (D. Cal. 2006) [court dismissed excessive force claim where the only injuries that plaintiff identified were that he was denied his civil liberties when he was arrested and confined, and that due to that arrest and confinement he suffered extreme emotional distress and had to retain an attorney to defend him.])

Further, because of his guilty plea, any loss of freedom as a result of his arrest and conviction is barred by *Heck v. Humphrey*. (See Section A above.)

Plaintiff's fourth claim for relief should be dismissed for failure to state facts sufficient to constitute a cause of action for excessive force.

### D. THE FIFTH CLAIM FOR RELIEF FAILS TO ALLEGE COMPLIANCE WITH CALIFORNIA'S TORT CLAIMS ACT.

Plaintiff's fifth claim for relief alleges violations of the California Constitution recoverable under California Civil Code section 52.1. (Complt. at 7:4-6.) This claim for relief

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

fails because plaintiff has not alleged compliance with California's Tort Claims Act.

The fact that federal civil rights claims under 42 United States Code section 1983 are exempt from the requirements of the Government Claims Act provides no reason to exempt claims under sections 51 and 52.1, despite the similarity of the claims that can be made under the federal and state statutes. (*Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 764 (2002).)

Under the Tort Claims Act, a person may not sue a public entity for personal injury or wrongful death unless he or she first presented a written claim to the public entity within six months following the accrual of the claim and the public entity rejected the claim. (Cal. Gov. Code §§ 911.2, 945.4; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776, 39 Cal. Rptr. 2d 860.) "Compliance with the claims statutes is mandatory and failure to file a claim is fatal to the cause of action." (*City of San Jose v. Superior Court,* 12 Cal. 3d 447, 454, 115 Cal. Rptr. 797 (1974) (internal citations omitted).

Plaintiff's failure to allege compliance with the California Tort Claims Act is fatal to his fifth claim for relief brought under state law and must be dismissed.

## V.

## CONCLUSION

For foregoing reasons, the City and Officer Bevan request that the court dismiss plaintiff's complaint in its entirety against them.

DATED:  January 2, 2008

McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY

By: _____
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendants: CITY OF EL CAJON and M. BEVAN

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN