```
Russo Bailey Plaintiff proSe
864 N. 2nd Street #138
El Cajon CA 92021
Telephone (619)504-5682
```

FILED
08 JAN 18 AM 8:33
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

NUNC PRO TUNC
JAN 15 2008

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)
PLAINTIFF'S
OPPOSITION TO MOTION TO
DISMISS COMPLAINT
BY DEFENDANTS: STATE OF
CALIFORNIA; M. BEVAN;
CITY OF EL CAJON; AND
ALLEN J. PRECKEL.
Hearing: February 1, 2008
Time: 1:30 p.m.
Courtroom: 16
Judge: Jeffrey T. Miller

REQUEST FOR SANCTIONS
F. R. Civ. P. 11 (b) &(b)(1)

NOW COMES PLAINTIFF pro Se in <u>OPPOSITION</u> to Motion to Dismiss Complaint by the Defendants STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; ALLEN J. PRECKEL; CITY OF EL CAJON; and M. BEVAN that have appeared in the entitled action.

    The maxims of jurisprudence (case law) hereinafter set forth are intended not to qualify any of the foregoing provisions of the statutes and codes, but to aid in their just application.

    On the date of January 5, 2008, Plaintiff received Defendant Preckel's motion to

1  dismiss the complaint with prejudiced. On the date of January 10, 2008 plaintiff
2  received California's motion to dismiss complaint. On the date of January 10, 2008,
3  Plaintiff received a motion to dismiss by Defendant City of El Cajon including Defendant
4  M. Bevan. Today's date is January 13, 2008, no other defendants have made appearance
5  in The Entitled Court. To date no defendant has filed an answer to the complaint.
6  Plaintiff will addressed those motions that are before him in this individual document.
7  Defendant:

## JUDGE PRECKEL

(D) Allen J. Preckel is an employee of the State of California.

Plaintiff directs the attention of the court to the first page of defendant motion; MEMORANDUM OF POINTS AND AUTHORITIES In support. heading; SUMMARY, where, defendant (D) PRECKEL, states that plaintiff is "apparent dissatisfaction with the proceedings in his underlining California Court criminal case, wherein Plaintiff pleaded guilty on May 17, 2007, to being a felon in possession of a firearm" (California Penal Code Section 12025 subsection (a)(1) and (b)(1)). (found on lines 8 through ten). This is a falsehood, and SHOULD NOT BE CONSIDERED by The Entitled Court. This is contempt of court. Plaintiff is not on trial for California Penal Code Section 12025 subsection (a)(1) and (b)(1)).

Plaintiff Bailey did not plead guilty to California Penal Code Section 12025 subsection (a)(1) and (b)(1). Plaintiff Bailey plead guilty to PC 12025 (A)(1) and PC 12025 (B)(1)). (See Defendants EXHIBIT C.1 CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT)

Plaintiff Bailey would cite the PC 12025 (A)(1) and PC 12025 (B)(1) if there was such a code, law, statute, but there isn't.

There is however a close resemblance, that of PC 12025 (a)(1) and (b)(1) which states;

(a)A person is guilty of carrying a concealed firearm when he or she does any of the following:   (1)Carries concealed within any vehicle which is under his or her

control or direction any pistol, revolver, or other firearm capable of being concealed upon the person. (b)Carrying a concealed firearm in violation of this section is punishable as follows where the person previously has been convicted of any felony, or of any crime made punishable by this chapter, as a felony.
In this example the chapter is within Part IV of the Penal Code entitled: OF PREVENTION OF CRIMES AND APPREHENSION OF CRIMINALS. It does not declare what degree of crime it is: (misdemeanor or felony or infraction) and it does not have the wording needed to make it a crime. (See California Penal Code §15.)

"A crime or public offence is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon the following punishments: 1. Death. 2. Imprisonment 3. 4. Removal from office; or, 5. Disqualification to hold and enjoy any office of honor, trust or profit in this state."

