1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  KRISTIN G. HOGUE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER, State Bar No. 201351
   Deputy Attorney General
4   110 West A Street, Suite 1100
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone:  (619) 645-2034
    Fax:         (619) 645-2012
7   Email:  Douglas.Baxter@doj.ca.gov

8  Attorneys for Defendant State of California

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| RUSSO BAILEY, | 07cv2090 JM (BLM) |
|---|---|
| Plaintiff, | **REPLY BY DEFENDANT STATE OF CALIFORNIA TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S REQUEST FOR SANCTIONS** |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, SAN DIEGO COUNTY, DONNIE DUMANUS, WILLIAM KOLENDER,  25 Unknown police and sheriff deputies, | Hearing:       February 1, 2008<br>Time:            1:30 p.m.<br>Courtroom:  16<br>Judge:          The Honorable Jeffrey T. Miller |
| Defendants. | |

### I.

### PLAINTIFF ERRONEOUSLY STATES THAT THE STATE'S ELEVENTH AMENDMENT IMMUNITY HAS EITHER BEEN WAIVED OR APPLIES ONLY TO SUITS BY CITIZENS FROM OTHER STATES

In his "Opposition to Motion to Dismiss Complaint by Defendants: State of California; M. Bevan; City of El Cajon; and Allen J. Preckel" [Doc. 14] (hereafter "Pl. Opp'n"), Plaintiff, Russo Bailey, appears to make two arguments against the motion by the State of California (which includes the California Department of Justice and the California Highway Patrol) to

dismiss the complaint.  First, Plaintiff argues that the State of California has waived its Eleventh Amendment Immunity.  Second, Plaintiff contends that such Eleventh Amendment immunity "only applies to subjects of any foreign State." (Pl. Opp'n at 7:6-11.)  Both of these arguments are erroneous.

### A. Plaintiff Offers no Facts or Law to Show that the State has Waived its Eleventh Amendment Immunity

Without citation to any facts, evidence, or law, Plaintiff makes the bare contention that the State and, presumably, the California Highway Patrol and Department of Justice have waived Eleventh Amendment immunity in this case. (Pl. Opp'n at 7:10.)  Generally, a State waives its Eleventh Amendment immunity if it voluntarily invokes a federal court's jurisdiction or if it makes a clear pronouncement that it intends to submit itself to federal court jurisdiction.  *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999).  A state's waiver will only be found """where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.""" *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-306 (1990) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-240 (1985), *superceded by statute on other grounds, as recognized in Lane v. Pena*, 518 U.S. 187, 198 (1996)) (in turn quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

Through this very motion, the State is unequivocally asserting its Eleventh Amendment immunity at its first appearance in the case.  The State has no intent to waive this immunity, and Plaintiff's opposition papers point to no state laws, regulations, or other actions showing a waiver of such immunity for any of Plaintiff's claims.  As state agencies under California Government Code section 11000, the California Highway Patrol and the California Department of Justice stand in the same position as the State with respect to the assertion of and entitlement to Eleventh Amendment immunity in this case.

### B. The Eleventh Amendment Applies to Suits Against the State by Citizens of the Same State

Plaintiff, who is a resident of the State of California, erroneously contends that Eleventh

Amendment immunity "only applies to subjects of any foreign State." (Pl. Opp'n at 7:6-11.) The Eleventh Amendment applies to citizens bringing suits in federal court against the citizen's own State. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472 (1987) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). Accordingly, the State and its agencies are entitled to assert Eleventh Amendment immunity against Plaintiff's claims in the present action, despite the fact that Plaintiff is attempting to sue his own state in federal court.

## II.

### PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD BE DENIED

At the conclusion of his opposition papers, Plaintiff makes a request for sanctions against all Defendants for their "bad faith" motions to dismiss the complaint. He also requests that Defendants be held in contempt. (Pl. Opp'n at 12:10-17) On January 15, 2007, the Court also accepted for filing Plaintiff's separately-captioned Request for Sanctions [Doc. 13]. As the latter document does not include a hearing date, the State of California is uncertain of whether the Court intends to address Plaintiff's request for sanctions at the February 1, 2008, hearing on the motion to dismiss. If the Court decides to hear this request at that hearing, then the State of California submits the following arguments against Plaintiff's requests to hold the Defendants in contempt and for sanctions.

Other than a conclusory allegation that the Defendants' motions to dismiss were filed in "bad faith" (pl. opp'n at 12:10-17), Plaintiff has cited neither law nor facts justifying his request to hold the Defendants in contempt. With respect to the State of California and its agencies, this request is entirely without merit, as these Defendants have proceeded with good-faith arguments for dismissal based on well-supported factual and legal contentions.

For his request for sanctions, he cites rules 11(b) and 11(b)(1) of the Federal Rules of Civil Procedure[1] and California Code of Civil Procedure section 1218. (Pl. Req. for Sanctions at 1-2.) This request is as unmeritorious as Plaintiff's request for a finding of contempt against the State of California and its agencies.

This Court may impose Rule 11 sanctions where an attorney or party presents to the Court a

---

1. All further rule citations are to rule 11 of the Federal Rules of Civil Procedure.

paper that is frivolous or that is submitted for an improper purpose. *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). In evaluating a request for sanctions under Rule 11, the Court must apply a standard of objective reasonableness to determine whether a motion or paper is frivolous or has been filed for an improper purpose. *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). If, when viewed under this standard, the motion or paper is supported by a reasonable foundation in law and fact at the time it was presented, sanctions are not appropriate. *Id.*

The key question in determining frivolousness is whether the motion or paper states an arguable claim. *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988). Defendant State of California's motion to dismiss is undeniably based on an arguable claim for Eleventh Amendment immunity for the State and its involved agencies. In addition, even though Plaintiff did not address the State's other contentions in his opposition papers, the motion to dismiss is also based on an arguable claim that the State and its agencies are not "persons" within the meaning of section 1983 of title 42 of the United States Code. Therefore, the State's motion to dismiss is not frivolous.

The State's motion is also not being presented to the Court for any improper purpose. Under Rule 11, "[a]n improper purpose is a purpose to 'harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d at 1110 (quoting Rule 11(b)(1)). The State, on behalf of itself, the California Highway Patrol, and the California Department of Justice, is seeking to invoke the Eleventh Amendment immunity to which the State and these agencies are undeniably entitled in this case. The State and these agencies are also presenting a well-supported argument that they are not "persons" under Section 1983. As there is nothing improper or harassing in presenting these defenses, Plaintiff is not entitled to sanctions.

### III.

### CONCLUSION

Accordingly, the State of California, on behalf of itself, the California Highway Patrol, and the California Department of Justice, respectfully reiterates the request that Plaintiff's complaint

1 against these Defendants be dismissed without leave to amend.  Furthermore, Plaintiff's request
2 to hold the Defendants in contempt and for sanctions should be denied.
3     Dated:  January 23, 2008

4                                    Respectfully submitted,

5                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

6                                    KRISTIN G. HOGUE
                                     Supervising Deputy Attorney General
7

8                                     /s/Douglas E. Baxter
                                     DOUGLAS E. BAXTER
9                                    Deputy Attorney General
                                     Attorneys for Defendant
10                                   State of California

27 80198435.wpd
   SD2007803251
28

Case No. 07cv2090 JM (BLM)

5