JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230;  Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants Bonnie M. Dumanis (erroneously sued as "Donnie Dumanus") and William Kolender

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; ALLEN J. PRECKEL; CITY OF EL CAJON; M. BEVAN; SAN DIEGO COUNTY; DONNIE DUMANUS; WILLIAM KOLENDER; 25 Unknown police and sheriff deputies, <br><br> Defendants. | No. 07-cv-2090-JM(BLM) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT <br><br> Date:  March 14, 2008 <br> Time:  1:30 p.m. <br> Dept.:  Courtroom of the Honorable Jeffrey T. Miller <br> Trial Date:  None |

## I
## INTRODUCTION

San Diego County District Attorney Bonnie M. Dumanis (erroneously sued as "Donnie Dumanus") and Sheriff William Kolender, in their individual capacities, respectfully move to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that *pro se* plaintiff Russo Bailey ("Plaintiff") has failed to state a claim upon which relief can be granted.  Plaintiff's admitted prior conviction bars his federal civil rights causes of action; moreover, District Attorney Dumanis is absolutely immune from suit for malicious prosecution.  Finally,

07-cv-2090-JM(BLM)

1  Plaintiff's failure to allege timely compliance with the California Tort Claims Act bars
2  his state law causes of action against both District Attorney Dumanis and Sheriff
3  Kolender.

## II

## STATEMENT OF THE CASE

This case arises out of Plaintiff's December 8, 2006 arrest by members of the El Cajon Police Department for violating California Penal Code sections 12025(a)(1) (concealed firearm in vehicle) and 12031(a)(1) (felon in possession of a loaded firearm). On October 31, 2007, Plaintiff filed the instant complaint, alleging federal civil rights violations as well as violations of state law against (among others) District Attorney Dumanis and Sheriff Kolender. The complaint sets forth four "causes of action" and six "claims for relief." Although denominated "causes of action," it appears paragraphs VI through IX of the complaint are more properly viewed as factual allegations supporting the various "claims for relief." The "claims for relief" are as follows:

First Claim for Relief – Deprivation of civil rights as against "all defendants" pursuant to 42 United States Code section 1983 ("Section 1983").[1]

Second Claim for Relief – False arrest against various El Cajon police officers pursuant to Section 1983.

Third Claim for Relief – Failure to prevent conspiracy pursuant to 42 United States Code section 1986(c). Plaintiff does not clearly identify the defendants to whom this claim applies.

Fourth Claim for Relief – Excessive force pursuant to Section 1983. Plaintiff does not clearly identify the defendants to whom this claim applies. Although plaintiff references "this malice [sic] conduct, by the defendants, all…" (Complaint at 6:17-18),

---

[1] Plaintiff's reference to "*Monell*" presumably applies to the municipal agencies named as defendants; Plaintiff identifies the allegedly unlawful policies, customs and practices in his Sixth Claim for Relief. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (municipal agency may be held liable under Section 1983 only when one of its policies or customs causes the constitutional harm of which the plaintiff complains).

1  the only "forceful" conduct described in his complaint is committed by members of the
2  El Cajon Police Department.
3       Fifth Claim for Relief – Violation of California Civil Code section 52.1 (Violation
4  of Civil Rights by means of Threats, Intimidation or Coercion) as against all defendants.
5       Sixth Claim for Relief – Plaintiff sets forth two distinct claims, specifically breach
6  of contract as against the State of California/California Highway Patrol and malicious
7  prosecution as against the County of San Diego/District Attorney Dumanis.
8       With respect to District Attorney Dumanis, Plaintiff alleges that "[o]n the date of
9  December 27, 2006 DONNIE DUMANUS [sic] Filed a false complaint on false
10 contentions with the Superior Court…." (Complaint at 4:16-17.)  Plaintiff later states
11 that he seeks damages based on the District Attorney's "malicious prosecution of
12 plaintiff."  (Complaint at 7:15.)
13      With respect to Sheriff Kolender, Plaintiff alleges that he "did aid DONNIE
14 DUMANUS [sic] in the false criminal action of people versus Bailey, Superior Court
15 case number SCE267015 by false imprisonment and torture from December 09, 2006
16 inclusively to the date of June 15, 2007." (Complaint at 4:19-22.)  This is the only
17 allegation that pertains to Sheriff Kolender.[2]

18                                      III
19                      RELEVANT FACTUAL ALLEGATIONS

20      On December 8, 2006, police officers from the City of El Cajon arrested Plaintiff
21 at an El Cajon parking lot. (Complaint at 3:9-12.)  The San Diego County District
22 Attorney's Office subsequently charged Plaintiff with violations of Penal Code sections
23 12025(a)(1) (concealed firearm in vehicle) and 12031(a)(1) (felon in possession of a
24 loaded firearm). (Complaint at 4:8-9, 16.)  From December 9, 2006 until June 15, 2007,
25
26     [2] Plaintiff also references the San Diego County Sheriff's Department in his *Monell* claim, alleging that it operates "as if it were a para-military organization, thereby promoting attitudes and
27 conduct among the administration and rank and file inconsistent with a civilian police force, thereby depriving members of the public, including plaintiffs, of rights secured by…the United States
28 Constitution."  (Complaint at 8:7-11.)  The purpose of this allegation is not clear, given that Plaintiff does not allege that Sheriff's Department personnel participated in his arrest.

