Russo Bailey pro se Plaintiff
864 N. 2nd Street #138
El Cajon CA 92021
Telephone (619)504-5682

FILED
08 FEB 29 PM 3:19
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)

OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

Date: March 14, 2008
Time: 1:30 p.m.
Dept.: Courtroom of Hon. J. Miller

REQUEST FOR SANCTIONS
F. R. Civ. P. 11 (b) &(b)(1)

Now comes Plaintiff pro se in opposition to Defendants Bonnie M. Dumanis (erroneously sued as Donnie Dumanus) and William Kolender's Motion to Dismiss.

## AT ISSUE

Plaintiffs pro se response to defendant's motion claiming that plaintiff has failed to state a claim upon which relief can be granted. Defendant <u>Bonnie M. Dumanis</u>: (<u>Complaint 07 CV 2090 page 4 lines 15 to 18</u>) "intentional duress and false imprisonment." "Donnie Dumanus [sic] Filed a false complaint on false contentions..." A malicious prosecution:

>  *Witkin* California Procedure Third Edition; Nature and scope of action. The <u>tort of malicious prosecution</u> consist of instituting or instigating unjustifiable criminal or civil judicial proceedings. Elements of cause of action institution for instigation of the proceedings for example accusation of crime resulting in preliminary hearing before a magistrate or an indictment on the charge. Lack of probable cause. Malice actual ill will or other improper motive.

1  A public entity and individual law enforcement officers (Bonnie M. Dumanis and William
2  Kolender) can be liable for injuries caused by the tortious conduct of those officers. *Munoz v
3  Olin* (1979) 24 C3d 629, 156 CR 727.

4  Pro se plaintiff Russell BAILEY has <u>NOT FAILED</u> to state a claim upon which relief
5  can be granted. Plaintiffs is not barred from federal civil-rights cause of actions and district
6  attorneys are absolutely **NOT IMMUNE** from suit for malicious prosecution involving false
7  imprisonment.

> While government code Section 821.6 immunizes public employees from liability for malicious prosecution even if the employee acts maliciously and without probable cause, an employee can be <u>liable for malicious false Imprisonment</u>, and the entity held liable for malicious acts done within the scope of the employee's employment.

11  Complaint <u>07 cv 2090 page 4 lines 19 to 22</u>, states; Kolender and Dumanus [sic]
12  responsible for false imprisonment...." <u>liable for malicious false Imprisonment</u>." Plaintiff
13  was imprisoned for a period of 187 days, from the date of December 09, 2006 to June 15,
14  2007. At no time was Plaintiff Bailey permitted to Defend Himself in the California Superior
15  Court (El Cajon) from the false charges brought by <u>Bonnie M. Dumanis</u>. Plaintiff repeatedly
16  instructed both Kolender and Dumanus to release (P) Bailey to avoid any civil litigation.
17  Kolender and Dumanus did not respond in any fashion to (P) Bailey's demands.

18  Plaintiff's Federal Civil Complaint <u>07 cv 2090</u> states sufficiently and Defendants
19  Motion to Dismiss is frivolous, engineered to burden both Plaintiff and the Entitled Court.
20  Plaintiff admits that there has been no prior conviction of any nature. This case arises out of
21  plaintiff's claims of kidnap on December 8th 2006 this false arrest by members of defendant,
22  El Cajon City Police department for violating Plaintiff's Constitutional Rights Amendment
23  IV California Penal Code sections 12025 (a)(1) and 12031(a)(1) [sic], Plaintiff was presume
24  to be arrested for PC 12031 (a)(2)(A) "Where the person previously has been convicted of
25  any felony, or of any crime made punishable by this chapter, as a felony." Plaintiff was then
26  charged fraudulently by Defendant William Kolender with one count of PC 12025(B)(1) two
27  counts of PC 12031(A)(2)(A) and held in his jail for $250,000.00 ransom (or violation of
28  Constitutional Rights Amendment VIII) . <u>There is no such  PC 12025(B)(1) nor PC</u>

12031(A)(2)(A). Furthermore these citations referred to are not crimes under California Penal Code but are in Part IV and are known as enhancements supported only by crimes listed in Part I "–OF CRIMES AND PUNISHMENTS." The failure to bring this point to the court by Defendant's counsel is contempt and cause for this court to impose sanctions on Defendants attorneys. Defendants counsel's mockery of procedure is no less an attempt to postpone this trial of collective criminals and the extensive damages that have <u>NOT BEEN DENIED</u> by the defendants all.

