1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | RUSSO BAILEY,                                    CASE NO. 07cv2090 JM(BLM)

12 |                              Plaintiff,          ORDER GRANTING JUDGE
                                                     PRECKEL'S MOTION TO DISMISS;
13 |                                                 GRANTING STATE OF
                                                     CALIFORNIA'S MOTION TO
14 | vs.                                             DISMISS; GRANTING IN PART
                                                     AND DENYING IN PART CITY OF
15 |                                                 EL CAJON AND M. BEVAN'S
                                                     MOTION TO DISMISS; GRANTING
16 | STATE OF CALIFORNIA DEPARTMENT                  BONNIE DUMANIS AND WILLIAM
     OF JUSTICE; ALLEN J. PRECKEL; CITY             KOLENDAR'S MOTION TO
17 | OF EL CAJON; M. BEVAN; SAN DIEGO               DISMISS; GRANTING LEAVE TO
     COUNTY; DONNIE DUMANUS;                         AMEND; DENYING MOTION FOR
18 | WILLIAM KOLENDER ,                              SANCTIONS

19 |                              Defendants.

20

21         Judge Allan J. Preckel moves to dismiss the complaint based upon principles of

22   absolute judicial immunity; defendant State of California Department of Justice moves

23   to dismiss the complaint based upon Eleventh Amendment principles; defendants City

24   of El Cajon and M. Bevan move to dismiss all claims asserted against them pursuant

25   to Rule 12(b)(6), and defendants Bonnie Dumanis (erroneously sued as Donnie

26   Dumanus) and Sheriff William Kolender move to dismiss the complain pursuant to

27   Rule 12(b)(6).  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision

28   without oral argument.  For the reasons set forth below, the motion of Judge Preckel is

granted with prejudice; the motion of State of California Department of Justice is granted with prejudice; the motion of defendants City of El Cajon and M. Bevan is granted in part and denied in part; the motion of Bonnie Dumanis is granted with prejudice; and the motion of Sheriff Kolender is granted, subject to a further good faith allegation that P:laintiff's state court conviction has been reversed or otherwise invalidated. The court also denies Plaintiff's request for sanctions and grants 20 days leave to amend from the date of entry of this order.

## BACKGROUND

On October 31, 2007 Plaintiff Russo Bailey, prosecuting this civil rights action in forma pauperis and in propria persona, filed a complaint alleging six causes of action against Defendants. On December 8, 2006 Plaintiff alleges that defendant M. Bevan and 15 unknown City of El Cajon police officers falsely arrested Plaintiff while he was parked in a public business parking lot in the City of El Cajon. (Compl. at p.3:9-12). Plaintiff alleges that M. Bevan and the 15 unknown police officers kidnaped Plaintiff, vandalized Plaintiff's car, and "illegally took plaintiff's personal property." (Compl. at p.3:19).

Plaintiff's claims against the State of California Department of Justice arise from allegations that he telephoned 911 and a California Highway Patrol employee responded to the 911 call. Plaintiff alleges that the California Highway Patrol Officer "refused to arrest the City of El Cajon Police officers as they actively vandalized Plaintiff's vehicle and the felonious kidnaping of Plaintiff by the El Cajon Police." (Compl. at p.3:15-17). He also generally alleges that defendant M. Bevan and the 15 unknown police officers "did intentionally attempt to murder Plaintiff with explosives and poison gas." (Compl. at p.3:27-28). Plaintiff also alleges that Bonnie Dumanis filed a false criminal complaint against him and that Sheriff Kolender aided Bonnie Dumanis in filing the allegedly false criminal complaint. (Compl. at p.4:15-22).

