**NUNC PRO TUNC**

APR 0 8 2008

FILED

08 APR 11 AM 11: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  Russo Bailey Pro se
   864 N. 2nd. Street #138
2  El Cajon, CA 92021
   Telephone (619)504-5682
3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**
9                          **FOR THE**
              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11
   Russo Bailey                          CIVIL No. 07cv2090-JM(BLM)
12      Plaintiff;                       FIRST AMENDED
                                         COMPLAINT FOR DAMAGES;
13            Vs                         CIVIL RIGHTS VIOLATIONS;
                                         DEMAND JURY TRIAL
14
   STATE OF CALIFORNIA                   42 U.S.C.A. §§ 1983, 1985, and
15 DEPARTMENT OF JUSTICE,                1986 (c), 28 U.S.C. § 1331
   ALLEN J. PRECKEL,                     F.R.Civ.P. #38 and #39.
16 CITY OF EL CAJON, M. BEVAN #236,
   SAN DIEGO COUNTY,
17 BONNIE M. DUMANIS,
   WILLIAM, KOLENDER,
18  25 Unknown police, sheriff deputies,
   and employees of the county and state;
19 ADDED DEFENDANTS:
   HERBERT J. EXARHOS,
20 JASON SARGENT #297,
   JAMES BRAI #210,
21 ERIC TAYLOR #157,
                              Defendants.
22

23      Plaintiff, Russo Bailey, in pro per, complains and alleges:

24                              I

25                    JURISDICTION OF PARTIES

26      The Plaintiff, Russo Bailey, is a citizen of the United States of America and a

27 resident of El Cajon, California.

28                              II

        The Defendant, M. BEVAN #236, JASON SARGENT #297, JAMES BRAI #210,

                                                        *original*

1  ERIC TAYLOR #157, and 25 unknowns as individuals, are at all times herein mentioned
2  are believed to be duty appointed, employed and acting POLICE deputies and officers of
3  The CITY OF EL CAJON Police. The CITY OF EL CAJON is at all times herein known
4  to be a "Public Entity," chartered under the State of California and is the RESPONDENT
5  SUPERIOR and part of the SOUTHERN DISTRICT OF CALIFORNIA.
6       DEPARTMENT OF JUSTICE FOR THE STATE OF CALIFORNIA holds court
7  in the name of The State of California. ALLEN J. PRECKEL, and HERBERT J.
8  EXARHOS Preside as judges for the State of California Judiciary and they are residents
9  of the SOUTHERN DISTRICT OF CALIFORNIA.
10      SAN DIEGO COUNTY is a "Public Entity," within the SOUTHERN DISTRICT
11  OF CALIFORNIA. BONNIE M. DUMANIS, is the district attorney for SAN DIEGO
12  COUNTY. WILLIAM KOLENDER, is the Sheriff for the SAN DIEGO COUNTY part
13  of the SOUTHERN DISTRICT OF CALIFORNIA and resides in the same SOUTHERN
14  DISTRICT OF CALIFORNIA
15                               III
16      Each of the acts alleged herein were done by the Police Defendants under the color
17  and pretense of his/her authority and position as an employee and are being sued as
18  individuals. The City of El Cajon is responsible for the Plaintiffs's losses and damages of
19  it's police officers. Each of the acts alleged herein that were done by the DEPARTMENT
20  OF JUSTICE FOR THE STATE OF CALIFORNIA, involved 5 unknown justices within
21  public domains and within the Southern District of California. Plaintiff has made claim by
22  U.S. Postal mail and in person, to ALL defendants and was rejected or ignored.
23                               IV
24      This action involves a federal question arising under the Constitution of the United
25  States, particularly under the provisions of the First, Fourth, Fifth, Seventh, Eighth, and
26  Fourteenth Amendments. This action involves a federal question against the State of
27  California Judiciary arising under the Constitution of the United States Article VI section
28  two that are bound to support the Constitution of United States. This Court has

- 2 -

1  jurisdiction over the All Claims for Relief pursuant to Title 28, United States Code,

2  §1331., and under the authority UNITED STATES CONSTITUTION ARTICLE III.

3  JUDICIAL DEPARTMENT SECTION 2., "...between a State, or the citizens thereof,..."

4  and the case of *Hughes v. Swinehart*, D.C.Pa.1974, 376 F.Supp. 650.

