Russo Bailey
864 N. 2nd Street #138
El Cajon CA 92021
Telephone (619)504-5682

FILED

08 APR 11 AM 11: 23

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY

**NUNC PRO TUNC**

APR 0 3 2008

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
            Plaintiff,
    vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
            Defendants.

CIVIL No. 07cv2090 JM (BLM)

IMPEACHMENT OF COURT'S
ORDER GRANTING JUDGE
PRECKEL'S MOTION TO
DISMISS; GRANTING STATE OF
CALIFORNIA'S MOTION TO
DISMISS; GRANTING IN PART
AND DENYING IN PART CITY
OF EL CAJON AND M. BEVAN'S
MOTION TO DISMISS;
GRANTING BONNIE DUMANIS
AND WILLIAM KOLENDAR'S
MOTION TO DISMISS;
GRANTING LEAVE TO AMEND;
DENYING MOTION FOR
SANCTIONS:

Plaintiff's attacks and impeaches the entitled court's order to:

DISMISS IN PART AND IN FAVOR OF defendants Bonnie M. Dumanis and William

Kolendar's [sic], the motion to dismiss dated March 5, 2008 with a court ruling on date of

March eighteenth 2008.

Plaintiff submitted objections to defendants EXHIBIT "A" on March 13, 2008 and

served on that date personally to the entitled court as the defendants exhibit "A" is fraud and

intended to trick with willful false pretense. The objection was served to defendants by U.S.

Postal Mail March 18th, 2008. No rebuttal from any defendants.

Plaintiff provides the laws and statues that disqualify the entitled court's order.

REVERSIBLE ERRORS OF THE ENTITLED COURT

**Motion of Judge Allen Preckel:**

Page 3 lines 14 through 17 of the entitled Court's ORDER dated March 18, 2008 state that;

"The doctrine of Judicial immunity is particularly broad. Judges are immune from damage

actions for judicial *acts* taken within the jurisdiction of their courts."

> ANNOTATED CAL. CODES GOVERNMENT 820  EMPLOYEE
> LIABILITY
> (a) Except as otherwise provided by statute (including Sec. 820.2) a public
> employee is liable for injury caused by his *act* or omission to the same extent as a
> private person.
> (b) The liability of a public employee established by this part (commencing
> with Section 814) is subject to any defenses that would be available to the public
> employee of he were a private person.

Immunity has been overruled by the employer, State of California!

Because of Plaintiff's declaration that he had never been accused of nor charged with a

common law crime, it is obvious that Judge PRECKEL  had no jurisdiction over BAILEY at

any time. ANNOTATED CAL. CODES GOVERNMENT 820.4  Employee is not liable for

[an] act or omission if he takes due care {[1]} in the execution or enforcement of ANY LAW.

During a mock proceeding held in the California Superior Court for San Diego

County Eastern Division Judge Perckel (approximately June 15, 2007)  declared that

BAILEY was guilty of California Penal Code section 12025 (A)(1) of which there is no such

penal code section.

This Entitled Court has determined that this act of Judge Perckel in fact does not

require precision, leaving the question as to how many people are incarcerated on false

pretense.

Precision in the administration of law is an unequivocal condition. This entitled Court

believes that slipshod legal work much less ignorance of the law is only tolerated amongst

lawyers and judges. For the Entitled Court and the instant civil case informs the Entitled

judge that California Penal Code sections 12025 (a)(1) and (b)(1) is not a criminal law nor

---

[1] Precision is required here by law

2

1 binding statute; or congressional act; inasmuch as it is not within the perimeters of <u>California</u>

2 <u>Penal Code section 15</u>: (Please note the following)

3     A crime or public offense is an act committed or omitted in violation of a law
forbidding or commanding it, and to which is annexed, upon conviction, either of the

4     following punishments
    1. Death.

5     2. Imprisonment.
    3. Fine.

6     4. Removal from office; or,
    5. Disqualification to hold and enjoy any office of honor trust or profit in this state.

