Steven E. Boehmer (#144817)
Carrie L. Mitchell (#221845)
McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY
460 North Magnolia Avenue
El Cajon, California 92020
(619) 440-4444/Fax (619) 440-4907

Attorneys for Defendants: CITY OF EL CAJON and M. BEVAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>              Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, SA DIEGO COUNTY, DONNIE DUMANUS, WILLIAM KOLENDER, 25 UNKNOWN POLICE AND SHERIFF DEPUTIES,<br><br>              Defendants. | Case No. 07CV2090 JM (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN**<br><br>Date:      May 23, 2008<br>Time:      1:30 p.m.<br>Courtroom: 16<br><br>**NO ORAL ARGUMENT REQUESTED** |

Defendants, CITY OF EL CAJON ("City") and M. BEVAN, respectfully submit the following points and authorities in support of their motion to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## I.

## INTRODUCTION

On March 18, 2008, the Court issued an order granting the City and Officer Bevan's motion to dismiss the third, fourth and fifth claims for relief with leave to amend. Plaintiff has amended his complaint but fails to allege any additional facts to support his claims. Instead, he only adds as defendants Herbert J. Exarhos, Jason Sargent, James Brai and Eric Taylor. Because

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

plaintiff has failed to cure the defects set forth in the Court's order, the defendants request that these claims be dismissed, now without leave to amend.

The Court's order denying the motion to dismiss the first and second claims for relief noted that it was unclear whether the false arrest claim was premised upon plaintiff's arrest on the felon in possession charge, and if so, *Heck* would likely apply. The criminal case referred to in the first amended complaint, however, shows plaintiff was charged with being a felon in possession of a firearm as a result of his arrest. As such, plaintiff's guilty plea to that charge renders both his false arrest and false imprisonment claims not cognizable under *Heck v. Humphrey*.

The Court should therefore dismiss the first amended complaint in its entirety, without leave to amend.

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on December 8, 2006, City of El Cajon police officers falsely arrested him while he was legally parked in a public business parking lot. (1st Am. Complt. at 3:12-15.) Plaintiff alleges that the officers kidnaped with malicious intent and illegally took plaintiff's property and intentionally damaged his property. (1st Am. Complt. at 3:22-25.) Plaintiff alleges the officers attempted to murder plaintiff with explosives and poison gas. (1st Am. Complt. at 4:6-9.) Plaintiff seeks damages to his vehicle and loss of freedom as a result of the actions of the officers. (1st Am. Complt. at 10:1-4.)

Plaintiff alleges that the false criminal action of people versus Bailey, Superior Court case number SCE267015 caused the false imprisonment and torture from December 9, 2006. (1st Am. 1st Am. Complt. at 5:5-7.)

Plaintiff was arrested on December 9, 2006 and a criminal complaint in the Superior Court of California, East County Division was filed in Case No. SCE267015 charging plaintiff with violation of Penal Code sections 12025(a)(1) and 12031(a)(1) as a result of plaintiff's arrest on December 9, 2006. (See Request for Judicial Notice, Exhibit "A.") On May 17, 2007, plaintiff pled guilty to California Penal Code section 12025, subds. (a)(1) and the enhancement

1  under Penal Code section 12025 subds. (b)(1)) (felon in possession of a firearm). (See Request
2  for Judicial Notice, Exhibit "B.")

### III.

### AUTHORITY

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. (*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).) A court should not dismiss a complaint, however, for a party's failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80, (1957); see also *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).) In deciding a motion to dismiss, the court should take all allegations of material fact in the complaint as true and construed in the light most favorable to the plaintiff. (*North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).)

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).) However, a court may take judicial notice of matters of public records "without converting a motion to dismiss into a motion for summary judgment." (*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1984).)

The defendants request that the court take judicial notice of the criminal complaint and guilty plea in *People v. Russell Lorin Bailey*, Superior Court Case No. SCE267015. (See Request for Judicial Notice.)

25  / / /
26  / / /
27  / / /
28  / / /

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

# IV.

# ARGUMENT

## A. THE FIRST AND SECOND CLAIMS FOR RELIEF ARE BARRED BY *HECK V. HUMPHREY*

Plaintiff's first claim for relief is brought under 42 U.S.C. section 1983. Plaintiff alleges that he was damaged by all defendants as a result of deprivation of his civil rights which deprived him of freedom and property without due process. (1st Am. Complt. at 6:14-18.) In his second claim for relief, plaintiff claims that officers falsely arrested and imprisoned him. (1st Am. Complt. at 6:21-23.)[1] Plaintiff alleges that the false criminal action of people versus Bailey, Superior Court case number SCE267015 caused the false imprisonment and torture from December 9, 2006. (1st Am. 1st Am. Complt. at 5:5-7.) Plaintiff, however, plead guilty to the conduct which resulted in his arrest and imprisonment and his claims are therefore barred under *Heck v. Humphrey*.

