DARLENE A. DORNAN, Court Counsel (Bar No. 182228)
Superior Court of California in and for the County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone:  (619) 531-3036
Facsimile:  (619) 685-6606

Attorneys for Defendant, the Honorable Allan J. Preckel, Judge of the Superior Court of California, County of San Diego

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>           Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, ET AL.,<br><br>           Defendants. | Case No. 07-CV-02090 JM (BLM)<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE FIRST AMENDED COMPLAINT BY DEFENDANT, THE HONORABLE ALLAN J. PRECKEL, JUDGE OF THE CALIFORNIA COURT<br><br>**[NO ORAL ARGUMENT REQUESTED]**<br><br>Date : June 6, 2008<br>Time : 1:30 p.m.<br>Crtrm: 16 (5th Floor)<br>Judge: The Honorable Jeffrey T. Miller |

Defendant, the Honorable Allan J. Preckel, Judge ("Judge Preckel") of the Superior Court of California, County of San Diego ("California Court"), hereby moves to strike as immaterial, impertinent and redundant, the First Amended Complaint ("FAC") against him filed April 11, 2008, or in the alternative, strike any and all references to him in the FAC,[1] on grounds this court has previously dismissed the

---

[1] FAC, 1:15-16, 2:7, 4:12-13, 5:14, 5:19, 6:4, 8:10.

complaint against him with prejudice on March 18, 2008,[2] and denied Plaintiff's motion for reconsideration on April 10, 2008. See Fed. R. Civ. P. 12(f) [providing for motion to strike "redundant, immaterial, impertinent or scandalous" matters].

In this pending action, Plaintiff is challenging the proceedings in his underlying state criminal case. (*People v. Russell Lorin Bailey*, California Court Case. No. SCE267015, affirmed on appeal, D051309.)[3] Plaintiff alleges extensively that in the underlying California Court criminal action, in which Plaintiff herein was a Defendant, Judge Preckel and other judicial officers made rulings with which Plaintiff still disagrees.[4] This court has granted Judge Preckel's motion to dismiss with prejudice, based on judicial immunity, state sovereign immunity, abstention doctrine, *Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994), and other substantive arguments, and has denied Plaintiff's motion for reconsideration.

These rulings operate as a dispositive bar to Plaintiff's claims against Defendant Judge Preckel.

As such, the pleading in the FAC as to Judge Preckel are immaterial and redundant within the meaning of Federal Rules of Civil Procedure 12(f). "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Immaterial" means the matter has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other

---

[2] Request for Judicial Notice, Exhibit A, Order dated March 18, 2008, granting Defendant Judge Preckel's Motion to Dismiss with prejudice; Exhibit B, Order dated April 10, 2008, denying Plaintiff's Motion to Reconsider Order of March 18, 2008.

[3] Request for Judicial Notice, Exhibit C, Decision of the California Court of Appeal on March 21, 2008, in *People v. Russo Bailey*, D051309; Exhibit D, California Court of Appeal Docket in *People v. Russo Bailey*, as printed April 24, 2008.

[4] FAC, 4:18-25, 5:18-6:11, 8:8-10, 9:18-20.

grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–535 [114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455] (1994). ""Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* The claims here are immaterial and impertinent, because Defendant Judge Preckel has already been dismissed with prejudice.

"Redundant" has been defined as including allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120, fn. 4 (D. P.R. 1972); see also, *Bd. of Trs. of the San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07cv634 IEG LSD, 2007 U.S. Dist. LEXIS 50892, p*9, 2007 WL 2070355 (S.D. Cal. July 12, 2007). The present claims are redundant, because based on Judge Preckel's dismissal with prejudice from this action, any claims against him are now foreign to any issues involved, and needlessly repeat allegations previously disposed of on the merits.

Accordingly, Judge Preckel's motion to strike should be granted, with prejudice, and a judgment entered in his favor on the First Amended Complaint.

DATED:

April 28, 2008

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

By: __s/ Cheryl L. Brierton_____
 CHERYL L. BRIERTON, Litigation Attorney
Attorneys for Defendant, the Honorable Allan J. Preckel, Judge of the Superior Court of California, County of San Diego