1

# EXHIBIT TABLE OF CONTENTS

2

Page

3    EXHIBIT A        Order granting Defendant Judge Preckel's Motion to Dismiss

4                     with prejudice, in *Russo Bailey v. State of California*
                      *Department of Justice, Allen J. Preckel, et al.*, United States

5                     District Court, Southern District of California, Case No.

6                     07-cv-2090 JM (BLM), dated March 18, 2008..................    A.1

7    EXHIBIT B        Order of April 10, 2008, denying Plaintiff's Motion to

8                     Reconsider Order of March 18, 2008, in *Russo Bailey v. State*
                      *of California Department of Justice, Allen J. Preckel, et al.*,

9                     United States District Court, Southern District of California,

10                    Case No. 07-cv-2090 JM (BLM)...........…....................…...    B.1

11   EXHIBIT C        Decision of the California Court of Appeal on March 21,

12                    2008, in *People v. Russo Bailey*, Case No. D051309...............    C.1

13   EXHIBIT D        California Court of Appeal Docket as printed on April 24,

14                    2008, in *People v. Bailey*, Case No. D051309...................    D.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    RUSSO BAILEY,                                CASE NO. 07cv2090 JM(BLM)

12                              Plaintiff,         ORDER GRANTING JUDGE
                                                   PRECKEL'S MOTION TO DISMISS;
13          vs.                                    GRANTING STATE OF
                                                   CALIFORNIA'S MOTION TO
14                                                 DISMISS; GRANTING IN PART
                                                   AND DENYING IN PART CITY OF
15                                                 EL CAJON AND M. BEVAN'S
                                                   MOTION TO DISMISS; GRANTING
16    STATE OF CALIFORNIA DEPARTMENT               BONNIE DUMANIS AND WILLIAM
      OF JUSTICE; ALLEN J. PRECKEL; CITY           KOLENDAR'S MOTION TO
17    OF EL CAJON; M. BEVAN; SAN DIEGO             DISMISS; GRANTING LEAVE TO
      COUNTY; DONNIE DUMANUS;                      AMEND; DENYING MOTION FOR
18    WILLIAM KOLENDER ,                           SANCTIONS

19                              Defendants.

20

21          Judge Allan J. Preckel moves to dismiss the complaint based upon principles of

22    absolute judicial immunity; defendant State of California Department of Justice moves

23    to dismiss the complaint based upon Eleventh Amendment principles; defendants City

24    of El Cajon and M. Bevan move to dismiss all claims asserted against them pursuant

25    to Rule 12(b)(6), and defendants Bonnie Dumanis (erroneously sued as Donnie

26    Dumanus) and Sheriff William Kolender move to dismiss the complain pursuant to

27    Rule 12(b)(6). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision

28    without oral argument. For the reasons set forth below, the motion of Judge Preckel is

A.1

1  granted with prejudice; the motion of State of California Department of Justice is
2  granted with prejudice; the motion of defendants City of El Cajon and M. Bevan is
3  granted in part and denied in part; the motion of Bonnie Dumanis is granted with
4  prejudice; and the motion of Sheriff Kolender is granted, subject to a further good faith
5  allegation that P:laintiff's state court conviction has been reversed or otherwise
6  invalidated. The court also denies Plaintiff's request for sanctions and grants 20 days
7  leave to amend from the date of entry of this order.

8                              **BACKGROUND**

9        On October 31, 2007 Plaintiff Russo Bailey, prosecuting this civil rights action
10  in forma pauperis and in propria persona, filed a complaint alleging six causes of action
11  against Defendants. On December 8, 2006 Plaintiff alleges that defendant M. Bevan
12  and 15 unknown City of El Cajon police officers falsely arrested Plaintiff while he was
13  parked in a public business parking lot in the City of El Cajon. (Compl. at p.3:9-12).
14  Plaintiff alleges that M. Bevan and the 15 unknown police officers kidnaped Plaintiff,
15  vandalized Plaintiff's car, and "illegally took plaintiff's personal property." (Compl.
16  at p.3:19).