Since all laws are for all people, this PC 12025 (a)(1) and (b)(1) would make Defendant M. Bevan a police deputy for the City of El Cajon, CA, and all law enforcement officers, and deputies, <u>criminals!</u>

This was the same argument Plaintiff Bailey made to (D) Allen J. Preckel prior to trial in which Bailey as a false defendant in (D) Preckel's court. Bailey as a false defendant also made it very clear that the court of (D) Preckel had not jurisdiction due to time restrains and lack of a complaint by the grand jury, or any person. (D) Judge Preckel did wantonly act outside his jurisdiction, both as an individual and as an administrator of California Department of Justice. Plaintiff did inform, by U.S. Mail, The State of California through Attorney General Edmund G. Brown four months prior to Bailey's guilty plea in Preckel's mock trial, and Plaintiff Bailey did claim damages as a result. Attorney General did fail to act appropriately or respond. Plaintiff Bailey made it very clear to (D) Judge Preckel that at no time has Bailey EVER BEEN A FELON! (D) Judge Preckel and the Attorney Bonnie Dumanis (Defendant herein) has never objected nor oppose this line of reasoning. PC12025 fails on all levels administration and can not be enforce on Bailey.

TITLE 18 U.S.C. § 1621. PERJURY GENERALLY
Whoever--(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully <u>subscribes as true any material matter which he does not believe to be</u>

true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.(June 25, 1948, c. 645, 62 Stat. 773; Oct. 3, 1964, Pub.L. 88-619, § 1, 78 Stat. 995; Oct. 18, 1976, Pub.L. 94-550, § 2, 90 Stat. 2534.)

The Court will take NOTICE that Defendant Preckel, does not produce a copy of the Penal Code 12025 and for a good reason. The Penal Code is not of one that a person can be found guilty, for it is not a common law crime nor a public offence. Plaintiff warned (D) Judge Preckel that He had no jurisdiction and that the lower court criminal case was without merit by way of Plaintiff Bailey's demurrer filed with the lower California Superior Court Eastern Division. Plaintiff Bailey is not nor ever been a felon and that possession of a firearm is not a crime. (D) Judge PRECKEL did not heed this advise and did openly sentence Plaintiff Bailey to a prison term in excess of six months. The Plaintiff now charges (D) Judge PRECKEL with false imprisonment (A felony).

Defendant PRECKEL claims "judicial immunity" and Plaintiff Bailey is not claiming damages on the "out come of the Lower Court judgment." Plaintiff is claiming damages due to the criminal acts of (D) Preckel. The Superior Court for California Eastern Division in El Cajon CA. Where (D) Preckel conducts His business never had jurisdiction over Plaintiff Bailey and therefor any criminal judgment against Bailey is void and unenforceable. To review and study this MOTION of (D) Preckel it is pretentious and a sham in it's entirety.

(D) Preckel claims that He had, "merely ruled in a criminal action properly pending before him." (Page 13; line 11, Motion to Dismiss). False statement, (D) Preckel was well knowing that this was not proper and due to many objections and statutes voiced by (P) Bailey, (D) Preckel could not rule as (P) Bailey was not charged with a crime. No jurisdiction!

No right to "judicial immunity" because the (D) Judge Preckel never had authority nor jurisdiction over Plaintiff Bailey. NEVER! Plaintiff Bailey has never been legally arrested nor legally charged with a crime. EVER! All Defendants know this because

Plaintiff repeatedly made it very clear to each Defendant herein and many other California State and San Diego County employees.

IMMUNITY OF JUDGE
When judge knows he lacks jurisdiction, or acts in face of clearly balanced statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost. Schorle, v. City of Greenhills et al., 524 F.Supp. 821 (1981)

The STATE OF CALIFORNIA DEPARTMENT OF JUSTICE is also liable for damages as the state has declared,

Annotated California Code Government
815.2. (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Plaintiff Bailey is victim of the groundless judicial proceedings instrumented by Defendants; California State Department of Judice; ALLEN J. PRECKEL; M. BEVAN; and BONNIE DUMANIS.

CALIFORNIA Penal Code § 158. **Common barratry defined; punishment**
Common barratry is the practice of exciting groundless judicial proceedings, and is punishable by imprisonment in the county jail not exceeding six months and by fine not exceeding one thousand dollars ($1000).