- 3 -
07-cv-2090-JM(BLM)

1  Plaintiff was incarcerated while awaiting trial on these charges. (Complaint at 4:20-22.)
2  Judge Preckel subsequently convicted Plaintiff of these offenses on June 5, 2007 in
3  Superior Court case number SCE267015. (Complaint at 4:25-5:2.)
4        Plaintiff does not allege that his conviction has been reversed on direct appeal,
5  expunged by executive order, declared invalid by a state tribunal authorized to make such
6  determination, or called into question by a federal court's issuance of a writ of habeas
7  corpus. Although Plaintiff's complaint alleges that he "has made claim by U.S. Postal
8  mail and in person, to ALL defendants and was rejected or ignored," (Complaint at 2:18-
9  19), he does not state *when* he submitted his claim with respect to District Attorney
10  Dumanis or Sheriff Kolender.

IV

LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

A motion to dismiss may be granted where there is either a lack of a cognizable legal theory upon which to grant relief or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). The court's review is limited to the allegations of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the non-moving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). However, the court does not have to accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied* 454 U.S. 1031 (1981). When the facts as alleged in the complaint reveal an absolute defense or bar to recovery, a motion to dismiss should be granted. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

///

///

# V
# THE 1ST AND 3RD CLAIMS FOR RELIEF SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE DISTRICT ATTORNEY AND SHERIFF BECAUSE PLAINTIFF FAILS TO ALLEGE HIS PRIOR CONVICTION HAS BEEN INVALIDATED

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has ***not*** been so invalidated is not cognizable under section 1983. Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; it if would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (citation omitted) (emphasis in original).

Wrongful arrest, malicious prosecution and conspiracy to bring false charges are among the claims which necessarily imply the invalidity of a conviction. *Guerrero v. Gates*, 357 F.3d 911, 916-917 (9th Cir. 2004). The fact that a plaintiff is no longer in custody and "thus may not be able to overturn his prior convictions by means of habeas corpus does not preclude *Heck*'s bar." *Id.* at 917.

Plaintiff's First Claim for Relief seeks damages as against "all defendants" for the deprivation of his civil rights pursuant to Section 1983; his Third Claim for Relief seeks damages as against all defendants pursuant to 42 United States Code section 1986(c) for

///
///
///
///
///
///
///

1 their failure to prevent the conspiracy to deprive Plaintiff of his rights.[3]  Plaintiff alleges
2 that the District Attorney "filed a false complaint on false contentions."  (Complaint at ¶
3 VIII.)  Later, Plaintiff states that he seeks damages under state law from the County of
4 San Diego for the "malicious prosecution" carried out by the District Attorney.
5 (Complaint at ¶ XV.)  Plaintiff admits that he was convicted of the charges filed against
6 him by the District Attorney.  (Complaint at 4:25-5:2.)  *Heck* mandates that Plaintiff's
7 First and Third Claims for Relief be dismissed with prejudice with respect to the District
8 Attorney because Plaintiff fails to plead that his conviction has been reversed, expunged,
9 declared invalid, or called into question by the issuance of a writ of habeas corpus.

With respect to Sheriff Kolender, Plaintiff alleges that he "did aid DONNIE
DUMANUS [sic] in the false criminal action of people versus Bailey, Superior Court
case number SCE267015 by false imprisonment and torture from December 09, 2006
inclusively to the date of June 15, 2007."  (Complaint at 4:19-22)  But, as noted above,
Plaintiff admits that he was convicted of the charges against him; to now allege a false
imprisonment claim against Sheriff Kolender "necessarily implies" that this conviction
was invalid.  Again, *Heck* mandates that Plaintiff's First and Third Claims for Relief be
dismissed with prejudice with respect to the Sheriff because Plaintiff fails to plead that
his conviction has been reversed, expunged, declared invalid, or called into question by
the issuance of a writ of habeas corpus.

///
///

---

[3] 42 United States Code section 1986 provides in relevant part:
   "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured…."
   "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (quoting *United Brotherhood of Carpenters and Joiners of America*, *Local 610 v. Scott*, 463 U.S. 825, 850 (1983) (Blackmun, J., dissenting)).
   Because Plaintiff fails to allege a claim for relief under 42 United States Code section 1985, his section 1986 claim is deficient and also may be dismissed on this ground.