Please take notice that on defendants memorandum of points and authorities In support of defendant's motion to dismiss complaint, <u>page 3 lines 20 through 24 and page 4, lines 1 through 3</u> are false in their entirety. Defense counsel states that District Attorney charged plaintiff BAILEY with Penal Code sections 12025 (a)(1) and 12031 (a)(1). District Attorney Bonnie Dumanis did not file a criminal complaint at any time nor was plaintiff BAILEY ever charged with a crime. Plaintiff did numerous times between the dates of December 10, 2006 and June 10, 2007 demand by postal mail to Bonnie Dumanis that the California Superior Court be stopped in it's false pursuit of (P) Bailey. This document motion to dismiss by Stephanie E. Kish has intentionally eliminated all documents that would otherwise support her claims. Each defendant of this civil action has found there individual Penal Code sections to which none can agree in the superior court case brought against plaintiff BAILEY. Defendant's Attorney Stephanie E. Kish has also failed to provide any statues nor laws that support dismissal against Dumanis and Kolender. Defense Attorney makes reference to case law on page 5 of her motion Heck verses Humphrey, where,

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, it expunged by executive order, declared invalid by a state tribunal authorized to make such a determination,..."

Plaintiff BAILEY in this action need not prove that conviction or imprisonment be over turned because plaintiff BAILEY was never charged with a common law crime nor criminal act nor was legally in prison. Bailey's claim against defendants are that plaintiff was

3

1  kidnapped and held for ransom. BAILEY was never legally convicted nor legally sentenced.
2  Therefore Heck verses' Humphrey does not apply in this civil suit. Defendant's Attorney
3  Stephanie E. Kish refers to no less than fourteen citations of case law yet not one law; statute;
4  nor code for which they would support. It is difficult to understand what Defendant's
5  Attorney, Stephanie E. Kish, is undertaking when She use shadows of law to promote
6  substance.

   The maxims of jurisprudence (case law) is intended *not to* qualify any of the foregoing provisions of the statutes and codes, but to aid in their just application.

   The lower court case referred to by defense attorney page 4 of her motion to dismiss line 3 "SCE 267015" was a mock trial where the court never established jurisdiction, therefore plaintiff BAILEY filed with the lower court a "NOTICE OF DISMISSAL BY OPERATION OF LAW". Subsequently Defendant Judge Preckel was informed that he had no jurisdiction over plaintiff BAILEY as a DEFENDANT and that any conviction pronounced was invalid. No objection to BAILEY document and is therefore the Standing resolution to California Superior Court Eastern Division of San Diego County "SCE267015."

   Plaintiff Bailey is victim of the groundless judicial proceedings instrumented by Defendants; California State Department of Judice; ALLEN J. PRECKEL; M. BEVAN; and BONNIE DUMANIS, and carried out by (D) William Kolender.

   Over the following continuous false imprisonment lasting six months, (P) BAILEY was brought before the California Superior Court Room and each mock hearing *failed to charge* (P) BAILEY with any criminal activity.

   During this period of six months false imprisonment, (P) BAILEY informed the Entitle Court and the California Courts and the Attorney General for California that there was no cause to detain (P) BAILEY. (P) BAILEY also informed the Defendant Kolender that he had no just reason for detaining Plaintiff BAILEY in His jail.