Based upon this generally described conduct, Plaintiff alleges six causes of action for (1) municipal liability under Monell; (2) false arrest, false imprisonment, and

1   assault; (3) violation of 42 U.S.C. §1986(c); (4) excessive force; (5) violation of the

2   Unruh Act, Cal.Civ.Code §52.1;   and (6) breach of contract. Plaintiff also seeks

3   injunctive relief to prevent Defendants from disseminating any "bad history of the

4   Plaintiff."  (Compl. at p.8:16-17)

5                                                   **DISCUSSION**

6    **Motion of Judge Allan Preckel**

7        Plaintiff's claims against Judge Preckel relate to Plaintiff's May 17, 2007 guilty

8   plea to being a felon in possession of a firearm in violation of Pen. Code §§12025(a)(1)

9   and (b)(1), and subsequent sentence imposed by Judge Preckel.  Plaintiff generally

10  alleges that Judge Preckel conspired to deprive him of his constitutional rights and that

11  he "falsely convicted Plaintiff Bailey of no crime.[1]"  (Compl. at p. 4:27).  The court

12  concludes that Plaintiff's claims against Judge Preckel are barred by the doctrine of

13  absolute judicial immunity.

14      The doctrine of judicial immunity is particularly broad.  "Judges are immune

15  from damage actions for judicial acts taken within the jurisdiction of their courts."

16  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mireles v. Waco, 502 U.S. 9

17  (1991).

18          A judge will not be deprived of immunity because the action he took was
            in error, was done maliciously, or was in excess of his authority; rather, he
19          will be subject to liability only when he has acted in the 'clear absence of
            all jurisdiction.'
20

21  Stump v . Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted).  Stated another

22  way, the doctrine insulates judges from civil liability for acts committed within their

23  judicial jurisdiction," or "for acts within [their] judicial role," Pierson v. Ray, 386 U.S.

24  547, 554 (1967), or "for their judicial acts."  Bradley v. Fisher, 80 U.S. (Wall.) 335, 351

25  (1871).  Judicial immunity is overcome in only two narrow sets of circumstances.

26          [1] Plaintiff's claim of "no crime" appears to be based on the argument that he pleaded guilty
    to non-existing crimes.  Plaintiff acknowledges that California Penal Code Sections 12025(a)(1) and
27  (b)(1) are crimes.  However, because the criminal minute notes indicate that he pleaded guilty to PC
    12025(A)(1) and PC 12025(B)(1), with capital letters "A" and "B," and not small letters "a" and "b,"
28  Plaintiff concludes that he pleaded guilty to non-existing crimes.  The court rejects this facile
    argument.

First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for action, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12.

Here, Judge Preckel's alleged wrongful conduct occurred during judicial proceedings involving the judicial acts of Judge Preckel in taking Plaintiff's plea and sentencing him according to California law.  The act of presiding over a criminal case is an inherent judicial function.  Consequently, such conduct cannot form the basis for any civil claim because it is protected by absolute judicial immunity.

In sum, the motion to dismiss is granted with prejudice.

**Motion of State of California**

The State of California moves to dismiss the complaint on the ground that the Eleventh Amendment bars federal actions against the State or its agencies.  The State of California Department of Justice, the only  named state defendant, also brings this motion on behalf of the State of California and the California Highway Patrol as these entities are identified in the complaint, but not named as parties.

When a state or one of its agencies is named as a defendant, absent consent to be sued, the Eleventh Amendment provides states with immunity from suit.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1989).  Such immunity from suit also extends to suits for injunctive relief, but not for prospective injunctive relief.  See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 91993).  Here, Plaintiff seeks injunctive relief to cure alleged past damages or harm and therefor comes within Eleventh Amendment immunity.  With respect to the civil rights claims asserted under sections 1983, 1985, 1986, Congress did not intend to eliminate the states' sovereign immunity in passing these statutes.  Quern v. Jordan, 440 U.S. 332, 345 (1979); Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1071 (9th Cir. 2007); Fincher v. State of Florida Dep't of Labor and Employment Sec. Unemployment Appeals Com'n., 798 F.2d 1371, 1372 (11th Cir. 1986).  As the State of California Department of Justice is clearly a state agency, the Eleventh Amendment bars this suit.