5                                              V

6                                          VENUE

7        Venue exists in the District of Southern California pursuant to Title 18 United

8  States Code, § 1391 (b).

9                                             VI

10        ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11                          FIRST CAUSE OF ACTION

12        On the date of December 08, 2006 the Defendant M. BEVAN #236, JASON

13  SARGENT #297, JAMES BRAI #210, ERIC TAYLOR #157,   and 15 Unknown CITY

14  OF EL CAJON Police did without legal cause, falsely arrested Plaintiff while Plaintiff

15  was legally parked in a public business parking lot for vehicles in the CITY OF EL

16  CAJON in the County of San Diego, California.

17        Plaintiff did telephone the CALIFORNIA EMERGENCY number "911" and a

18  CALIFORNIA Highway Patrol Employee did respond.  This CALIFORNIA Highway

19  Patrol Employee refused to arrest the CITY OF EL CAJON Police as they actively

20  vandalized Plaintiff's vehicle and the felonious kidnaping of Plaintiff by the  EL CAJON

21  Police.

22        Defendant M. BEVAN #236, JASON SARGENT #297, JAMES BRAI #210,

23  ERIC TAYLOR #157,  and 15 Unknown CITY OF EL CAJON Police did, kidnap with

24  malicious intent, and illegally took plaintiff's personal property. Defendant M. BEVAN

25  #236, JASON SARGENT #297, JAMES BRAI #210, ERIC TAYLOR #157, and 15

26  Unknown CITY OF EL CAJON Police did intentionally damaged the personal property

27  of the plaintiff before and after the intentional kidnap and false imprisoned of the

28  plaintiff.

                                          - 3 -

1    Defendant M. BEVAN #236, JASON SARGENT #297, JAMES BRAI #210,

2  ERIC TAYLOR #157, and 15 Unknown police and the CITY OF EL CAJON did cause

3  financial and emotional duress. Defendant M. BEVAN #236, JASON SARGENT #297,

4  JAMES BRAI #210, ERIC TAYLOR #157, and 15 Unknown police and the CITY OF

5  EL CAJON did carjack (Pen. C. §§ 209.5 and 215 felonies) Plaintiff's motor vehicle and

6  was committed with the aid of firearms. Defendant M. BEVAN #236, JASON

7  SARGENT #297, JAMES BRAI #210, ERIC TAYLOR #157, and 15 Unknown CITY

8  OF EL CAJON Police did intentionally attempt to murder Plaintiff with explosives and

9  poison gas (Pen. C. §375 (a) and (d), felony).

10    VII

11    SECOND CAUSE OF ACTION

12  DEPARTMENT OF JUSTICE FOR THE  STATE OF CALIFORNIA ALLEN J.

13  PRECKEL, HERBERT J. EXARHOS and five unknown Judges conspired to deprive

14  Plaintiff of His Constitutional Rights.

15    On the date of December 13, 2006 the state of California, Department of Justice,

16  falsely and with malicious intent, denied plaintiff of His freedom through the criminal

17  acts of Judges known and unknown.

18    On the date of December 13, 2006 the State of California Superior Court, Eastern

19  Division, El Cajon, California, falsely accused Plaintiff with Part IV "PREVENTION OF

20  CRIMES AND APPREHENSION OF CRIMINALS" Penal Code12025(a)(1) and Penal

21  Code 12031(a)(1) in violation of Plaintiff civil rights guaranteed by the United States

22  Constitution and the state of California Constitution known as right to speedy trial. At no

23  time has the Plaintiff BAILEY been charged with a common law crime. Plaintiff

24  BAILEY AT NO TIME WAS IN THE ACT OF "PREVENTION OF CRIMES AND

25  APPREHENSION OF CRIMINALS."

26    VIII

27    THIRD CAUSE OF ACTION

28  SAN DIEGO COUNTY district attorney  BONNIE M. DUMANIS.

- 4 -

1       On the date of December 27, 2006 BONNIE M. DUMANIS Filed a false

2 complaint on false contentions with the Superior Court of California County of San Diego

3 East County Division for the purpose of intentional duress and false imprisonment.

4       WILLIAM KOLENDER did aid BONNIE M. DUMANIS in the false criminal

5 action of people versus Bailey, Superior Court case number <u>SCE267015</u> by false

6 imprisonment and torture from December 09, 2006 inclusively to the date of June 15,

7 2007.

8                                  IX

9                     FOURTH CAUSE OF ACTION

10       HERBERT J. EXARHOS Justice for THE STATE OF CALIFORNIA

11 SUPERIOR COURT at the location of 250 Main Street, El Cajon California, did without

12 cause and contrary to the California and U. S. Constitution, falsely imprison Plaintiff and

13 did extort Plaintiff with a $250,000.00 ransom demand.

14       ALLEN J. PRECKEL, Justice for THE STATE OF CALIFORNIA SUPERIOR

15 COURT at the location of 250 Main Street, El Cajon California, did without cause and

16 contrary to the California and U. S. Constitution, falsely convict Plaintiff Bailey of no

17 crime.