7

8     <u>Court's ORDER stating on page three</u>; foot note (1) one "Plaintiff acknowledges that

9 California Penal Code sections 12025 (a)(1) and (b)(1) are crimes." This is false, at no time

10 has Plaintiff acknowledge that Penal Code 12025 (a)(1) and (b)(1) is a crime. Part 4 0f

11 California Penal Code beginning with Section 11006 through 14315 is entitled <u>prevention of</u>

12 <u>crimes and apprehension of criminals</u>. There is no presumption that a person could ever be

13 arrested for nor charged with the <u>PREVENTION OF CRIMES OR THE APPREHENSION</u>

14 <u>OF CRIMINALS.</u> It is unconscionable. This false accusation by the entitled Court is cause

15 for impeachment. This Court knows or should know that Penal Code sections 12025 cannot

16 be charged as criminal activity.

17     This entitled court believes that a crime has been committed under PC 12025 (a)(1)

18 although the (P) Bailey was never charged nor judged guilty of this Penal Code, <u>BUT</u> had the

19 (P) Bailey properly been convicted it would not stand as a conviction;

20     PC 12025 (a) A person is guilty of carrying a concealed firearm when he or she does
any of the following. (1)Carries concealed within any vehicle which is under his or

21     her control or direction any pistol, revolver, or other firearm capable of being
concealed upon the person.

22

23     Observing that all laws are for all people this would consummate that the police at all

24 levels would be guilty of what ? The artificial felony that (P) Bailey was charged with in the

25 lower California Superior Court; <u>criminal action SCE267015.</u> The entitled court please note

26 that PC 12025 (a)(1) does not declare

27     " ..<u>[A]n act committed or omitted in violation of a law forbidding or commanding it,
and to which is annexed, upon conviction, either of the following punishments 1.</u>

28     <u>Death. 2. Imprisonment. 3. Fine. 4. Removal from office; or,</u>

3

5. Disqualification to hold and enjoy any office of honor trust or profit in this state."

It is further noted that a court, (state or federal) or a justice of any caliber has found or declared California Penal Codes 12025 inclusive to be in fact, a common law crime.

Without this requirement no judge can or ever will have jurisdiction.  With No jurisdiction it is adjudicated there is NO ABSOLUTE IMMUNITY.

ANNOTATED CAL. CODES GOVERNMENT 820  EMPLOYEE LIABILITY
        (a) Except as otherwise provided by statute (including Sec. 820.2) a public employee is liable for injury caused by his act or omission to the same extent as a private person.
        (b) The liability of a public employee established by this part (commencing with Section 814) is subject to any defenses that would be available to the public employee of he were a private person.

**Also** ANNOTATED CAL. Government  820.2.

Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Plaintiff agrees with ANNOTATED CAL. Government Code 820.2 so long as the discretion vested in him does not include the criminal act of Kidnap or false imprisonment. Please take note that plaintiff has not made allegations challenging the judge's discretion but in fact claims damages resulting from judges criminal behavior.

        ANNOTATED CAL. Government Code 820.21.  (a) Notwithstanding any other provision of the law, the civil immunity of .... ...other public employees authorized to initiate or conduct investigations or proceedings pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code shall not extend to any of the following, if committed with malice:
        (1) Perjury.
        (2) Fabrication of evidence.
        (3) Failure to disclose known exculpatory evidence.
        (4) Obtaining testimony by duress, as defined in Section 1569 of the Civil Code, fraud, as defined in either Section 1572 or Section 1573 of the Civil Code, or undue influence, as defined in Section 1575 of the Civil Code.
        (b) As used in this section, "malice" means conduct that is intended by the person described in subdivision (a) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in subdivision (a) with a willful and conscious disregard of the rights or safety of others. *False arrest or false imprisonment is an act of malice.*

///

4

**Motion of state of California:**

"When a state or one of its agencies is named as a defendant, absent consent to be sued, the Eleventh Amendment provides states with immunity from suit." (Quote from Entitled Court's ORDER, Page 4 lines 16 through 18:)  This Court knows or should know that California state has waived immunity to be sued, it will be found in the Constitution of California Article III section 5.  "Suits may be brought against the state in such manner and in such court as shall be directed by law."

ANNOTATED CAL. CODES GOVERNMENT §945 A public entity may sue and be sued.

The Eleventh Amendment *DOES NOT* BAR THIS SUIT.