The United States Supreme Court has held that if a judgment in favor of a plaintiff in a 28 U.S.C. section 1983 claim would necessarily imply the invalidity of his conviction or sentence, then his section 1983 claim must be dismissed. (*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372 (1994).) "If a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." (*Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).) As the Supreme Court explained, the relevant question is whether success in a subsequent § 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence. (*Heck*, 512 U.S. at 487; see also *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2003) (as amended) [*Heck* bars suits "based on theories that 'necessarily imply the invalidity of [the plaintiff's] convictions or sentences.'"] (quoting *Heck*, 512 U.S. at 487).)

///

---

[1] The second claim for relief includes "assault" in the title. However, assault is a state law cause of action and barred by plaintiff's failure to allege compliance with the California Tort Claims act. If "assault" is meant by plaintiff to refer to "excessive force," this claim is barred because plaintiff has failed allege excessive force or physical injury.

4

1       When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." (*Heck v. Humphrey*, 512 U.S. at 487-88.) "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." (*Id.* at 488.)

      The *Heck* principle applies to claims that would necessarily imply the invalidity of any conviction that might have resulted from the prosecution of the dismissed charge, including pending charges in addition to actual convictions. (*Harvey v. Waldron*, 210 F.3d 1008, 1013-14 (9th Cir.2000).) It applies generally to charges of unlawful or false arrest. (*Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998); *Harvey v. Waldron*, 210 F.3d at 1014-15; see *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir.2006) [*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him]; *Cabrera v. City of Huntington Park*, 159 F.3d at 380 [*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated]; *Smithart v. Towery*, 79 F.3d at 952 [*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.].)

      In the present case, plaintiff alleges that on December 8, 2006, he was deprived of freedom and property without due process and he was falsely arrested and imprisoned from December 9, 2006. Plaintiff only alleges that his arrest occurred while he was legally parked, not that he was arrested for being legally parked, but instead alleges the false imprisonment relates to San Diego Superior Court case number SCE267015. (1st Am. Complt. at 5:5-7.) Plaintiff was charged in case number SCE267015 with being a felon in possession of a firearm and plead guilty to that charge. Because he plead guilty to the conduct that resulted in his arrest, *Heck v Humphrey* bars plaintiff's section 1983 unless he can show that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

corpus. A judgment in favor of plaintiff in connection with these claims would necessarily imply the invalidity of his conviction.

Plaintiff's claims challenging the validity of his arrest, prosecution and conviction fail to state a cognizable claim under § 1983 and therefore must be dismissed.

### B. THE THIRD CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION UNDER 42 U.S.C. § 1986

Plaintiff's third claim for relief is brought under 42 U.S.C. section 1986(c) which alleges that unknown police deputies did not intervene to prevent crimes of civil rights violations under 18 U.S.C. sections 1964 and 1965. Plaintiff was given twenty days leave to amend his complaint to allege a conspiracy. Because he has not done so, the third claim for relief fails to allege any facts to support either a conspiracy claim or a RICO violation. The City and Officer Bevan therefore request that the Court dismiss the third claim for relief against them, without leave to amend.

### C. THE FOURTH CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR EXCESSIVE FORCE.

Plaintiff alleges in his fourth claim for relief that the defendants used excessive force. Plaintiff was given twenty days leave to amend his complaint to allege facts constituting excessive force or physical injury. Because he has not done, the fourth claim for relief fails to state facts sufficient to constitute a cause of action for excessive force. In addition, any loss of freedom as a result of his arrest and conviction is barred by *Heck v. Humphrey*. (See Section A above.)

Plaintiff's fourth claim for relief should be dismissed for failure to state facts sufficient to constitute a cause of action for excessive force or "loss of freedom" should be dismissed without leave to amend..

### D. THE FIFTH CLAIM FOR RELIEF FAILS TO ALLEGE COMPLIANCE WITH CALIFORNIA'S TORT CLAIMS ACT.

Plaintiff's fifth claim for relief alleges violations of the California Constitution recoverable under California Civil Code section 52.1. Plaintiff was given twenty days leave to

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN

1  amend to allege exhaustion of administrative remedies. Plaintiff has not done so. Plaintiff's
2  failure to allege compliance with the California Tort Claims Act is fatal to his fifth claim for
3  relief brought under state law and must be dismissed without leave to amend.

## V.

## CONCLUSION

For foregoing reasons, the City and Officer Bevan request that the court dismiss plaintiff's complaint in its entirety against them.

DATED: April 18, 2008

McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY

By: _____
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendants: CITY OF EL CAJON
and M. BEVAN

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) BY CITY OF EL CAJON AND M. BEVAN