17        Plaintiff's claims against the State of California Department of Justice arise from
18  allegations that he telephoned 911 and a California Highway Patrol employee
19  responded to the 911 call. Plaintiff alleges that the California Highway Patrol Officer
20  "refused to arrest the City of El Cajon Police officers as they actively vandalized
21  Plaintiff's vehicle and the felonious kidnaping of Plaintiff by the El Cajon Police."
22  (Compl. at p.3:15-17). He also generally alleges that defendant M. Bevan and the 15
23  unknown police officers "did intentionally attempt to murder Plaintiff with explosives
24  and poison gas." (Compl. at p.3:27-28). Plaintiff also alleges that Bonnie Dumanis
25  filed a false criminal complaint against him and that Sheriff Kolender aided Bonnie
26  Dumanis in filing the allegedly false criminal complaint. (Compl. at p.4:15-22).

27        Based upon this generally described conduct, Plaintiff alleges six causes of action
28  for (1) municipal liability under Monell; (2) false arrest, false imprisonment, and

A.2

1  assault; (3) violation of 42 U.S.C. §1986(c); (4) excessive force; (5) violation of the

2  Unruh Act, Cal.Civ.Code §52.1;  and (6) breach of contract.  Plaintiff also seeks

3  injunctive relief to prevent Defendants from disseminating any "bad history of the

4  Plaintiff."  (Compl. at p.8:16-17)

5  **DISCUSSION**

6  **Motion of Judge Allan Preckel**

7      Plaintiff's claims against Judge Preckel relate to Plaintiff's May 17, 2007 guilty

8  plea to being a felon in possession of a firearm in violation of Pen. Code §§12025(a)(1)

9  and (b)(1), and subsequent sentence imposed by Judge Preckel.  Plaintiff generally

10  alleges that Judge Preckel conspired to deprive him of his constitutional rights and that

11  he "falsely convicted Plaintiff Bailey of no crime.[1]"  (Compl. at p. 4:27).  The court

12  concludes that Plaintiff's claims against Judge Preckel are barred by the doctrine of

13  absolute judicial immunity.

14      The doctrine of judicial immunity is particularly broad.  "Judges are immune

15  from damage actions for judicial acts taken within the jurisdiction of their courts."

16  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mireles v. Waco, 502 U.S. 9

17  (1991).

18      A judge will not be deprived of immunity because the action he took was
   in error, was done maliciously, or was in excess of his authority; rather, he
19  will be subject to liability only when he has acted in the 'clear absence of
   all jurisdiction.'

20  Stump v . Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted).  Stated another

21  way, the doctrine insulates judges from civil liability for acts committed within their

22  judicial jurisdiction," or "for acts within [their] judicial role," Pierson v. Ray, 386 U.S.

23  547, 554 (1967), or "for their judicial acts." Bradley v. Fisher, 80 U.S. (Wall.) 335, 351

24  (1871).  Judicial immunity is overcome in only two narrow sets of circumstances.

25

26      [1] Plaintiff's claim of "no crime" appears to be based on the argument that he pleaded guilty

27  to non-existing crimes.  Plaintiff acknowledges that California Penal Code Sections 12025(a)(1) and
   (b)(1) are crimes.  However, because the criminal minute notes indicate that he pleaded guilty to PC
28  12025(A)(1) and PC 12025(B)(1), with capital letters "A" and "B," and not small letters "a" and "b,"
   Plaintiff concludes that he pleaded guilty to non-existing crimes.  The court rejects this facile
   argument.

**A-3**

> First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for action, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12.

Here, Judge Preckel's alleged wrongful conduct occurred during judicial proceedings involving the judicial acts of Judge Preckel in taking Plaintiff's plea and sentencing him according to California law. The act of presiding over a criminal case is an inherent judicial function. Consequently, such conduct cannot form the basis for any civil claim because it is protected by absolute judicial immunity.

In sum, the motion to dismiss is granted with prejudice.

**Motion of State of California**

The State of California moves to dismiss the complaint on the ground that the Eleventh Amendment bars federal actions against the State or its agencies. The State of California Department of Justice, the only named state defendant, also brings this motion on behalf of the State of California and the California Highway Patrol as these entities are identified in the complaint, but not named as parties.