Notice that all of the recitals in the Defendant's document depends on "case law" not on statute.

The maxims of jurisprudence (case law) hereinafter set forth are intended not to qualify any of the foregoing provisions of the statutes and codes, but to aid in their just application. (emphases added by plaintiff).

Insufficient Service (page 14 of MOTION TO DISMISS i.e. Judge Preckel) "Judge Preckel received the summons in the mail..." states that it "...requires...:" What? In the Judge's motion there is no statement that a requirement is to be met. The Judge also received a court copy of the complaint, another pretentious move from a contemptuous document. (See exhibit "A")

SERVICE was perfected (see exhibit "A") on or about the date of December 10,

2007 as provided by F.R.Civ.P. 4 **(c) Service with Complaint; by Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age.

**(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Plaintiff did in writing inform all defendants on the back side of the summons this form of service and did supply federal forms number Civ-57 and Civl-58 along with prepaid postage on a self addressed envelope.

Defendant;

## STATE OF CALIFORNIA MOTION TO DISMISS

Attorney's KRISTIN G. HOGUE (no state bar number) acting for State of California; a duputy attorney of Attorney General Edmund G. Brown, brings motion to dismiss on grounds that (D) THE STATE OF CALIFORNIA has "Eleventh Amendment immunity" but does not cite to what code, statute or laws that govern. This is a fraudulent statement. Immunity of the (D) State of California has been waived and only applies to subjects of any foreign State. Plaintiff is not a foreign subject.

> ANNOTATED CALIFORNIA CODES GOVERNMENT §945 A public entity may sue and be sued. § 945.4 Statute of Limitations is on public entity not employees.

Defendant STATE OF CALIFORNIA DEPARTMENT OF JUSTICE "A public entity" has no "Eleventh Amendment immunity" this again is a pretense of the laws of this land and contempt of this UNITED STATES COURT whom has jurisdiction. All defendants are subjects of United States and live in the U.S. District of Southern California. Defendant STATE OF CALIFORNIA DEPARTMENT OF JUSTICE does not challenge service of summons and complaint which was the same service as Defendant Judge Preckel.

> 18 U.S.C. § 1001. STATEMENTS OR ENTRIES GENERALLY
> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious of fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

///

Defendant;

### CITY OF EL CAJON, M. BEVAN, MOTION TO DISMISS,

Defendant M. BEVAN is a employee of (D) CITY OF EL CAJON and is the party that is responsible for the conversion of plaintiff's property, aided by 25 unknown police deputies. The (D) unknown police and (D) M. Bevan under FALSE law, statute, ordinance, regulation, and custom, willfully did subject plaintiff an inhabitant of California (any) State to the deprivation of (any) constitutional rights and privileges. These are stated in the complaint. No color of legal authorities.

Defendant's state in their argument that plaintiff is barred under the guidelines of <u>Heck v. Humphrey</u> but there is no mention of any statute. There is no reference to any proper law. Defendant's claim that plaintiff has pled guilty to the conduct at which resulted in his arrest and imprisonment. There is no mention of what conduct that is and if it was forbidden. Plaintiff did not engage in any conduct, at any time, that is in violation of any persons ethical parameters. Bailey did not violate or insult any natural order. This is because the conduct that plaintiff is accused of is no more than to avoid the criminal acts of the defendants. (D) M. Bevan states in His police report that, "Uniformed officers were on an unrelated traffic stop when BAILEY was observed watching them from inside a parked van..." This is what (D) M. Bevan relied upon to arrest, (P) BAILEY.

(P) BAILEY was never charged with criminal acts of "watching." furthermore...

> "...Officers attempted to contact BAILEY, but he did not respond from inside his van. Officers discovered BAILEY was illegally lodging on private property by living in his van in the parking lot during the past several months. A police narcotics detection dog was walked around the <u>exterior</u> of BAILEY's van and alerted to the presence of narcotics <u>inside</u> the vehicle." (Police report 06-019196) (emphases added by Plaintiff).