## VI

## THE 1ST AND 3RD CLAIMS FOR RELIEF SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE DISTRICT ATTORNEY BECAUSE SHE IS ABSOLUTELY IMMUNE FROM LIABILITY FOR MALICIOUS PROSECUTION

An individual-capacity defendant is entitled to absolute immunity from federal liability under Section 1983 for acting within the scope of her duties in initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Absolute immunity "defeats a suit at the outset." *Id.* at 419.

Prosecutorial immunity serves the same purpose as the immunity of judges and grand jurors acting within the scope of their duties: to protect the judicial process. *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Imbler*, 424 U.S. at 422-23. It allows prosecutors to focus their energies on prosecuting, rather than defending lawsuits. *Burns*, 500 U.S. at 485; *Imbler*, 424 U.S. at 423, 425. It also enables prosecutors to exercise independent judgment in deciding which suits to bring and how to conduct them in court. *Burns*, 500 U.S. at 485; *Imbler*, 424 U.S. at 423-24. It preserves the criminal justice system's function of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit. *Imbler*, 424 U.S. at 426. Finally, it ensures fairness to defendants by enabling judges to make rulings in their favor without the subconscious knowledge that such rulings could subject the prosecutor to liability. *Id.* at 427.

"To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." *Id*. Furthermore, prosecutorial misconduct is deterred, apart from private civil actions, by the threat of criminal prosecution and professional discipline, *Burns*, 500 U.S. at 486; *Imbler*, 424 U.S. at 429, and by prosecutors' accountability to superiors or the electorate.

///

The absolute immunity afforded to prosecutors acting within the scope of their official duties operates to defeat Plaintiff's claims against the District Attorney. The First and Third Claims for Relief should be dismissed with prejudice and without leave to amend with respect to District Attorney Dumanis in her individual capacity.

## VII
## PLAINTIFF'S STATE LAW CLAIMS AGAINST DISTRICT ATTORNEY DUMANIS AND SHERIFF KOLENDER SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE HE FILED A TIMELY CLAIM

"To initiate litigation against a public entity, it is well established that a plaintiff must first file a claim under the claims act." *Poway Unified School Dist. v. Superior Ct.*, 62 Cal.App.4th 1496, 1502 (1998), *review denied*; *see also Torres v. County of Los Angeles*, 209 Cal.App.3d 325, 337 (1989), *review denied* (submission of timely claim to public agency is condition precedent to tort action). Government Code section 945.4 sets forth this "well established" law, providing in pertinent part that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefore has been presented to the public entity…." Cal. Govt. Code § 945.4. The aggrieved party must present its claim to the entity within six months of the accrual of the claim. Cal. Govt. Code § 911.2. Failure to file a timely claim with a public entity also bars subsequent suits against that entity's employees. Cal. Govt. Code § 950.2; *see also Harman v. Mono General Hospital*, 131 Cal.App.3d 607, 613 (1982).

This time limitation is mandatory. *Farrell v. Placer County*, 23 Cal.2d 624, 630 (1944); *see also Phillips v. Desert Hospital Dist.*, 49 Cal.3d 699, 708 (1989) (submission of a claim to a public entity pursuant to section 900 *et seq.* "is a condition precedent to a tort action and the failure to present the claim bars the action"). Like all statutes of limitation, it serves to "protect[] a governmental entity from having to respond to a claim many years after the accrual of the action." *Hernandez v. County of Los Angeles*, 42 Cal.3d 1020, 1030 (1986), *review denied*; *see also Williams v. Mariposa County Unified School Dist.*, 82 Cal.App.3d 843, 850 (1978) (the time limit for filing an application with

a public entity under the California Tort Claims Act is comparable to a statute of limitations). Moreover, it expresses the intent of the Tort Claims Act "not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances…." *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976).

In the instant case, Plaintiff fails to allege that he filed his claim with the County within six months of his alleged malicious prosecution and false imprisonment. Because timely submission of a claim to the County is a condition precedent to any tort action under state law, Plaintiff has failed to state a claim against the County's employees. Plaintiff has not alleged an "essential element" of his claims. *See Wood v. Riverside Gen. Hosp.* 25 Cal.App.4th 1113, 1119-20 (1994). Accordingly, this motion to dismiss should be granted.

## VIII
## CONCLUSION

Because (1) Plaintiff's prior conviction bars his claims pursuant to 42 United States Code sections 1983 and 1986; (2) the District Attorney is absolutely immune from liability for malicious prosecution; and (3) Plaintiff fails to allege timely compliance with the requirements of the California Tort Claims Act, Defendants respectfully request that all of Plaintiff's claims against them be dismissed with prejudice.

DATED: February 7, 2008      Respectfully submitted,

JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants Bonnie M. Dumanis
(erroneously sued as "Donnie Dumanus")
and William Kolender
E-mail: stephanie.kish@sdcounty.ca.gov