   For the above reasons the Plaintiff request that the Entitled Court find the Defendants herein to be in contempt and to rule in favor of Plaintiff's OPPOSITION TO MOTION TO DISMISS COMPLAINT. Also Plaintiff request that in light of the bad faith MOTION TO

DISMISS presented by the Defendants: BONNIE DUMANIS, and William Kolender, THAT PLAINTIFF BE AWARDED SANCTIONS BY WAY OF COURT ORDER TO PAY PLAINTIFF relief and move forward to jury trial.

> CALIFORNIA Penal Code § 158. **Common barratry defined; punishment**
> Common barratry is the practice of exciting groundless judicial proceedings, and is punishable by imprisonment in the county jail not exceeding six months and by fine not exceeding one thousand dollars ($1000).

Plaintiff has complied with a California tort Claims Act on all defendants.

> Haines v. Kerner 404 U.S. 519 (1972)
> Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith.

The instant case herein is covered by **AMENDMENT VII -- SUITS AT COMMON LAW** (kidnap, armed robbery, false imprisonment). The controversy is in excess of $250,000.00.

Defendant's Attorney, Stephanie E. Kish refers many times to Weisbuch v. County of Los Angeles a case that is immaterial. This is not a right to free speech civil action!

> Weisbuch v. County of Los Angeles 119 F.d 778
> Dr. Weisbuch argues that his <u>First Amendment right to free speech</u> was violated by his demotion. We affirm dis-missal of the claim, because Dr. Weisbuch had no right to remain as medical director while insisting on a mode of administering his department contrary to his supervisor's policies. Here, however, the majority has no allegations in the pleadings that might allow adequate analysis specific to Dr. Weisbuch's case or the Department of Health's actual policies and interests. Instead, the majority relies on "unadorned speculation," Hall at 261, and inapposite analogies in reaching the conclusion that "the balance can only come out one way on the averments pleaded." Majority op. at 8162.

This is a false arrest (kidnap) false imprisonment, armed robbery by all defendants each with a agenda to deprive (P) Bailey of liberty, property, and due process of law; all of which is guarantee by CONSTITUTION OF THE UNITED STATES OF AMERICA AMENDMENT IV, and V . "... nor be deprived of life, *liberty*, or *property,...without just compensation.*"

Defendant's Attorney, Stephanie E. Kish refers many times to A. Heck v. Humphrey which reads:

A. Heck v. Humphrey Bars the Majority of Guerrero's § 1983 Claims
[1] Under Heck v. Humphrey, 512 U.S. 477 9 <u>a state prisoner</u> cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 10Heck bars almost all of Guerrero's § 1983 claims because: a judgment in favor of Guerrero on those claims "would necessarily imply the invalidity of his conviction;" he cannot show that his conviction has already been invalidated; and no exception to Heck's bar applies.11 However, Heck does not bar Guerrero's § 1983 excessive force claim, discussed below, because this claim does not "necessarily imply the invalidity

A. Heck v. Humphrey does not address any actions for <u>property losses</u> or false prosecution and most of all the Plaintiff of this action has never been <u>a state prisoner</u>. Plaintiff of this action if not obvious or apparent has in essence, an excessive force claim.

CALIFORNIA CIVIL CODE § 3343
Fraud in purchase, sale or <u>exchange</u> of property; additional damages
 (a) One defrauded in the purchase, sale or <u>exchange</u> of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction ***, <u>including any of the following:</u>
  <u>(1) Amounts actually and reasonably expended in reliance upon the fraud.</u>
  <u>(2) An amount which would compensate the defrauded party for loss of use and enjoyment of the property to the extent that any such loss was proximately caused by the fraud.</u>

There is no exception to this California Civil Code, it applies to all Defendants involved in the fraud of which no defendant has denied by answer to the complaint, therefor it is deemed admitted by all defendants in the instant civil action.