1    In sum, the motion to dismiss is granted with prejudice.

2  **Motion of Defendants City of El Cajon and M. Bevan**

3        <u>The First and Second Claims for Relief</u>

4        These Defendants move to dismiss the first claim for municipal liability under

5  <u>Monell</u> and the second claim for false arrest, false imprisonment, and assault on the

6  ground that such claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In

7  <u>Heck</u>, the Supreme Court held that "in order to recover damages for allegedly

8  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

9  unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove

10 that the conviction or sentence has been reversed on direct appeal, expunged by

11 executive order, declared invalid by a state tribunal authorized to make such a

12 determination, or called into question by a writ of habeas corpus." <u>Id.</u> at 486-87.  A

13 claim for damages which bears a direct relationship to the length or validity of a sentence

14 which has not already been shown to be invalid is not cognizable under § 1983.  <u>Id.</u> at

15 487.

16       The Supreme Court has held that even those claims which challenge the validity

17 of a particular procedure, but do not directly attack a conviction, sentence, or its result,

18 are subject to the threshold requirements of <u>Heck</u> since it is often the case that "the

19 nature of the challenge to the procedures could be such as necessarily to imply the

20 invalidity of the judgment."  <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).  Accordingly,

21 "when a state prisoner seeks damages in a § 1983 suit, the district court must consider

22 whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

23 conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff

24 can demonstrate that the conviction or sentence has already been invalidated." <u>Heck</u>, 512

25 U.S. at 487; <u>Edwards</u>, 520 U.S. at 643.  In other words, if a criminal conviction, prison

26 disciplinary hearing or other judgment "arising out of the same facts stands and is

27 fundamentally inconsistent with the unlawful behavior for which the section 1983

28 damages are sought, the 1983 action must be dismissed."  <u>Smithart v. Towery</u>, 79 F.3d

951, 952 (9th Cir. 1996). <u>Edwards</u> makes clear that this reasoning applies to a prisoner challenging a conviction underlying the original sentence. <u>Edwards</u>, 520 U.S. at 645-646; <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996). Thus, to determine whether <u>Heck</u> and <u>Edwards</u> bar a claim for damages arising from a prison disciplinary hearing, the court must examine "not the relief sought, but the ground of the challenge." <u>Miller v. Indiana Dept. of Corrections</u>, 75 F.3d 330, 331 (7th Cir. 1996).

Here, in light of the generalized nature of Plaintiff's allegations, the court cannot determine the precise nature of Plaintiff's claims. With respect to the claim of false arrest, Plaintiff alleges that he was "falsely arrested while Plaintiff was legally parked in a public business parking lot." (Compl. at p.3:11-12). There are no allegations to establish the circumstances of the arrest. Consequently, the court cannot determine whether such allegations run afoul of <u>Heck</u>. Whether or not a judgment in favor of Plaintiff on the false arrest claim necessarily invalidates the felon in possession conviction cannot be determined because there are no allegations that the false arrest and excessive force claims are based upon his arrest for being a felon in possession of a firearm. With respect to the excessive force claim, Plaintiff alleges that M. Bevan "did attempt to murder Plaintiff with explosives and poison gas." (Compl. at p. 3:27-28). As the facts underlying the felon in possession charge are not implicated by Plaintiff's excessive force claim, <u>Heck</u> does not preclude this claim.[2]

In sum, the motion to dismiss the first and second claims under <u>Heck</u> is denied, subject to a further showing that Plaintiff's false arrest or excessive force claims are related to pertinent factual circumstances involving Plaintiff's arrest on the felon in possession charge.

<u>The Third Claim for Violation of §1986</u>

Plaintiff alleges that "unknown police deputies" failed to intervene or to prevent excessive force or false arrest. (Compl. at p.5:5-14). Section 1985 proscribes

---

[2] The court notes that it is unclear whether the false arrest claim is premised upon Plaintiff's arrest on the felon in possession charge. If so, <u>Heck</u> would likely apply.

conspiracies to interfere with certain civil rights; and a claim under this section must allege facts to support the allegation that defendants conspired together. "A mere allegation of conspiracy without factual specificity is insufficient." <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988). Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985. <u>Id.</u>

Here, Plaintiff fails to allege a conspiracy to interfere will his civil rights. Since a §1986 claim is dependent on a §1985 claim, the court grants the motion to dismiss. As the court cannot conclude that there are no reasonable circumstances under which Plaintiff can state a §1986 claim, the court grants Plaintiff 20 days leave to amend from the date of entry of this order.