18       On the date of June 05, 2007 intentionally and without contributing negligence by

19 Plaintiff Bailey, ALLEN J. PRECKEL imposed a sentence of punishment and a fine on

20 Plaintiff Bailey contrary to both California State and The United State Constitution.

21       These Mock Judges in a mock trials did not charge Plaintiff with any crime nor

22 gave Plaintiff a chance to respond to nor answer to the mock proceedings.

23       – The plaintiff repeats and re-alleges the allegations of paragraphs I-VIII, as

24 though set forth at length herein.

25       Plaintiff was defrauded, by false pretense, robbed of property, kidnaped, car

26 jacked, and tortured by all Police Defendants known and unknown. (Violations of Pen.

27 C.§183. Conspiracy and Pen. C. §§184; 186.2 (a)(9) &(13)&(14) &(16) &(25))  At all

28 times herein mentioned the Defendants, all, where and are responsible for all damages

1  herein complained of at the times and dates indicated. Plaintiff seeks forfeiture from all

2  defendants under Pen. C. §186.3. (Forfeiture of Criminal Profits).

3       Plaintiff was defrauded, by false pretense under false authorities by HERBERT J.

4  EXARHOS, ALLEN J. PRECKEL WILLIAM KOLENDER, and BONNIE M.

5  DUMANIS with false imprisonment, loss of freedom, and losses of income during the six

6  month false imprisonment.

7       Plaintiff, at no time, has been responsible for any damage, to Defendants, no

8  damage is attributed to Plaintiff by any means of any Defendant.  Plaintiff has not

9  contributed to the cause of damages sustained by Plaintiff.  Plaintiff has at no time

10  committed any crime, public offence or for any reason been cause for the criminal, civil

11  acts of Defendants herein complained.

12                             X

13               FIRST CLAIM FOR RELIEF

14       42 U.S.C. § 1983 - MONELL;  Plaintiff was damaged by all defendants as a result

15  of deprivation of Civil Rights Under Color of Law.  To include and not limited to

16  deprivation of Freedom and Property without Due Process. These are criminal acts charge

17  against Defendants all in violation of TITLE 18 United States Codes sections 241, 242

18  and 1201.

19                          XI

20             SECOND CLAIM FOR RELIEF

21       42 U.S.C. § 1983(c). False Arrest, False imprisonment and Assault.  Plaintiff, as

22  has been alleged, falsely arrested False imprisoned   by Defendants  M. BEVAN #236,

23  JASON SARGENT #297, JAMES BRAI #210, ERIC TAYLOR #157, and 15 Unknown

24  police of El Cajon City  the Constitution of the United States, particularly under the

25  provisions of the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments.

26                          XII

27               THIRD CLAIM FOR RELIEF

28       42 U.S.C. § 1986 (c). The herein and above recited actions of Defendant(s), under

- 6 -

1  color of law are responsible for "the unknown police deputies" that witness the civil rights

2  violations and made no attempt to intervene or to prevent those crimes civil rights

3  violations covered under Title 18 U.S.C. Chapter 13, §§ 241and 242. Relief is sought

4  under 18 U.S.C. §§ 1964 and 1965. These violations are a direct breach of duty. The

5  result is that of which deprived Plaintiff of rights, privileges and immunities secured to

6  him by the Constitution and laws of the United States, guaranteed by the Fifth and

7  Fourteenth Amendment to the Constitution: his right to privacy reserved and retained

8  under the Ninth and Tenth Amendments to the Constitution; and his right to the equal

9  protection, of the laws guaranteed under the Fourteenth Amendment to the Constitution.

10                                              XIII

11                              FOURTH CLAIM FOR RELIEF

12          42 U.S.C. § 1983. Excessive Force. Because of this malice conduct, by the

13  defendants, all, for lack of cause. Bailey (P) has sustained damages by loss of his

14  freedom, property, loss of continued usage of his property and loss of business.

15          At no time has plaintiff done harm to any defendant, nor to any person, nor to any

16  property. The plaintiff has at no time demonstrated disrespect for any person, property or

17  creature. The plaintiff is now and has always been a model citizen. The plaintiff has

18  always respected the law and the people that enforce the law. The plaintiff has never

19  conducted his self in a rude or abusive manner. The plaintiff has never spoken ill of

20  others.

21          Because of the false reports and omissions by the defendants, directed at plaintiff,

22  and because of the public display of the defendants, portraying the plaintiff as a criminal,

23  the plaintiff will continue to suffer significant and substantial humiliation, embarrassment

24  and mental suffering as a result of Defendant's conduct.