Justification for **IMPEACHMENT OF COURT ORDER** *i.d.*

**Motion of defendants City of El Cajon and M. Bevan**

This entitled court refers to Heck v. Humphrey 512 U.S. 477 (1994) . Which ...addresses unconstitutional conviction or imprisonment.  Plaintiff does not claim that an unconstitutional conviction, sentence with imprisonment took place.  At No time has a trial taken place and at no time has Plaintiff been charged with a crime.  No unconstitutional conviction took place no valid judgment from the state court.  It is impossible to have happen as the lower court never obtained jurisdiction.  Plaintiff claims Kidnap and false imprisonment took place.  Reference to court decisions (Heck v. Humphrey 512 U.S. 477 (1994)) does not create binding statute; is not a congressional act; or binding law.  Plaintiff Bailey has appealed the lower court judgment and filed a writ of habeas corpus, they are undecided and are being thrown around between courts, in an effort to delay justice.  "...justice delayed is justice denied."

Cause for impeachment.  The lower court judgment in fraud, along with mock tribunals need not be shown to be "..invalidated," for the simple reason that without denial of the claims by (P) Bailey, that the lower court has not declared the (P) Bailey to be in violation of any common law crime. *EVER*! Bailey as a defendant was never charged with a crime, he was not taken into open court and immediately served with a complaint. (violation of Cal Const. Art. I §14):

5

1    Cal Const. Art. I §14):

2        Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information.

3        A person charged with a felony by complaint subscribed under penalty of perjury and on file in a court in the county where the felony is triable shall be taken without

4        unnecessary delay before a magistrate of that court. The magistrate shall immediately give the defendant a copy of the complaint.

5

6    The Plaintiff Bailey as a defendant has not been indited, ever, no examination by any person

7    has taken place, ever. Plaintiff has not been charged with a felony , _ever_, or any

8    misdemeanor or public offence, _ever_. It has been over a year and four months, since the

9    kidnaping and false imprisonment of (P) Bailey by **City of El Cajon and M.  Bevan,** with no

10   criminal complaint directed at Bailey, from any person at anytime.  There is nothing to

11   invalidate. (See ORDER of entitled court page -5- line 20)  Reference to Edwards v.

12   Balisok, 520 U.S. 641 (1997) and (See ORDER of entitled court page -5- line 28) Smithart v.

13   Towery, 79 F.3d 951, 952 (9th Cir. 1996) and many other court rulings , without actual

14   quotes, leads the Plaintiff to believe this is a court induced smoke screen. "Prisoner

15   challenging a conviction?"  "...damages arising from a prison disciplinary hearing?"  What

16   does this have to do with the kidnap and torture, false imprisonment, carjack, armed robbery

17   committed by the defendants?  Plaintiff has never had damages resulting from a disciplinary

18   hearing, nor is the plaintiff challenging any thing other than this entitled court competency.

19       Example.  Page 6 lines 7 and 8:  entitled court "ORDER"... "the court can not

20   determine the precise nature of Plaintiff's claims."  Then the court quotes complaint "falsely

21   arrested" (that's kidnap in legal terms no kid was involved).  Loss of freedom is central to the

22   damages of income and constitution cause for not only monetary relief but also cause to take

23   the perpetrator onto life long imprisonment. Title 18 U.S.C. §1201 (kidnap).

24       Example.  Page 6 lines 10 and 11:  entitled court "ORDER" "There are no allegations

25   to establish the circumstances of the arrest."  What arrest?  Is this court speaking of a legal

26   arrest?  No such thing took place and there is no mention of any such incident, by any party

27   of this action nor by any person of any court proceeding.  Is this court speaking of a legal

28   cause that may or may not caused Defendant M. Bevan to abduct Bailey?  No there is not and

1    if the entitled court will show some restraint it will be presented in court at trial, that the

2    Defendant **M. Bevan** could not produce a legitimate reason, nor did He attempt to, when

3    questions by Plaintiff and his supervisor. In retrospect **M. Bevan** has not produce a

4    legitimate reason for His behavior to date. *Supra*. Penal Code 12025 (?)(?) That evidence

5    concealed by defendants attorney would be the police report filed with the City of El Cajon

6    where Mr. Bevan wrights out a police report that He saw Bailey " staring" at Him (Mr.