When a state or one of its agencies is named as a defendant, absent consent to be sued, the Eleventh Amendment provides states with immunity from suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1989). Such immunity from suit also extends to suits for injunctive relief, but not for prospective injunctive relief. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 91993). Here, Plaintiff seeks injunctive relief to cure alleged past damages or harm and therefor comes within Eleventh Amendment immunity. With respect to the civil rights claims asserted under sections 1983, 1985, 1986, Congress did not intend to eliminate the states' sovereign immunity in passing these statutes. Quern v. Jordan, 440 U.S. 332, 345 (1979); Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1071 (9th Cir. 2007); Fincher v. State of Florida Dep't of Labor and Employment Sec. Unemployment Appeals Com'n., 798 F.2d 1371, 1372 (11th Cir. 1986). As the State of California Department of Justice is clearly a state agency, the Eleventh Amendment bars this suit.

07cv2090

A.4

1    In sum, the motion to dismiss is granted with prejudice.

2    **Motion of Defendants City of El Cajon and M. Bevan**

3    The First and Second Claims for Relief

4    These Defendants move to dismiss the first claim for municipal liability under

5    Monell and the second claim for false arrest, false imprisonment, and assault on the

6    ground that such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In

7    Heck, the Supreme Court held that "in order to recover damages for allegedly

8    unconstitutional conviction or imprisonment, or for other harm caused by actions whose

9    unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove

10   that the conviction or sentence has been reversed on direct appeal, expunged by

11   executive order, declared invalid by a state tribunal authorized to make such a

12   determination, or called into question by a writ of habeas corpus." Id. at 486-87. A

13   claim for damages which bears a direct relationship to the length or validity of a sentence

14   which has not already been shown to be invalid is not cognizable under § 1983. Id. at

15   487.

16   The Supreme Court has held that even those claims which challenge the validity

17   of a particular procedure, but do not directly attack a conviction, sentence, or its result,

18   are subject to the threshold requirements of Heck since it is often the case that "the

19   nature of the challenge to the procedures could be such as necessarily to imply the

20   invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641 (1997). Accordingly,

21   "when a state prisoner seeks damages in a § 1983 suit, the district court must consider

22   whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

23   conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff

24   can demonstrate that the conviction or sentence has already been invalidated." Heck, 512

25   U.S. at 487; Edwards, 520 U.S. at 643. In other words, if a criminal conviction, prison

26   disciplinary hearing or other judgment "arising out of the same facts stands and is

27   fundamentally inconsistent with the unlawful behavior for which the section 1983

28   damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d

A.5

Case 3:07-cv-02090-JM-BLM    Document 22    Filed 03/18/2008    Page 6 of 9

1  951, 952 (9th Cir. 1996). Edwards makes clear that this reasoning applies to a prisoner

2  challenging a conviction underlying the original sentence. Edwards, 520 U.S. at 645-

3  646; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Thus, to determine whether

4  Heck and Edwards bar a claim for damages arising from a prison disciplinary hearing,

5  the court must examine "not the relief sought, but the ground of the challenge." Miller

6  v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).

7      Here, in light of the generalized nature of Plaintiff's allegations, the court cannot

8  determine the precise nature of Plaintiff's claims. With respect to the claim of false

9  arrest, Plaintiff alleges that he was "falsely arrested while Plaintiff was legally parked

10  in a public business parking lot." (Compl. at p.3:11-12). There are no allegations to

11  establish the circumstances of the arrest. Consequently, the court cannot determine

12  whether such allegations run afoul of Heck. Whether or not a judgment in favor of

13  Plaintiff on the false arrest claim necessarily invalidates the felon in possession

14  conviction cannot be determined because there are no allegations that the false arrest and

15  excessive force claims are based upon his arrest for being a felon in possession of a

16  firearm. With respect to the excessive force claim, Plaintiff alleges that M. Bevan "did

17  attempt to murder Plaintiff with explosives and poison gas." (Compl. at p. 3:27-28). As

18  the facts underlying the felon in possession charge are not implicated by Plaintiff's

19  excessive force claim, Heck does not preclude this claim.[2]

20      In sum, the motion to dismiss the first and second claims under Heck is denied,

21  subject to a further showing that Plaintiff's false arrest or excessive force claims are

22  related to pertinent factual circumstances involving Plaintiff's arrest on the felon in

23  possession charge.

24      The Third Claim for Violation of §1986

25      Plaintiff alleges that "unknown police deputies" failed to intervene or to prevent

26  excessive force or false arrest. (Compl. at p.5:5-14). Section 1985 proscribes

27

28      [2] The court notes that it is unclear whether the false arrest claim is premised upon Plaintiff's arrest on the felon in possession charge. If so, Heck would likely apply.