(P)Bailey was never charged with lodging nor narcotics, because there never was such to be had. No conceivable laws broken. To date no criminal charges or public offences have been accused nor filed with any court against (P) BAILEY.

On the date of December 27, 2006 a Public Defender handed to (P) BAILEY a

fraudulent complaint that lacked any court stamp of filing. The false document did not list any crimes against (P) BAILEY nor was this document signed by any person. This came nineteen days after the false arrest and continuous false imprisonment. It was the first time (P) BAILEY was to appear in a court. This Entitled Court and Attorneys for the Defendants should be aware of the Constitution of California and the violations committed by the Employees of that California Court and are listed here as defendants.

Over the following continuous false imprisonment lasting six months, (P) BAILEY was brought before the California Superior Court Room and each mock hearing failed to charge (P) BAILEY with any criminal activity.

During this period of six months false imprisonment, (P) BAILEY informed the Entitle Court and the California Courts and the Attorney General for California that there was no cause to detain (P) BAILEY. (P) BAILEY also informed the Defendant Kolender that he had no just reason for detaining Plaintiff BAILEY in His jail.

During this false incarceration the damages where escalating to a point that (P) BAILEY would never be able to recover from. It is for these reasons that The Defendants could knowingly coerces without difficulty a guilty plea to just about any false intention of law.

What (P) BAILEY pled guilty to was NOT A VIOLATION of any Code, Law, Statute, or any CRIMINAL ACTIVITY.

(P) Bailey has been and is very aware that the only way to obtain freedom from the kidnappers (defendants) is to tell them that of which they demand.

This MOTION by the Defendants is a contemptuous behavior on the part of defendant's and their attorney.

Defendants claim that "... a 28 U.S.C. section 1983 claim would necessarily imply the invalidity of his conviction or sentence, then his section 1983 claim must be dismissed." (Page 4 lines 11 through 13) Plaintiff has made no Title 28 U.S.C. section 1983 claim. Plaintiff charges all defendants with violations of 18 U.S.C. § 242.

18 U.S.C. § 242. DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

The Defendants that reside in California have denied the return of Plaintiff's property without Plaintiff paying the ransom they demanded. Plaintiff has paid the ransom and has been denied the return of some of the property without cause or ransom.

Plaintiff is entitled to his property without question by the defendants and the State of California recognized this in the statues CALIFORNIA CIVIL CODE PROCEDURE § 3380.

CALIFORNIA CIVIL CODE PROCEDURE § 3380
Specific delivery
Any person having the possession or control of a particular article of personal property, of which he is not the owner, may be compelled specifically to deliver it to the person entitled to its immediate possession.

Plaintiff demands the recovery of his rightful property as the State of California mandates.

The (D) City of El Cajon, employer of Defendant M. Bevan and unknown police deputies are responsible for their employees as the California State mandates.

ANNOTATED CAL. CODES GOVERNMENT 815.2 VICARIOUS LIABILITY.
Injuries by employee within scope of employment; immunity of employee
(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to cause of action against that employee or his personal representative.

CALIFORNIA CIVIL CODE § 3379
Recovery of possession
Judgment for delivery. A person entitled to the immediate possession of specific personal property may recover the same in the manner provided by the Code of Civil Procedure.

CALIFORNIA CIVIL CODE § 3336
Personal property; conversion; presumption

> The detriment caused by the wrongful conversion of personal property is presumed to be:
> First -- The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and
> Second -- A fair compensation for the time and money properly expended in pursuit of the property.

The (D) City of El Cajon, employer of Defendant M. Bevan and (D) unknown police deputies are responsible for their employees who have been stalking Plaintiff Bailey for a period of three years beginning in the year 2004. Plaintiff had complained to the (D) El Cajon City Police that stalking was taking place and name the stalkers Johnson and Elders. The police did retain a complaint and did not act to prevent those (D) police from the criminal acts herein complained. With this in mind and the failure on the part of the Entitled Court, Plaintiff Bailey, under the provisions of California Penal Code 12031 (j)(1). In fear of His life and property, did arm his self.