For the above reasons the Plaintiff request that the Entitled Court find the Defendants herein to be in contempt and to rule in favor of Plaintiff's OPPOSITION TO MOTION TO DISMISS COMPLAINT. Also Plaintiff request that in light of the FRIVOLOUS MOTION TO DISMISS presented by the Defendants: WILLIAM KOLENDER and BONNIE DUMANIS, THAT PLAINTIFF BE AWARDED SANCTIONS BY WAY OF COURT ORDER TO PAY PLAINTIFF monetary relief and move forward to jury trial.

 Plaintiff acting pro se as above argues that the forgoing is to be true and honest this 26th day of February 2008.

_[signature]_
Russo-Bailey Plaintiff pro se

6

to the plaintiff. *Hoff v Vacaville Unified Sch. Dist.* (1998) 19 C4th 925, 938, 80 CR2d 811 (school personnel owed neither common law nor Ed C §44807 duty to pedestrian hit by car of student peeling out of school parking lot); *Randi W. v Muroc Joint Unified Sch. Dist.* (1997) 14 C4th 1066, 1076, 60 CR2d 263, (employer's duty to use reasonable care in recommending former employees without disclosing material information bearing on their fitness).

In determining whether a public agency employee owes that duty to someone, courts will consider not only the usual factors but also the extent of the entity's powers, the role imposed on it by law, and the limitations of its budget. *Thompson v County of Alameda* (1980) 27 C3d 741, 750, 167 CR 70, 75 (extent of duty to warn on release of dangerous offender).

Courts have rejected attempts to impose a restricted standard of care on public employees. See *Lugtu v California Highway Patrol* (2001) 26 C4th 703, 718, 110 CR2d 528 (see §4.65); *M.W. v Panama Buena Vista Union Sch. Dist.* (2003) 110 CA4th 508, 518, 1 CR3d 673 (see §1.27A). See Govt Tort Liability §§9.8–9.10.

### §8.6    4. Vicarious Liability for Negligent and Intentional Acts

The vicarious liability of a public entity is not limited to negligent acts or omissions, but includes intentional torts. See *Ramos v County of Madera* (1971) 4 C3d 685, 94 CR 421 (coercion and willful harassment).

A public entity can be liable for an intentional tort committed by its employee if

- the tort was committed within the scope of employment, *i.e.*, as an integral part of a course of action on the employer's behalf; or

- the tortious conduct was "foreseeable," *i.e.*, the conduct was not so unusual or startling that it seems unfair to include the loss among other costs of the employer's business, or was typical of, broadly incidental to, or characteristic of the employer's business.

See *Alma W. v Oakland Unified Sch. Dist.* (1981) 123 CA3d 133

### E. General Immunities

### §8.11    1. Discretionary Acts and Omissions of Public Employees

A public employee is not ordinarily liable for an injury resulting from an exercise of discretion vested in the employee. Govt C §820.2. The employing entity is entitled to the same immunity. Govt C §815.2(b). Section 820.2 provides immunity only for "basic policy decisions," not for acts that are "ministerial," operational, or administrative. *Perez-Torres v State* (2007) 42 C4th 136, 145, 64 CR3d 155 (parole agents' keeping "wrong man" in jail as parole violator after they should have known he was not parolee was ministerial act not protected by Govt C §§820.2, 845.8); *Barner v Leeds* (2000) 24 C4th 676, 685, 102 CR2d 97 (deputy public defender not immunized from legal malpractice liability for failing to ask for informant's identity); *Ma v City & County of San Francisco* (2002) 95 CA4th 488, 492, 115 CR2d 544, disapproved on other grounds at 31 C4th 1184 (city immune from liability for design of its 911 system); *Bohrer v County of San Diego* (1980) 104 CA3d 155, 161, 163 CR 419, 423 (act of increasing patient's drug dosage after notice that patient was abusing drugs was ministerial); *Bonds v State ex rel Cal. Highway Patrol* (1982) 138 CA3d 314, 322, 187 CR 792, 797 (§820.2 is constitutional). See *Ogborn v City of Lancaster* (2002) 101 CA4th 448, 460, 124 CR2d 238 (director of nuisance abatement program immune, but not enforcement officer who forced plaintiffs out of rented house and ordered it to be destroyed by bulldozer).