<u>The Fourth Claim for Excessive Force</u>

Defendants move to dismiss this claim on the ground that Plaintiff has failed to allege that he suffered any personal injuries. Plaintiff alleges that the damages suffered by him on account of the alleged excessive force consist of the "loss of his freedom, property, loss of continued usage of his property and loss of business." (Compl. at p. 6:18-19). As Plaintiff fails to allege any facts constituting excessive force or physical injury in this claim, the court grants the motion to dismiss with 20 days leave to amend.

<u>The Fifth Claim for Violation of the Unruh Act</u>

Defendants move to dismiss this state law claim on the ground that Plaintiff has failed to allege compliance with California's Tort Claim Act. Under the Tort Claims Act, a person may not sue a public entity for personal injury unless a written claim is submitted to the public entity within six months following the accrual of the claim. Cal. Gov. Code §§911.2, 945.4. "Compliance with the claims statutes is mandatory and failure to file a claim is fatal to the cause of action." <u>City of San Jose v. Superior Court</u>, 12 Cal.3d 447, 454 (1974). Consequently, Plaintiff's failure to allege exhaustion of administrative remedies requires dismissal of this claim with 20 days leave to amend.

**Motion of Bonnie Dumanis and Sheriff William Kolender**

Bonnie Dumanis moves to dismiss the complaint on the ground that prosecutorial immunity defeats Plaintiff's claims.  Prosecutorial immunity serves the same purpose as the immunity of judges acting within the scope of their duties: to protect the judicial process.  Burns v. Reed, 500 U.S. 478, 485 (1991).  As the filing of criminal complaints is clearly within the scope of her duties as District Attorney, the court grants the motion to dismiss Bonnie Dumanis with prejudice.

Among other things, Sheriff Kolender moves to dismiss the first and third causes of action asserted against him on the ground that Heck v. Humphrey, 512 U.S. 477 bars these claims.  Claims of wrongful arrest, malicious prosecution, and conspiracy to bring charges are among the claims which necessarily imply the invalidity of a conviction. Guerrero v. Gates, 357 F.3d 911, 916-917 (9th Cir. 2004).  As the allegations against Sheriff Kolender relate to aiding Bonnie Dumanis in filing the allegedly false criminal complaint and false imprisonment, these claims necessarily implicate the validity of Plaintiff's conviction.  Consequently, the court grants the motion to dismiss, subject to a further good faith allegation that Plaintiff's conviction has been reversed or otherwise set aside.

In sum, the court grants the motion to dismiss Bonnie Dumanis with prejudice and grants Sheriff Kolender's motion to dismiss without prejudice and with 20 days leave to amend in order to permit Plaintiff to make a showing that his conviction has been reversed.

**Plaintiff's Motion for Sanctions**

Plaintiff moves for an award of sanctions against Defendants on the ground that their motions are brought in bad faith.  Plaintiff's motion is denied as Defendants' motions have substantial merit.

In sum, the court grants Judge Preckel's motion to dismiss with prejudice; grants State of California Department of Justice's motion to dismiss with prejudice; denies City of El Cajon and M. Bevan's motion to dismiss the first and second claims and grants the

motion to dismiss the third, fourth, and fifth claims with 20 days leave to amend from the date of entry of this order; grants Bonnie Dumanis' motion to dismiss with prejudice and grants Sheriff Kolender's motion to dismiss, subject to a further good faith allegation that Plaintiff's conviction has been reversed or otherwise invalidated. The court also denies Plaintiff's motion for sanctions.

**IT IS SO ORDERED.**

DATED: March 18, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

- 9 -

07cv2090