25                                              XIV

26                              FIFTH CLAIM FOR RELIEF

27          Constitution of The State of California, Article I Section One. The defendants are

28  in violation of the Constitution of California and is recoverable under one or more of the

- 7 -

1  California Civil Code § 52.1  The above actions of defendants, and each of them, violated

2  civil rights protected by the U.S. and California Constitutions, and guaranteed by

3  C.C. § 52.1.

4  XV

5  SIXTH CLAIM FOR RELIEF

6  Plaintiff seeks relief of damages from the State of California for breach of contract

7  and is real party respondent superior for California Highway Patrol whom witnesses the

8  felonies committed by El Cajon City Police.  Plaintiff seeks relief of damages from the

9  State of California for breach of contract  and is real party respondent superior for Judges

10  HERBERT J. EXARHOS and ALLEN J. PRECKEL

11        Plaintiff seeks relief of damages from the San Diego County as real party

12  respondent superior for the District Attorney BONNIE DUMANIS in the malicious

13  prosecution of plaintiff.

14        Plaintiff seeks relief of damages from the San Diego County as real party

15  respondent superior for the FALSE IMPRISONMENT BY WILLIAM KOLENDER.

16   The County of San Diego as respondent superior under the provisions of the Annotated

17  California Codes; Government §§ 811.2; 811.4; 815.2; 820; and 825, and particularly

18  under the Annotated California Code section 945.

19        1.  Plaintiff charges all the Defendants with the violation of the plaintiffs civil

20  rights by maintaining, enforcing , tolerated and applied a custom, policy and practice of:

21        a. Detaining and/or arresting people without reasonable or probable cause.

22        b. Subjecting plaintiff to unnecessary, unreasonable and excessive force;

23        c. Failing to discipline officers who engage in the use of excessive or unreasonable

24  force;

25        d. Failing to supervise and control officers known, or who reasonably should have

26  been known, to have used unreasonable force;

27        e. Assigning officers known, or who reasonably should have been known, to have

28  violent propensities to duties which enable such officers to continue to use unnecessary

- 8 -

1  force;

2      f. Conducting or failing to conduct investigations of reported officer misconduct in

3  such a manner as to conceal officer culpability;

4      g. Fostering and tolerating a code of silence among the ranks such that officer

5  misconduct is allowed to go unpunished and continue, even though witnessed by other

6  officers;

7      h. Operating the El Cajon City Police Department and San Diego County Sheriff

8  Department as if it were a para-military organization, thereby promoting attitudes and

9  conduct among the administration and rank and file inconsistent with a civilian police

10  force, thereby depriving members of the public, including plaintiffs, of rights secured by

11  the first fourth and fourteenth amendments to the United States Constitution.

12                          XVI

13                   INJUNCTIVE RELIEF

14      F.R.Civ.P. #65. Plaintiff request that the entitled court grant PERMANENT

15  INJUNCTIVE RELIEF that prevents the defendants in any way, reporting any and all

16  information connected with this action or any illegal information suggesting bad history

17  of the plaintiff to any other person or organization, or electrical data storage devise.

18      Plaintiff request that the entitled court grant PERMANENT INJUNCTIVE

19  RELIEF that prevents the California Superior Court from further damages against

20  Plaintiff by the judgment and fines levied in the criminal case of:  SCE267015.

21                          XVII

22                   REQUEST TO AMEND

23      Plaintiff, request that permission to amend complaint be granted upon the

24  discovery of The TRUE NAMES OF THE UNKNOWN DEPUTIES AND JUDGES;

25  THE DIRECT SUPERVISORS; and any additional defendants that come to light through

26  discovery.

27                          PRAYER

28      WHEREFORE, Plaintiff demands judgment:

1        1. For cost of damages to vehicle at $10,999.00.

2        2. Awarding Plaintiff general and special damages for cost of VEHICLE

3    substitution, 187 days at $75.00/day.  Total $14,025.00.

4        3. Loss of freedom; $250,000.00

5        4. Cost of criminal defense in the action Superior Court for California; People v.

6    Bailey Case No. SCE267015; damages are still on going;

7        5. Deletion of criminal action Case No. SCE267015 from Superior Court for

8    California; *People v. Bailey*;

9        6. For the cost of this action and the cost of this Court, to include attorney fees.

10       7. For punitive and exemplary damages of One Million two hundred thousand

11   Dollars ($1,200,000.00) from each individual defendant as their role in the criminal acts

12   of malice toward the Plaintiff.

13       8. For other and further relief as is just.

14       9. Loss of business, 187 days at $350.00/hour; total $1,570,800.00.

15   DATED this, _fourth_ day of _April_ 2008

16

17   _____

18   Russo BAILEY PRO SE

19

20                     DEMAND FOR JURY TRIAL

21       Plaintiff hereby demands trial by jury on all issues triable to a jury, PROVIDED

22   BY THE VII AMENDMENT OF THE CONSTITUTION, and F.R.Civ.P. #38 AND #39.

23   DATED this _fourth_ day of _April_ 2008

24

25   _____

26   Russo BAILEY PRO SE

27

28