7    Bevan). This was the breaking point where Mr. Bevan admits He began His MALUM IN SE

8    by smashing and destroying plaintiffs vehicle. The other defendants, all, believe Mr. Bevan

9    had produce a legitimate reason for tortfeasor Bevan and unknown gangsters (25 Unknown

10    police and sheriff deputies) to commit a six hour aggression holding plaintiff hostage with

11    numerous attempt on plaintiff's life. Plaintiff also has physical evidence supporting that M.

12    Bevan and His gangsters, had been stalking Bailey over a two year period. "Conspiracy to

13    interfere will his civil rights" "ORDER" of the entitled court page 7 lines 8 and 9. Dated

14    3/18/2008: Does this court really need to circumvent trial and cheat Plaintiff of His rights?

15    Example. Page 7 lines 13 through 19: entitled court "ORDER"

16    "Excessive Force" "...plaintiff fails to allege any facts constituting excessive force or

17    physical injury in this claim,..." Plaintiff spent six months in a dungeon (Mr. Kolender's

18    dungeon) where each and every minute was torture, both physical and mental. The likes of

19    which will torment all the remaining days of Plaintiff. There is also a legal injury.

20    A Motion of Bonnie Dumanis and Sheriff William Kolender:

21         "As the filing of criminal complaint is clearly within the scope of her duties as

22    district attorney, the court grants the motion to dismiss Bonnie Dumanis with prejudice."

23    Where and when did Bonnie Dumanis file a criminal Complaint? Plaintiff has yet to be

24    served with a criminal complaint. **No crime has been committed by Plaintiff and No One**

25    **has charge so.** As it stands, if Ms. Dumanis did such it would be a fraudulent report TO A

26    GOVERNMENT AGENCY AND CONSTITUTE AS A CRIMINAL ACT.

27    **BUSINESS & PROFESSIONS CODE §6128. Misdemeanor Offenses.**
      Every attorney is guilty of a misdemeanor who either:

28    (a) Is guilty of any deceit or collusion, or consents to any deceit or collusion,

1    with intent to deceive the court or any party.  Any violation of the provisions of this
2    section is punishable by imprisonment in the county jail not exceeding six months, or
     by a fine not exceeding two thousand five hundred dollars ($2,500), or by both.
3    **Leg.H.** 1939 ch. 34, 1976 ch. 1125.

4         In addition to immunities' court discretionary acts and misrepresentation a number of

5    other immunities provided for by the scope report claims that have been applied for held not

6    to apply in recent cases these include: <u>Govt. C 818.2, 820.4 821</u> ( enacting, failing to execute

7    or in force, law) California courts reject a mechanical approach to distinguishing

8    discretionary acts, for which the public entities and employees are immune, from minstrel

9    access, for which they may be liable.  They adopted a functional approach that focuses on the

10   underlying reason for granting immunity: 2 insurer judicial absentia and in areas in which the

11   responsibility for basic policy decisions has been given to the entity or the employee

12   <u>Government Code 820.2</u> provides immunity only for "basic policy decisions," not for

13   "minstrel Administrative acts."

14   <u>BURNS v. REED, 500 U.S. 478 (1991)</u> is given as cause to dismiss complaint on Bonnie

15   Dumanis, where: "A state prosecuting attorney is absolutely immune from liability for

16   damages under 1983 for <u>participating in a probable-cause hearing,</u> but not for giving legal

17   advice to the police. *Pp. 484-496.* Defendant Dumanis has not <u>participated in a</u>

18   <u>probable-cause hearing</u> but has provided to the <u>lower court legal advice that is fraud</u> in that

19   PC 12025 (a)(1) is an actionable cause under common law as a crime.

20        Legal injury is any damage resulting from a violation of a legal right, and which the

21   law recognizes as deserving of redress.  "Malicious prosecution false arrest or

22   <u>imprisonment</u>... an employee can be liable for malicious false imprisonment and the entity

23   held liable for malicious acts done within the scope of the employee's employment."  See

24   *Sannell v County of Riverside (1984) 152 CA3d at 607, 199 CR at 649*

25        "A plaintiff can recover damages for false arrest or imprisonment only for the period