- 6 -

A.6

1  conspiracies to interfere with certain civil rights; and a claim under this section must
2  allege facts to support the allegation that defendants conspired together. "A mere
3  allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los
4  Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). Section 1986 imposes liability
5  on every person who knows of an impending violation of section 1985 but neglects or
6  refuses to prevent the violation. A claim can be stated under section 1986 only if the
7  complaint contains a valid claim under section 1985. Id.

8         Here, Plaintiff fails to allege a conspiracy to interfere will his civil rights. Since
9  a §1986 claim is dependent on a §1985 claim, the court grants the motion to dismiss. As
10 the court cannot conclude that there are no reasonable circumstances under which
11 Plaintiff can state a §1986 claim, the court grants Plaintiff 20 days leave to amend from
12 the date of entry of this order.

13         The Fourth Claim for Excessive Force

14        Defendants move to dismiss this claim on the ground that Plaintiff has failed to
15 allege that he suffered any personal injuries. Plaintiff alleges that the damages suffered
16 by him on account of the alleged excessive force consist of the "loss of his freedom,
17 property, loss of continued usage of his property and loss of business." (Compl. at p.
18 6:18-19). As Plaintiff fails to allege any facts constituting excessive force or physical
19 injury in this claim, the court grants the motion to dismiss with 20 days leave to amend.

20         The Fifth Claim for Violation of the Unruh Act

21        Defendants move to dismiss this state law claim on the ground that Plaintiff has
22 failed to allege compliance with California's Tort Claim Act. Under the Tort Claims
23 Act, a person may not sue a public entity for personal injury unless a written claim is
24 submitted to the public entity within six months following the accrual of the claim. Cal.
25 Gov. Code §§911.2, 945.4. "Compliance with the claims statutes is mandatory and
26 failure to file a claim is fatal to the cause of action." City of San Jose v. Superior Court,
27 12 Cal.3d 447, 454 (1974). Consequently, Plaintiff's failure to allege exhaustion of
28 administrative remedies requires dismissal of this claim with 20 days leave to amend.

A.7

**Motion of Bonnie Dumanis and Sheriff William Kolender**

Bonnie Dumanis moves to dismiss the complaint on the ground that prosecutorial immunity defeats Plaintiff's claims.  Prosecutorial immunity serves the same purpose as the immunity of judges acting within the scope of their duties: to protect the judicial process.  Burns v. Reed, 500 U.S. 478, 485 (1991).  As the filing of criminal complaints is clearly within the scope of her duties as District Attorney, the court grants the motion to dismiss Bonnie Dumanis with prejudice.

Among other things, Sheriff Kolender moves to dismiss the first and third causes of action asserted against him on the ground that Heck v. Humphrey, 512 U.S. 477 bars these claims.  Claims of wrongful arrest, malicious prosecution, and conspiracy to bring charges are among the claims which necessarily imply the invalidity of a conviction. Guerrero v. Gates, 357 F.3d 911, 916-917 (9th Cir. 2004).  As the allegations against Sheriff Kolender relate to aiding Bonnie Dumanis in filing the allegedly false criminal complaint and false imprisonment, these claims necessarily implicate the validity of Plaintiff's conviction.  Consequently, the court grants the motion to dismiss, subject to a further good faith allegation that Plaintiff's conviction has been reversed or otherwise set aside.

In sum, the court grants the motion to dismiss Bonnie Dumanis with prejudice and grants Sheriff Kolender's motion to dismiss without prejudice and with 20 days leave to amend in order to permit Plaintiff to make a showing that his conviction has been reversed.

**Plaintiff's Motion for Sanctions**

Plaintiff moves for an award of sanctions against Defendants on the ground that their motions are brought in bad faith.  Plaintiff's motion is denied as Defendants' motions have substantial merit.

In sum, the court grants Judge Preckel's motion to dismiss with prejudice; grants State of California Department of Justice's motion to dismiss with prejudice; denies City of El Cajon and M. Bevan's motion to dismiss the first and second claims and grants the

A.8

1   motion to dismiss the third, fourth, and fifth claims with 20 days leave to amend from

2   the date of entry of this order; grants Bonnie Dumanis' motion to dismiss with prejudice

3   and grants Sheriff Kolender's motion to dismiss, subject to a further good faith

4   allegation that Plaintiff's conviction has been reversed or otherwise invalidated. The

5   court also denies Plaintiff's motion for sanctions.