> <u>California Penal Code 12031 (j)(1)</u>: Nothing in this section is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that the person or property of himself or herself or of another is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property.
> <u>California Penal Code 12026.1(b)</u> The provisions of the section do not prohibit or limit the otherwise lawful carrying or transportation of any pistol, revolver, or other firearm capable of being concealed upon the person in accordance with this chapter.

This is substantiated in the fact that the Defendant M. Bevan did on the date of December 09, 2006, attempted to murder Plaintiff by way of poison gas. This is in the complaint of the entitled case and it has not been denied. Furthermore the Defendants M. Bevan and (D) 25 Unknown Police did carjack, kidnap, false imprison, and arm rob Plaintiff of his personal property, which is still un-denied.

Plaintiff Bailey has also numerous times sought protection from the defendants by way of the State of California and the Federal Bureau of investigation. These services paid for by Plaintiff Bailey where denied every time.

1   Due to the purchase of the services above mentioned, Tax Payer - Plaintiff Bailey
2   has been defrauded and is a violation of CALIFORNIA CIVIL CODE § 3343; which
3   reads:

CALIFORNIA CIVIL CODE § 3343
Fraud in purchase, sale or <u>exchange</u> of property; additional damages
   (a) One defrauded in the purchase, sale or <u>exchange</u> of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction ***, <u>including any of the following:</u>
   <u>(1) Amounts actually and reasonably expended in reliance upon the fraud.</u>
   <u>(2) An amount which would compensate the defrauded party for loss of use and enjoyment of the property to the extent that any such loss was proximately caused by the fraud.</u>

For the above reasons the Plaintiff request that the Entitled Court find the Defendants herein to be in contempt and to rule in favor of Plaintiff's OPPOSITION TO MOTION TO DISMISS COMPLAINT. Also Plaintiff request that in light of the bad faith MOTION TO DISMISS presented by the Defendants: ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, THAT PLAINTIFF BE AWARDED SANCTIONS BY WAY OF COURT ORDER TO PAY PLAINTIFF grant relief and move forward to jury trial.

Plaintiff acting pro se as above argues that the forgoing is to be true and honest this 13th day of January 2008.

_____
Russo Bailey

**EXHIBIT A**

Three U.S. Postal Service Certificates of Mailing (PS Form 3817, Mar. 1989), each postmarked El Cajon, CA 92021, Dec. 10, 07, amount $1.05. Handwritten entries in "Received From" and "One piece of ordinary mail addressed to" fields are illegible.

[illegible] v. California [illegible] US District Court for Southern District of California

07 cv 2090 JM (BLM)

U.S. POSTAGE PAID EL CAJON CA 92021 DEC 10. 07 AMOUNT $1.05 00036011-06

UNITED STATES POSTAL SERVICE

**U.S. POSTAL SERVICE — CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
[illegible]
[illegible]
El Cajon CA 9202[illegible]

One piece of ordinary mail addressed to:
[illegible]
[illegible]
San Diego [illegible]

PS Form 3817, Mar. 1989

U.S. POSTAGE PAID EL CAJON CA 92021 DEC 10. 07 AMOUNT $1.05 00036011-06

UNITED STATES POSTAL SERVICE

**U.S. POSTAL SERVICE — CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
[illegible]
[illegible]
El Cajon CA 92021

One piece of ordinary mail addressed to:
[illegible]
San Diego [illegible]
250 E. Main St.
El Cajon CA 92020

PS Form 3817, Mar. 1989

U.S. POSTAGE PAID EL CAJON CA 92021 DEC 10. 07 AMOUNT $1.05 00036011-06

UNITED STATES POSTAL SERVICE

**U.S. POSTAL SERVICE — CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
[illegible]
[illegible]
[illegible]

One piece of ordinary mail addressed to:
[illegible] San Diego County
District Attorney's Office
250 E. Main St. [illegible]
El Cajon CA 92021

PS Form 3817, Mar. 1989

U.S. POSTAGE PAID EL CAJON CA 92021 DEC 10. 07 AMOUNT $1.05 00036011-06

UNITED STATES POSTAL SERVICE

**U.S. POSTAL SERVICE — CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
[illegible]
[illegible]
El Cajon CA 92021

One piece of ordinary mail addressed to:
[illegible]
100 Fletcher Parkway
El Cajon CA 92021