Discretionary immunity is restricted to basic policy decisions reached at an executive level, as contrasted with ministerial implementation of that policy at lower levels of official responsibility. *Caldwell v Montoya* (1995) 10 C4th 972, 42 CR2d 842 (school board members protected under immunity provision of Govt C §820.2 from charges of race and age discrimination; school board members' determination to replace superintendent was basic governmental policy decision); *Tarasoff v Regents of Univ. of Cal.* (1976) 17 C3d 425, 444, 131 CR 14, 29 (entity and employee therapists not immune from liability for failure to warn patient's prospective victim); *Ogborn v City of Lancaster, supra* (federal doctrine of qualified governmental immunity not extended to state court claim against

Neither Govt C §821.6 nor Govt C §820.4 provides immunity from liability for violation of the state civil rights law, CC §52.1, although they may for defamation and intentional infliction of emotional distress. *Gillan v City of San Marino* (2007) 147 CA4th 1033, 1050, 55 CR3d 158. Provisions immunizing public entities and employees from liability for particular acts may be found in a variety of other statutes. See, *e.g., Ley v State* (2004) 114 CA4th 1297, 8 CR3d 642 (CC §1618 provided complete immunity from liability for injury caused by person placed in community outpatient program for mentally disordered offenders).

### F. Liabilities and Immunities in Specific Functional Areas

#### 1. Police and Correctional Activities

**§8.13    a. Liabilities**

A public entity and individual law enforcement officers can be liable for injuries caused by the tortious conduct of those officers. See, *e.g., Munoz v Olin* (1979) 24 C3d 629, 156 CR 727 (arson investigators negligent in shooting and killing suspect); *Grassilli v Barr* (2006) 142 CA4th 1260, 48 CR3d 715 (CHP officers liable for retaliating against citizen who reported officer's misconduct); *Munoz v City of Union City* (2004) 120 CA4th 1077, 16 CR3d 521 (city vicariously liable for officer's breach of duty of care not to use deadly force in unreasonable manner when officer shot woman armed with knives, but city not liable for direct negligence for actions that did not violate statutory duty; see §8.66 on liability allocations in this case); *Jenkins v County of Los Angeles* (1999) 74 CA4th 524, 88 CR2d 149 (damages recovery for person shot by police officers not barred by CC §3333.3 because section does not apply to causes of action for intentional tort and because there was triable fact issue whether injuries were sustained during immediate flight from commission of felony; see §4.81 for more on Proposition 213). The vicarious liability imposed on a public entity for its employees' wrongful acts does not extend to such employees' superiors absent evidence of their participation in such acts. *Wathan v Merced County Sheriff* (ED Cal 2007) 2007 US Dist Lexis 41850, *13.

The entity is liable for an officer's use of deadly force to effect an arrest, however, only if the plaintiff proves that the officer used

**[2:1205 — 2:1207]**

But "standing" issues may arise where plaintiff claims harm of a "public" nature or plaintiff is an "interested bystander" attempting suit. In such cases, even though plaintiff may have standing under state law, plaintiff's standing to sue must meet the federal requirements below. [See *Doe ex rel. Doe v. Beaumont Independent School Dist.* (5th Cir. 1999) 173 F3d 274, 282—standing not measured by "intensity of the litigant's interest or the fervor of his advocacy"; *Lee v. American Nat'l Ins. Co.* (9th Cir. 2001) 260 F3d 997, 1001-1002—no federal standing because no individualized injury even though defendant's conduct violated state unfair business practices law that allowed plaintiff to sue as "private attorney general" on behalf of public]

a. **[2:1205]  General elements of standing—Article III requirements and "prudential considerations":** The doctrine of standing is comprised of both of constitutional or "Article III" requirements and of "prudential considerations." [*Gladstone Realtors v. Village of Bellwood* (1979) 441 US 91, 99, 99 S.Ct. 1601, 1607; *LaDuke v. Nelson* (9th Cir. 1985) 762 F2d 1318, 1323]