26   of time that begins with the false arrest and ends when a later legal arrest (e.g., under grand

27   jury indictment) takes place, even though Plaintiff was arrested, convicted, and imprisoned

28   for crimes he did not commit." *Jackson v city of San Diego (1981) 121 CA3d 579, 175 CR*

1  395. See <u>Govt C §§820.4</u> (liability for false arrest or imprisonment); <u>*Lopez v city of Oxnard*</u>

2  <u>(1989) 207 CA3d 1, 254 CR 556.</u>

3      "When a uniformed police officer kidnapped a woman in his black and white patrol

4  car, his use of the authority 'incidental to his duties' subjected his employer to vicarious

5  liability for his intentional torts." <u>*White v county of Orange* (1985) 166 CA3d 566, 571, 212</u>

6  <u>CR 493, 496</u>

7      Therefore the San Diego County is now label and the defendants list is expanding, the

8  defendants would best settle now to reduce cost and damage awards.

9      <u>PAGE 7 lines 8 to 12</u> of the entitled Court's ORDER dated March 18, 2008 ...the

10  court grants motion to dismiss.  Grants to Whom?  When did a §1986 claim depend on a

11  §1985 claim?

12      <u>PAGE 7 lines 21 to 28</u> of the entitled Court's ORDER dated March 18, 2008

13      NOW comes the old statute <u>Cal. Gov. Code §§911.2, 945.4</u>  ...that no civil action

14  without a "written claim submitted to the public entity."  The Plaintiff did no less than 12

15  times; starting 7 days (December 13, 2006 to June 15, 2007) after the criminal acts of the

16  defendants began; Plaintiff Bailey petitioned all defendants through prison mail marked legal

17  mail and in person.

18      Plaintiff Bailey DEMAND THAT THE DEFENDANTS RELEASE PLAINTIFF

19  AND PLAINTIFF DID CLAIM DAMAGES.  Furthermore Plaintiff did, by US Post,

20  Demand that the entitled court and the Attorney General for United States prevent the

21  criminal acts of all defendants.  The Plaintiff Bailey concentrated letters of protest

22  demanding relief directed to Jerry Brown (Attorney General for California) and each and

23  every correspondence was never acknowledged.  One and only response came from District

24  Representative Hollingsworth whom directed Plaintiff Bailey to contact Bonnie Dumanis

25  (Defendant in this action).  Bailey (P) explained to Mr. Brown (Cal. Atty. Gen.); Mr.

26  Kolender (sheriff Defendant); Ms. Dumanis (attorney SD County); the U.S. Attorney General

27  office, San Diego; Justice Berry Ted Moskowitz, that He was falsely accused of no existing

28  crime to which no one or combination of defendants responded.  Therefore the defendants,

1    all, agree that Bailey as (P) and (D) is acceptably ethical in His rights and correct in

2    administration and presumption of the law. Defendants did agree with Plaintiff until it came

3    time to be responsible for the torts they created. "The government entity has 45 days in

4    which to grant or deny a claim. <u>Govt C §912.4.</u> If it does not act within that period, the

5    claim is deemed denied, and the claimant has two years to file the action." Just what venue

6    the filing takes place is unknown. Above all the <u>Cal. Gov. Code §§911.2, 945.4</u> is not

7    binding in federal court as the State of California can not wright laws, rules of court, or any

8    code that ties the hands of federal court. These codes can only by way of proxy be exercised

9    under the jurisdiction of a California domain. Federal rules and codes of court do not carry

10   over to States courts and vice versa.