6       **IT IS SO ORDERED.**

7   DATED:  March 18, 2008

8

9                             Hon. Jeffrey T. Miller
                              United States District Judge

10   cc:        All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv2090

A.9

**EXHIBIT B**

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 RUSSO BAILEY,                                 CASE NO. 07cv2090 JM(BLM)

12                              Plaintiff,       **ORDER DENYING MOTION FOR**
                                                 **RECONSIDERATION**
13         vs.

14 STATE OF CALIFORNIA DEPARTMENT
   OF JUSTICE; ALLEN J. PRECKEL; CITY
   OF EL CAJON; M. BEVAN; SAN DIEGO
15 COUNTY; DONNIE DUMANUS;
   WILLIAM KOLENDER ,
16
                              Defendants.
17

18         On or about April 3, 2008, Plaintiff submittted a document entitled

19 "Impeachment of Court's Order . . . ." The order challenges this court's order of March

20 18, 2008 granting Judge Preckel's motion to dismiss with prejudice; granting State of

21 California Department of Justice's motion to dismiss with prejudice; denying City of

22 El Cajon and M. Bevan's motion to dismiss the first and second claims and granting the

23 motion to dismiss the third, fourth, and fifth claims with 20 days leave to amend from

24 the date of entry of this order; granting Bonnie Dumanis' motion to dismiss with

25 prejudice and granting Sheriff Kolender's motion to dismiss without prejudice, subject

26 to a further good faith allegation that Plaintiff's conviction had been reversed or

27 otherwise invalidated. The court also denied Plaintiff's motion for sanctions.

28         The court treats Plaintiff's motion for impeachment of court's order as a motion

B.1

1   for reconsideration. "Reconsideration is appropriate if the district court (1) is presented

2   with newly discovered evidence, (2) committed clear error or the initial decision was

3   manifestly unjust, or (3) if there is an intervening change in controlling law.   There

4   may also be other, highly unusual, circumstances warranting reconsideration." School

5   Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted), cert.

6   denied, 114 S. Ct. 2742 (1994).   Here, Plaintiff fails to identify any newly discovered

7   evidence, clear error, or intervening change in controlling law.   Consequently, the

8   motion for reconsideration is denied.

9       **IT IS SO ORDERED.**

10   DATED:  April 10, 2008

11   _____
     Hon. Jeffrey T. Miller
12   United States District Judge

13

14   cc:          All parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -                                          07cv2090

B.2

**EXHIBIT C**

Filed 3/21/08 P. v. Bailey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D051309 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE267015) |
| RUSSO BAILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Allan J. Preckel, Judge. Affirmed.

Russo Bailey entered a negotiated guilty plea to possession of a concealed firearm in a vehicle (Pen. Code, § 12025, subd. (a)(1)) and admitted he had a prior firearm conviction within the meaning of Penal Code section 12025, subdivision (b)(1), which made the offense a felony. The trial court suspended imposition of sentence and placed Bailey on summary probation for three years, conditioned on, among other things, his serving 283 days in jail.

C.1

## FACTS

On the evening of December 8, 2006, El Cajon police officers made a traffic stop on the 500 block of Jamacha Road. While one of the officers was issuing a traffic citation, he heard a click sound behind him. The officer noted Bailey, who was inside a Ford cargo van in a parking lot on the block, appeared to be watching him and his partner. At that time, the cargo door on the van was slightly open; when the officer attempted to speak with Bailey, he shut the door without responding.

The officers tried to make contact with Bailey, who did not respond. One officer spoke to Bailey through a vent in the roof. The other officer went into the front cab portion of the van and peered through a small hole in the metal partition that separated the cab from the rear cargo area. The officer in the cab saw Bailey with a cell phone in one hand and a handgun in the other. The handgun was a .38 caliber, blue steel revolver. The gun contained six live rounds of ammunition.

The officers backed away from the cargo van. Bailey continued to refuse to come out of the van. The officers called for assistance from the SWAT team, and a lengthy standoff ensued before Bailey came out of the van. In addition to the revolver, police found a box of .38 caliber ammunition containing 82 live rounds in the van.