PS Form 3817, Mar. 1989

Russo Bailey Plaintiff, Pro se
864 N. 2nd. Street #138
El Cajon CA. 92021
Telephone (619)504-5682


Board of Control for the State of California
Claims Division
P.O. Box 1348
Sacramento, California 95812-1348


To: The State of California;


I, Russo Bailey, claim damages resulting in the civil/human rights violations caused by the Department of Justice for California. Claims for damages began in December 09, 2006 and ran continuously to the date of June 15, 2007. Some claims for damages are yet to be resolved.

### STATEMENT OF THE FACTS

I have written to Jerry Brown, Attorney General for California demanding that the Judicial Department cease the criminal acts of false imprisonment going on through the San Diego County Superior Court Eastern Division. No response from Mr. Brown nor the Superior Court located at 250 East Main Street, El Cajon.

The pleadings in this action, I had mailed from jail, where ignored and have not been filed in the criminal action of SCE267015.

The Judge Preckel did, contrary to law and without cause, find guilty and punished Myself for NO CRIME and He refused to provide a SPEEDY TRIAL. Judge Preckel did refuse to dismiss this prima facie miscarriage of Constitutional Rights.

### CLAIM FOR DAMAGES Penal Code §4900

For the 189 days I spent continuously in jail; I claim loss of legal civil suit United States District Court (Southern District 05-cv-2003 Bailey v. E. Duesler et., al). This civil action was for, four million, four thousand two hundred and ninety-nine dollars and no cents ($4,004,299.00). I, as a pro Se, am entitled to attorney fees at three hundred and fifty dollars per hour ($350.00) for each hour I was wrongfully imprisoned. I am entitled to compensation for the loss of freedom and property losses resulting from these criminal acts of California State employees. I Claim money damages totaling five million, five hundred and ninety thousand, and one hundred dollars and no cents ($5,590,100.00) to be paid within 30 days. The sum shall increase thereafter.

To the claim set forth I, Russo Bailey verify, to be true and honest, this:

October 13, 2007


_____
Russo Bailey

Under the respondeat superior principle, a public entity can be liable for an intentional tort committed by its employees if (a) the tort was committed within the scope of employment, i.e., as an integral part of a course of action on behalf of the employer, or (b) the tortious conduct was "foreseeable," i.e., the conduct was not so unusual or startling that it seems unfair to include the loss among other costs of the employer's business, or was typical of, broadly incidental to, or characteristic of the employer's business. See *Alma W. v Oakland Unified School Dist.* (1981) 123 CA3d 133, 139, 176 CR 287, 289 (district not liable for school custodian's sexual assault on pupil even though it took place on school day in custodian's office at school).

When a uniformed police officer kidnapped a woman in his black and white patrol car, his use of the authority "incidental to his duties" subjected his employer to vicarious liability for his intentional torts. *White v County of Orange* (1985) 166 CA3d 566, 571, 212 CR 493, 496 (uniformed officer kidnapped and threatened to rape and kill woman). But see *Mary M. v City of Los Angeles* (review granted July 14, 1988, S005910, reprinted without change to permit tracking pending review at 213 CA3d 1464, 246 CR 487) (city not vicariously liable for police officer's rape of woman while on duty because act was neither incidental to or required by his duties and was not "foreseeable" as that term is defined in the context of the respondea superior doctrine).