(1) **[2:1206]  Constitutional (Article III) requirements:** To establish "a case or controversy" within the meaning of Article III, plaintiff must show the following as an "irreducible minimum":

- *Injury in fact*: An "injury in fact" which is concrete and not conjectural (¶2:1220);

- *Causation*: A causal connection between the injury and defendant's conduct or omissions (¶2:1237); and

- *Redressability*: A likelihood that the injury will be redressed by a favorable decision (¶2:1243). [*Lujan v. Defenders of Wildlife* (1992) 504 US 555, 560-561, 112 S.Ct. 2130, 2136; *United Food & Comm'l Workers Union, Local 751 v. Brown Group, Inc.* (1996) 517 US 544, 550, 116 S.Ct. 1529, 1533]

(2) **[2:1207]  "Prudential considerations":** In addition to the immutable requirements of Article III, federal courts have adopted a set of prudential principles that bear on the question of standing, including the following:

- Plaintiff's claim must fall within the "zone of interests" sought to be protected or regulated by the statute or constitutional guarantee in question (*see* ¶2:1246 ff.);

---

**[2:1208.6 — 2:1209.1]**

favor "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." [*United States v. Hays* (1995) 515 US 737, 743, 115 S.Ct. 2431, 2435]

**[2:1208.6-1208.9]  Reserved.**

(6) **[2:1208.10]  Standing of any plaintiff sufficient:** If any plaintiff has standing, it satisfies the standing requirement for all coplaintiffs who are proper parties on the same complaint: The "presence of one party with standing assures that (the) controversy before (the) Court is justiciable." [*Department of Commerce v. United States House of Representatives* (1999) 525 US 316, 328, 119 S.Ct. 765, 773 (parentheses added); *Village of Arlington Heights v. Metropolitan Housing Develop. Corp.* (1977) 429 US 252, 264, 97 S.Ct. 555, 563, fn. 9]

(a) **[2:1208.11]  Compare—separate claims joined:** However, where separate claims are joined in the same complaint, at least one plaintiff must have standing on *each* claim joined. [See *Port of Astoria v. Hodel* (9th Cir. 1979) 595 F2d 467, 475-476, discussed at ¶2:1249]

b. **[2:1209]  Distinction between Article III and "prudential considerations":** The distinction between the Article III requirements and the prudential considerations has several practical consequences:

(1) **[2:1209a]  Prudential considerations waivable:** Issues of constitutional standing are jurisdictional and must be considered whenever raised. By contrast, a party waives objections to prudential standing not properly raised before the district court. [*Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.* (9th Cir. 2000) 219 F3d 895, 899]

- **[2:1209b]**  The requirement that plaintiff assert his or her own legal rights rather than rights of a third party (¶2:1207) is a "prudential consideration," not a constitutional standing requirement; it is therefore waived by defendant's failure to raise it in the trial court. [*Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, supra, 219 F3d at 900—Insurance Co. failed to raise defense that Insured's claim belonged to Insured's trustee in bankruptcy]

(2) **[2:1209.1]  Prudential considerations modifiable by Congress:** Unlike the Article III requirements

Ch. 47      FRAUD AND FALSE STATEMENTS      18 § 1001

**1962 Amendment.** Pub.L. 87-420, § 17(d), Mar. 20, 1962, 76 Stat. 42, added item 1027.

**1951 Amendment.** Act Oct. 31, 1951, c. 655, § 25, 65 Stat. 720, substituted, in item 1012, "Public Housing Administration" for "United States Housing Authority".

**1949 Amendment.** Act May 24, 1949, c. 139, §§ 18, 19, 63 Stat. 92, corrected spelling of "1016. Acknowledgement etc.", and substituted "officers" for "offices" in "1019. Certificates by consular officers".