11        There is nothing for this court to consider in any criminal action, where Bailey, the

12   principal of this civil action, is concerned. No unlawful behavior of any nature has been

13   attributed to Bailey at any time or by any person. ***EVER!***

14        When this entitled court refers to "The Supreme Court." Please distinguish which

15   Supreme Court. (<u>Court Order page 5 line 16</u>)

16   THE ORDER OF THE ENTITLED COURT IS RESCINDED BY OPERATION OF LAW

17   Technical tactics often used by courts and government attorneys to avoid troubling cases.
     Recent years have seen an increase in the number of civil lawsuits brought against
18   government officials as a result of greater citizen awareness and greater willingness of the
     courts to adjudicate matters previously considered political in nature. A favorite avoidance
19   tactic is to claim the party bringing the suit lacks standing to do so. In 1974 the supreme court
     ruled that citizens had no standing in two cases seeking to enforce two Specific provisions of
20   the constitution. Consequently, these asserted constitutional violations will go uncorrected.
     Lack of subject matter jurisdiction by the court is another strategy which may leave plaintiffs
21   without a federal forum to vindicate their rights. Government attorneys may also call for the
     dismissal of a case on the grounds of sovereign immunity, a claim that the government may
22   not be sued without its consent. Federal rules permit the government a 60-day period, as
     compared to 20 days permitted the normal civil litigant, in which to reply to a complaint.
23   This excessive delay by government attorneys, who may gain extensions on the 60-day
     deadline, is another tactic which may work to the advantage of the government. These and
24   similar tactics are defended on the grounds that they prevent the federal courts from being
     overburdened by litigation. <u>It is asserted, however, that such tactics are wrong both
25   philosophically and practically. The use of such tactics runs counter to a basic assumption in
     our society that not even government officials are immune from judgments of the law</u>. In
26   addition such obstructionist tactics, rather than citizen litigation, are in part responsible for
     the burdens of the federal courts.

27

     *When a government has determined that it is above the law it is proven that the governing*
28   *body will abuse and openly disobey those laws that all must live by.*

It is concluded that a victory for counsel for the government requires more than a dismissal of the case: it requires a decision based on the merits of the case. Avoidance of such a decision on technical grounds by government attorneys avoids proper consideration of the attorney's responsibilities to all the people. Notes are provided. (Jap) To cite this abstract, use the following link:
http://www.ncjrs.gov/App/Publications/abstract.aspx?ID=47632

It is noted that the entitled judge is holding court in the State of California.  Therefore:

C.C.P. § 170.1 (a) *A judge shall be disqualified* if any one or more of the following is true:
(6) (C) a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial.  Bias or prejudice towards a lawyer in the proceeding may be grounds for  disqualification.

To all defendants Please take note that without complete examination of the evidence, the civil case <u>07cv2090 Bailey v. State of California et., al.</u> *no* ORDER is binding and by way of law the complaint stands intact.  All defendants, remain defendants, of the entitled action.

Russo Bailey Plaintiff pro se

April 1, 2008

11

## DECLARATION OF SERVICE BY MAIL

1

2

3  I, Russo Bailey acting Pro se declare: That I am, and was at the time of service of the papers

4  herein referred to, over the age of 18 years; and I am principal plaintiff.  My address is:

5  864 N. 2nd Street #138
   El Cajon California 92021
6  Telephone No. (619)504-5682

7  I, declare further that I did post first class postage pre-paid the following document(s)

8  IMPEACHMENT OF COURT'S ORDER GRANTING JUDGE PRECKEL'S MOTION TO
   DISMISS; GRANTING STATE OF CALIFORNIA'S MOTION TO DISMISS;
9  GRANTING IN PART AND DENYING IN PART CITY OF EL CAJON AND M.
   BEVAN'S MOTION TO DISMISS; GRANTING BONNIE DUMANIS AND WILLIAM
10 KOLENDER'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND;
   DENYING MOTION FOR SANCTIONS:
11 To Defendants attorneys:

12 SAN DIEGO COUNTY,
   DONNIE DUMANUS,
13 WILLIAM, KOLENDER,
   Stephanie E. Kish
14 1600 Pacific Highway Room 355
   San Diego, CA 92101-2469

15
   STATE OF CALIFORNIA
16 DEPARTMENT OF JUSTICE,
   Attorney General
17 110 West "A" Street
   San Diego, CA 92101

18
   ALLEN J. PRECKEL,
19 Cheryl L. Brierton
   220 West Broadway
20 San Diego, CA 92101

21 CITY OF EL CAJON, M. BEVAN,
   460 North Magnolia Avenue
22 El Cajon, CA 92020

23

24 This ___first___ day of ___April___ 2008

25

26 _____

27 Russo Bailey Pro se Plaintiff.

28