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth evidence in the superior court. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible, but not arguable,

2

C.2

issues: (1) whether the trial court erred by denying Bailey's motion to dismiss for lack of a speedy trial; (2) whether the court erred by denying Bailey's demurrer; (3) whether the court correctly advised Bailey regarding his right to expungement if he pled guilty; and (4) whether the probation order incorrectly referred to "formal" probation rather than summary probation.

We granted Bailey permission to file a brief on his own behalf. He has not responded.[1]

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Bailey on this appeal.

### DISPOSITION

The judgment is affirmed.

_____

BENKE, Acting P. J.

WE CONCUR:


_____

HALLER, J.


_____

IRION, J.

_____

[1]   Bailey filed a writ of habeas corpus in this court prior to the filing of appellate counsel's *Wende* brief. In a separate order, we have denied the petition. (*In re Russo Bailey* (March 21, 2008, D052036).)

3

C.3

**EXHIBIT D**

California Courts - Appellate Court Case Information Page 1 of 2

# CALIFORNIA APPELLATE COURTS



Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions



C|C
home

**4th Appellate District Division 1 (Cases begin** | Change court ▾ |
**at D035601)**

**Attention: 4th District Division 1 Court of Appeal database and email registration will be offline from 9:00AM Saturday, April 26 to 7:00AM Monday, April 28 for server maintenance. Your patience is appreciated.**

Court data last updated: 04/24/2008 10:05 AM

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Docket (Register of Actions)

**The People v. Bailey**
**Case Number D051309**

| Date | Description | Notes |
|------|-------------|-------|
| 07/25/2007 | Notice of appeal lodged/received (criminal). | Filed July 17, 2007 - BAILEY |
| 09/10/2007 | RECORD ON APPEAL FILED.************ | CT-1/83pgs., RT-3/31pgs., Prelim.-1/14pgs. |
| 09/21/2007 | Order filed. | The clerk of the court is directed to return Russo Bailey's motions and statement to him unfiled. A defendant has no right to represent himself or herself on appeal. (Martinez v. Court of Appeal of Cal, Fourth Appellate Dist. (2000) 528 U.S. 152, 163-164.) Russo Bailey's attention is directed to the letter and request for appointment of attorney sent to him on September 10, 2007, regarding obtaining counsel on appeal. |
| 10/01/2007 | Counsel appointment order filed. | atty. Auwarter appointed for appellant, AOB extended to 11/13/07. |
| 11/09/2007 | Granted - extension of time. | |
| 12/05/2007 | Petition for writ of supersedeas filed. | Supersedeas and stay of execution-stricken and returned per court's order of 12/18/07 |
| 12/11/2007 | Considered with case # | The petition for writ of habeas corpus In re Bailey D052036 will be considered at the same time as the pending appeal People v. Bailey D051309. |
| 12/14/2007 | Granted - extension of time. | |
| 12/18/2007 | Order filed. | The petition for writ of supersedeas for a stay of |

D.1

| | | execution of sentence has been read and considered by Justices Nares, McDonald and Irion. "Supersedeas is an extraordinary writ issued by an appellate court to a lower court . . . directing that enforcement of a judgment be stayed pending an appeal in the court issuing the writ . . . . It has been said that the sole purpose of the writ is to preserve appellate jurisdiction pending review of the appeal and a ruling on the merits." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, '286, p. 328.) A defendant has no right to represent himself or herself on appeal from his/her conviction. (Martinez v. Court of Appeal of California, Fourth Appellate District (2000) 528 U.S. 152, 163-164.) The clerk is directed to strike the filing of the petition for writ of supersedeas and return the petition to petitioner. |
|---|---|---|
| 01/15/2008 | APPELLANT'S OPENING BRIEF. | **WENDE** |
| 01/15/2008 | Wende order filed. | |
| 02/21/2008 | CASE FULLY BRIEFED. | |
| 02/25/2008 | File(s) received from county clerk. | |
| 03/12/2008 | File(s) returned to county clerk. | |
| 03/21/2008 | Cause submitted. | |
| 03/21/2008 | Opinion filed. | (Signed Unpublished) Affirmed |

Click here **to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California