**Legal Supplment**

A state or a state official acting in an official capacity is not a "person" within the meaning of 42 USC §1983. *Will v Michigan Dep't of State Police* (June 15, 1989) 109 S Ct 2304, 105 L Ed 2d 45. However, a municipality, municipal employees, and officials are "persons" within the meaning of 42 USC §1983 and, thus, can be liable for civil rights violations under the statute. *Monell v New York City Dep't of Social Servs.* (1978) 436 US 658. See *Ochoa v Superior Court* (1985) 39 C3d 159, 216 CR 661 (when juvenile hall authorities failed to meet an inmate's serious medical need and caused his death by their failure to render treatment, employees and county may be liable under state law for negligent infliction of emotional distress on mother who witnessed son's progressive death and under Federal Civil Rights Act for "deliberate indifference" to inmate's "serious medical needs"); *Adler v Los Angeles Unified School Dist.* (1979) 98 CA3d 280, 288, 159 CR 528, 532; *Knight v Carlson* (ED Cal 1979) 478 F Supp 55, 57 n2 (criticizing holding in *Toscano v County of Los Angeles* (1979) 92 CA3d 775, 784, 155 CR 146, 150, that 42 USC §1983 action could be brought only against individuals); *Graham v City of Biggs* (1979) 96 CA3d 250, 254, 157 CR 761, 763 (alleged failure to protect plaintiff against rape or to pursue accused rapist; see note on this case in Supp §8.20).

### 3. Civil Jurisdiction of District Court.

#### (a) [§53] Federal Question.

Prior to 1980, the U.S. Code provided that a district court had jurisdiction over "all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." (28 USC, §1331.) This provision covered a complex subject matter, which required careful study and analysis of the authorities governing its application. (See generally *Skelly Oil Co. v Phillips Petroleum Co.* (1950) 339 US 667, 70 S.Ct. 876, 94 L Ed 518; *Gully v First Nat. Bank* (1936) 299 US 109, 57 S Ct 96, 81 L Ed 70; 64 Harv. L. Rev. 356; 73 Harv. L. Rev. 1369; 46 Cal. L. Rev. 601, 837; 11 Stanf. L. Rev. 213; 10 Hastings L. J. 388; 24 Hastings L. J. 215 [What Price Jurisdiction? the Jurisdictional Amount in Injunctive Suits Against Federal Officials]; 11 Loyola L.A. L. Rev. 637 [valuation from the defendant's perspective]; 12 ALR 2d 5; 1965 A.S. 226; 1967 A.S. 280; 1969/70 A.S. 495 et seq.; 14 Federal Practice and Procedure (Wright, Miller and Cooper) §3701 et seq.)

The requirement of a monetary value on the amount in controversy was deleted from 28 USC §1331 in 1980. District court jurisdiction now extends to all civil actions arising under the Constitution, laws, or treaties of the United States." (See 9A Am. Jur. 2d, Federal Practice and Procedure §1043; 1 Federal Procedure, Lawyers Edition §1:137 on deletion of the $10,000 sum in cases arising under the Consumer Products Safety Act; see 15 USC, §2072(a); 1 Federal Procedure, Lawyers Edition §1:637.)

**References to Federal Laws and supportive Case Law**

RUSSO BAILEY
864 N. 2nd STREET #138
El Cajon CA 92021
Telephone (619)504-5682

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
  vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)

## DECLARATION OF SERVICE

I, the undersigned declared under penalty of perjury that I am over the age eighteen years and a party to this action; that I served the individuals on the service list attached here to the following documents:
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT BY DEFENDANTS: STATE OF CALIFORNIA; M. BEVAN; CITY OF EL CAJON; AND ALLEN J. PRECKEL. Hearing: February 1, 2008 Time: 1:30 p.m. Courtroom: 16 Judge: Jeffrey T. Miller AND REQUEST FOR SANCTIONS F. R. Civ. P. 11 (b) &(b)(1)**
in the following manner: by placing a copy in a separate envelope, for each address named below, and placing it for collection and mailing with the United States Postal Service, at El Cajon California on the date of: January 14th 2008

SERVICE LIST:

State of California Department of Justice
110 West A Street Suite 1100
San Diego, CA 92186-5266

Attorneys for City of El Cajon and M. Bevan;
McDougal, Love, Eckis, Smith, Boehmer & Foley
460 North Magnolia Avenue
El Cajon, CA 92020

continued

Attorneys for Allen J. Preckel;
Darlene A. Dornan, Cheryl L. Brierton
220 West Broadway
San Diego, CA 92101

executed on January 14th 2008    at El Cajon California

_____
Russo Bailey