### Cross References

Alien registration, fraud and false statements, see section 1306 of Title 8, Aliens and Nationality.
Carriers' reports to Interstate Commerce Commission, false entries, section 20(7) of Title 49, Transportation.
China Trade, false or fraudulent statements prohibited, see section 158 of Title 15, Commerce and Trade.

## § 1001. Statements or entries generally

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

June 25, 1948, c. 645, 62 Stat. 749.

### Historical and Revision Notes

**Reviser's Note.** Based on Title 18, U.S.C., 1940 ed., § 80 (Mar. 4, 1909, c. 321, § 35, 35 Stat. 1095; Oct. 23, 1918, c. 194, 40 Stat. 1015; June 18, 1934, c. 587, 48 Stat. 996; Apr. 4, 1938, c. 69, 52 Stat. 197).

Section 80 of Title 18, U.S.C., 1940 ed., was divided into two parts.

The provision relating to false claims was incorporated in section 287 of this title.

Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in section 2 of this title.

Words "or any corporation in which the United States of America is a stockholder" in said section 80 were omitted as unnecessary in view of definition of "agency" in section 6 of this title.

In addition to minor changes of phraseology, the maximum term of imprisonment was changed from 10 to 5 years to be consistent with comparable sections. (See reviser's note under section 287 of this title.)

**Canal Zone.** Applicability of section to Canal Zone, see section 14 of this title.

### Cross References

Conspiracy to defraud government in regard to false claims, see section 286 of this title.
Conspiracy to defraud United States, see section 371 of this title.
Education, section as applicable to National Defense Education Program, see section 581 of Title 20, Education.
False claims for pensions, see section 289 of this title.
False claims for postal losses, see section 288 of this title.
False entry or certificate by revenue officer or agent, see section 7214 of Title 26, Internal Revenue Code.
Falsification of postal returns to increase compensation, see section 1712, of this title.
Fraudulent claims, generally, see section 287 of this title.

SACRAMENTO OFFICE
STATE CAPITOL
SACRAMENTO, CA 95814-4900
TEL (916) 445-9781
FAX (916) 447-9008

DISTRICT OFFICES
1870 CORDELL COURT SUITE 107
EL CAJON, CA 92020
TEL (619) 596-3136
FAX (619) 596-3140

27555 YNEZ ROAD SUITE 204
TEMECULA, CA 92591
TEL (951) 676-1020
FAX (951) 676-1030

WWW.SEN.CA.GOV/HOLLINGSWORTH

# California State Senate

**SENATOR
DENNIS HOLLINGSWORTH**
THIRTY-SIXTH SENATE DISTRICT



COMMITTEES
VICE CHAIR
BUDGET AND FISCAL REVIEW

MEMBER OF
AGRICULTURE

BANKING, FINANCE AND
INSURANCE

NATURAL RESOURCES
AND WATER

PUBLIC EMPLOYMENT AND
RETIREMENT

REPUBLICAN WHIP

February 20, 2007

Mr. Russell Bailey -- 6460847
GBDF
446 Alta Road
Suite 5300
San Diego, CA 92158

**Subject: Request for assistance**

Dear Mr. Russell:

Thank you for your recent correspondence with our El Cajon district office. We understand that you are experiencing difficulties with respect to the San Diego County Jail. While our office is always eager to assist our constituents whenever feasible, in your situation, we believe that District Attorney Bonnie Dumanis and her staff would be most appropriate to contact. Our office has taken the liberty of faxing your request to the office and have already placed a requested that they assist you in a timely fashion.

While we regret we are unable to assist you further, we assure you of our confidence that the District Attorney has a most capable and professional staff.

Should you have any additional questions, please feel free to contact Ellen Malin at (619) 596-3136; Ellen.Malin@sen.ca.gov.

Best Regards,

Ellen Malin
*Field Representative*
Senator Dennis Hollingsworth
36th Senatorial District