1 | Russo Bailey pro se Plaintiff
864 N. 2nd Street #138
2 | El Cajon CA 92021
Telephone (619)504-5682

FILED
08 MAY -6 PM 3:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
  vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
ADDED DEFENDANTS:
HERBERT J. EXARHOS,
JASON SARGENT #297,
JAMES BRAI #210,
ERIC TAYLOR #157,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)

OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
FIRST AMENDED
COMPLAINT, VIA
CITY OF EL CAJON AND
M. BEVAN
Date: May 23, 2008
Time: 1:30 p.m.
Dept.: Courtroom 16 Hon. J. Miller

REQUEST FOR SANCTIONS
F. R. Civ. P. 11 (b) &(b)(1)

Now comes Plaintiff pro se in opposition to Defendants CITY OF EL CAJON, AND M. BEVAN, Motion to Dismiss. The remaining defendants are represented in other pleadings.

## AT ISSUE

Plaintiff pro se OBJECTS to defendant's motion claiming that plaintiff is bared by *Heck v. Humphrey*. Plaintiff pro se OBJECTS to defendant's EXHIBITS "A" AND "B" presented for Defendant CITY OF EL CAJON, M. BEVAN. No defendants one or all have denied claims and therefore deemed guilty. No defendants one or all have denied that plaintiff is entitled to relief. At best, defendant's motion to dismiss is based on court decisions that support the frivolous motions of all defendants. No statutes cited where a court decision would be supportive.

OBJECTION TO EXHIBIT "A".... Exhibit "A" has been forged and deliberately altered. Note that;

1. Page #1 of 3, Court number (action number) altered:

2. Page #1 of 3, Court stamp? Received date December 13, fourteen days before information 12/27/06 (filing a criminal action before the information is received?) the dates could only be backwards.

3. Page #1 of 3, "COMPLAINT" CROSSED OUT?

4. Page #2 of 3, the same exhibit "A" third paragraph "Chapter 1 of Title 2 part 4 of the California Penal Code (the firearms chapter)..." False quote it isn't "the firearms chapter..."

**IT IS** "PART 4. PREVENTION OF CRIMES AND APPREHENSION OF CRIMINALS" Fraud on it's face, there is no mention of a crime (in the EXHIBIT "A") and there is no explanation where Bailey was participating in PREVENTION OF CRIMES AND APPREHENSION OF CRIMINALS.

5. Page #3 of 3 (EXHIBIT "A") entitled "FELONY" COMPLAINANT is holding only two unknown signatures scribble... therefore unenforceable! Again INFORMATION follows "FELONY" Convoluted beyond craftsmanship.

OBJECTION TO EXHIBIT "B".  "PLEA OF GUILTY/NO CONTEST - FELONY"

1. Fraudulent on it's face; dated: May 17, 2007. Six months after KIDNAPPING of Plaintiff and his false arrest. The exhibit "B" is without jurisdiction because trial <u>must</u> be commenced within sixty days of arrest which would put a <u>required</u> trial at no later than the date of February 09, 2007 See Cal. Penal Code §1049.5 and U.S. CONSTITUTION AMEND. VI... and CAL. CONST. ART. I, §15...

2. Page #2 (¶7a.) of 3; ... "3 years in State Prison, $10,000...4 years parole...." In view of the late dates and the threats of imprisonment Bailey had no alternative but to... "play ball..." with the criminal thugs of the Defendants, Superior Ct. of Cal. County of San Diego... Obvious coercion, giving cause for this entitled action. This exhibit "B" is proof of a fraud criminal action before a mock court proceeding....

## LEGAL ISSUES

1. Law versus court decisions?
2. Is Title 42 U.S.C. §1983 predominated by *Heck v. Humphrey* which bars constitutional rights if a person pleads guilty to a nonexistent code?
3. Is the legality of AMENDMENT XIV being over ruled by (California) Penal Code §12025 (b)(1)?
4. Is the Defendant[s] requesting dismissal for Defendants City of El Cajon and M. Bevan or all defendants?
5. Is M. Bevan liable to Bailey for damages?
6. Is the City of El Cajon liable for the damages caused by it's employees?
7. Is Bailey (P) a felon?
8. Did Bailey violate (California) Penal Code §12025(A)(1)?
9. Did Bailey (P) plead guilty to a crime in the action of People v. Bailey SCE267015?
10. Was M. Bevan committing acts that are covered under the legal theory of replevin?
11. Did M. Bevan violate California Penal Code §422.6(a) and (b)?
12. Does this court have the authority to dismiss the entitled action after the demand of a jury trial?
13. Are the defendants attorneys omitting facts that are critical to the motion before the court?
14. Would a dismissal of this action be obstructing justice?
15. Did the defendants attorneys commit violations of Bus & P C §6068?

## FACTS

Plaintiff's Federal Civil Complaint No. <u>07 cv 2090</u> states sufficiently CLAIMS and states sufficiently, PROPER RELIEF. Defendants Motion to Dismiss is frivolous, engineered to burden both Plaintiff and the Entitled Court.

This case arises out of plaintiff's claims of <u>kidnap</u> on December 8th 2006 and false

1 arrest by members of defendant, El Cajon City Police department for violating Plaintiff's
2 Constitutional Rights Amendment IV "...secure in their person..."
3   This case arises out of plaintiff's genuine claims of <u>carjack</u> by M. Bevan (D).
4 Constitution of the United States AMENDMENT V  "...nor be deprived of life, <u>liberty</u>, or
5 <u>property</u>. Echoed in the Constitution of the State of California ARTICLE I section 1. "...All
6 people... free... <u>inalienable rights</u> ...<u>possessing</u>, and <u>protecting property</u>..."
7   Defendant's M. Bevan and the City of El Cajon EXHIBITS "A" AND "B" are not the
8 product of defendant M. Bevan nor the City of El Cajon. They are therefore immaterial in
9 the appearing Defendant's motion pleadings. EXHIBITS "A" AND "B" are the product of
10 other Defendants herein and come six months after Defendants M. Bevan and City of El
11 Cajon no longer are involved. Complaint of (P) Bailey cuts off against (D) M. Bevan and
12 (D) City of El Cajon on the date of December 09, 2006. Therefore EXHIBITS "A" AND "B"
13 dated six months later, are not relevant. See Federal Rules of Evidence:
14
> Rule 401. Definition of "Relevant Evidence" "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

15
16
17   Defendants bring this motion under the authority of *Heck v. Humphrey* page one line
18 28 of motion. Complaint is bared as to first and second claims.
19 Plaintiff's claims are *NOT* bared by *Heck v. Humphrey*! Plaintiff was never a party to *Heck*
20 *v. Humphrey*. Plaintiff's action was *NEVER* decided by the court action of *Heck v.*
21 *Humphrey*. *Heck v. Humphrey* judgment is absent the name of Bailey. *Heck v. Humphrey*
22 has no authority to preempt Constitutional Rights.
23   The Tort <u>Claims</u> Act permits recovery on <u>claims</u> for money damages for injury or loss
24 of property, or personal injury or death caused by the negligent or wrongful act or omission
25 of <u>any</u> employee of [any] Government while acting within the scope of his office or employ-
26 ment... 28 U.S.C. §1346 (b). No mention of *Heck v. Humphrey*'s priority within the Tort
27 <u>Claims</u> Act.
28   According to Motion to dismiss by counsel for (D) M. Bevan et. al. of this motion,

4

1  Heck and Humphrey Bar a section 1983. Plaintiff must prove that the conviction or sentence
2  has been reversed on appeal etc. etc. (D) M. Bevan et. al., <u>did not convict nor sentence</u> (P)
3  Bailey at any time now or in the past. This false conviction or sentence has no bearing on
4  M. Bevan for the simple reason that all damages attributed to (D) Bevan and the relief
5  sought, began six months before any false conviction of BAILEY. The conviction of
6  BAILEY does not reach back in time to the prior six months when Bevan committed his
7  vandalism of (P) vehicle, kidnap/false arrest and attempted murder. These claims for relief,
8  are for the unlawful taking of Plaintiff's property that happened six months prior to any
9  judgment in the underlining action of PEOPLE versus BAILEY. In the underlining action
10 there was no award to any person or government entity of Bailey's property. Therefor: all
11 property taken by Bevan must be returned or compensation provided.
12 *Heck v. Humphrey* can only bar... *Heck* <u>and/or</u> *Humphrey*. See Federal Rules of Evidence:
13     Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or
14     Waste of Time.
15     Facts in support of the defendant M. Bevan et. al. motion, shall be only those directly
16 related to M. Bevan: Facts in support are constricted to: The police report submitted by M.
17 Bevan to the City of El Cajon. M. Bevan in his official report: Number; "06-019196
18 DECLARATION AND DETERMINATION (PROBABLE CAUSE FOR WARRANTLESS
19 ARREST) El Cajon Police Department   FACTS ESTABLISHING ELEMENTS OF
20 <u>CRIME</u> AND IDENTIFICATION...." Note the specification, <u>CRIME</u>! Take special Note:
21 [copied from] "arrest report ...06-019196"
22     <u>**"Officers were on an unrelated traffic stop when Bailey was observed peering at**
       **them from inside a parked van. When Officers spoke to Bailey he shut the door**
23     **to his van quickly which appeared unusual."**</u>
24
       This according to Defendant M. Bevan and upheld by City of El Cajon, is the reason
25
    for the warrantless arrest, the act of **<u>PEERING</u>**. From a parked van. This critical document
26
    is omitted in an effort to deceive the entitled Court. Thus contempt.
27
       Plaintiff BAILEY does not provide the entitled Court with a copy of the police report,
28

5

to do such is to prejudice the court in violation of court procedures. As stated the **police report is a fraud** and is not permitted (false documents) in a motion to dismiss. The police report also admits by the hand of M. Bevan, to a number of criminal activities, which the plaintiff will provide as proof positive at the jury trial.

Without provocation, Bevan and/or JASON SARGENT #297, JAMES BRAI #210, ERIC TAYLOR #157, proceeded, for a period of six hours, to vandalize plaintiff's vehicle from outside in a violent attempt to murder Plaintiff whom is within the van. Defendants admit freely incorporating the aid of explosives and poison gas. Plaintiff and witnesses, upon multiple request where not privileged to the cause of the criminal acts [id] by defendants.

To justify M. Bevan criminal behavior, nine hours after the false arrest and kidnap. M. Bevan claims authority to arrest (P) BAILEY for Penal Code Section "12031(a)(2)(A) P.C. FELON IN POSSESSION OF FIREARM."

The ***next document critical for M. Bevan's motion***, would be to provide the entitled Court with a legal document proving that BAILEY is in fact a felon. The omission is intentional as BAILEY has **NEVER BEEN A FELON**. This alone is contempt barring defendant's attorneys motion to dismiss. Also cause for further civil damages. See California Civil Code §45:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

Or better yet;

California Civil Code §46.

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

For some unknown reason Bonnie Dumanis [district attorney] (Defendant) did not think that plaintiff BAILEY committed PC §12031 (a)(2)(A) (as stated in the Bevan police report) but without any knowledge, claimed Bailey committed PC §12025 (a)(1) even though

Bonnie Dumanis was not present at the time of kidnap/false arrest. This is exposed in defendant's motion to dismiss EXHIBIT "A." Whereas The Superior Court under (D) Judge Allen J. Preckel did not agree with (D) Bonnie Dumanis nor (D) Bevan, and without actual involvement decided that (P) Bailey was committing the noncriminal/nonexistent act of P.C. §12025(A)(1) (See Exhibit "B" page #1 of 3 attached to, motion to dismiss).

## ARGUMENT

1. Law versus court decisions?

The maxims of jurisprudence (case law) is intended *not to* qualify any of the foregoing provisions of the statutes and codes, but to aid in their just application. Emphases on JUST.

2. Is Title 42 U.S.C. §1983 predominated by *Heck v. Humphrey* which bars constitutional rights if a person pleads guilty to a nonexistent code?

At no time will a court decision (case law) deny the constitutional rights of anyone. This is undeniable and so stated in amendments I; V; VII; IX; XIV. *Heck v. Humphrey* does not state that it has the power to do such. No authority.

> *Heck v. Humphrey*... "If a 1983 judgment in his favor would not demonstrate the invalidity of his confinement, he is outside the habeas statute, and may seek damages for a constitutional violation even without showing "favorable termination." A state prisoner may, for example, seek damages for an unreasonable search that produced evidence lawfully or harmlessly admitted at trial, or even nominal damages for, say, a violation of his right to procedural due process, see Carey v. Piphus, 435 U.S., at 266. See ante, at 10-11, and n. 7. Page I"

3. Is the legality of AMENDMENT XIV being over ruled by (California) Penal Code §12025 (b)(1)?

(California) Penal Code §12025 (b)(1) allegation of (D) Dumanis and (D) Judge ALLEN J. PRECKEL reads: "(b) Carrying a concealed firearm in violation of this section is punishable, as follows: (1) Where the person previously has been convicted of any felony or of any crime made punishable by this chapter as a felony."

This PART IV section 12025 (b)(1) must be analyzed as it is ambiguous. First of all any person convicted of felony is resolved of that epithet upon the completion of the persons

1  fulfillment of a court judgment. Penal Code §12025 (b)(1) would only implement if a felon
2  was under a court order not to carry a concealed firearm. Not all felonies are restrictive as to
3  firearms. Upon fulfillment of a felons debt to society he becomes an ex-felon and all
4  constitutional rights are restored. Including the right to "Carrying a concealed firearm." No
5  part of PART IV Cal. Penal Code forbids the carrying, [transporting] ownership, of any
6  firearm. It would be unconstitutional, automatically.

7      One constitutional right that is not abridged by conviction of a felony is the right to
8  commenced a civil action against wrongdoers. Foremost this section 12025 (b)(1) of Penal
9  Code does not qualify as a crime. To qualify as a crime it must meet certain standards set
10 forth in Penal Code Section 15. To be a public offense it must state that some behavior must
11 be prohibited or a command is set forth. Violations of certain crimes are enhanced where this
12 "Part IV" section may apply in the interest of public safety under the following guidelines;
13 (Part IV of Penal Code) is set out in (California) Penal Code §12021.1 (b) As used in this
14 section, a violent offense includes any of the following:

15  (1) Murder or voluntary manslaughter. (2) Mayhem. (3) Rape. (4) Sodomy by force, violence, duress, menace or threat of great bodily harm. (5) Oral copulation by force,
16  violence, duress, menace, or threat of great bodily harm. (6) Lewd acts on a child under the age of 14 years. (7) Any felony punishable by death or imprisonment in the
17  state prison for life. (8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, that has been charged and proven, or
18  any felony in which the defendant uses a firearm which use has been charged and proven. (9) Attempted murder. (10) Assault with intent to commit rape or robbery.
19  (11) Assault with a deadly weapon of or instrument on a peace officer. (12) Assault by a life prisoner on a noninmate. (14) Arson. (15) Exploding a destructive device or any
20  explosive with intent to injure. (16) Exploding a destructive device or any explosive causing great bodily injury. (17) Exploding a destructive device or any explosive with
21  intent to murder. (18) Robbery. (19) Kidnapping. (20) Taking a hostage by an inmate of a state prison. (21) Attempt to commit a felony punishable by death or
22  imprisonment in the state prison for life. (22) Any felony in which the defendant personally used a dangerous or deadly weapon. (23) Escape from a state prison by use
23  of force or violence. (24) Assault with a deadly weapon or force likely to produce great bodily injury. (25) Any felony violation of Section 186.22. (26) Any attempt to
24  commit a crime listed in this subsection other than an assault. (27) Any offense enumerated in subdivision (a), (b), or (d) of Section 12001.6. (28) Carjacking. (29)
25  Any offense enumerated in subdivision (c) of Section 12001.6 if the person has two or more convictions for violating paragraph (2) of subdivision a of Section 417.
26

27  A person as above stated can be punished for the use of a firearm in the commission of a
28  serious crime. Plaintiff BAILEY *HAS NEVER BEEN CHARGED NOR CONVICTED OF*

*ANY OF THE SECTIONS* 1 through 29. Therefore the right to own or to have possession or control of a firearm is permitted for (P) Mr. Bailey. One other requirement the court must consider is there an evil design, intention? See P.C. §26 subsection "Five–" (P) Bailey has never been accused of any evil or intended acts, never!

In comparison Mr. Bevan; while carrying a firearm, coincidently has violated (*Ib*) subsections: 7; 8; 9; 10; 15; 18; 19; 22; 24; and 28. Grand total? 10 violent felonies. Charged, without challenge, in the plaintiff's complaint and ***NO DENIALS FORM ANY DEFENDANT***.

Comparing sins? Bailey 0: versus 4 Defendants; JASON SARGENT #297; JAMES BRAI #210; ERIC TAYLOR #157; and M. BEVAN; multiplied by 10 crimes (each), equals 40 felonies. 40 violent felonies Defendants audacity to slander the good name of Bailey when Defendants have obtain the status of "street gangsters."

Beg your pardon this motion only concerns Mr. Bevan and the City of El Cajon. Only 10 violent felonies. City of El Cajon? Ring leader? R.I.C.O.?

4. Is the Defendant[s] requesting dismissal for Defendants City of El Cajon and M. Bevan or all defendants?

No other defendants appear.

5. Is M. Bevan liable to Bailey for damages?

California Annotated Civil Code §52.3. (a) No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California.

6. Is the City of El Cajon liable for the damages caused by it's employees?

The City of El Cajon is a corporation which includes a contract to provide public services controlled by the California Constitution.

California Annotated Civil Code §(3300.) Section Thirty-three Hundred. For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.

First Amended Complaint Section II page 2 (lines 3-5). See: Title 42 U.S.C. Section 14141 imposes vicarious liability on the City for the acts of its officers. Section 14141(a) clearly states that a "governmental authority" can be liable for "engag[ing] in a pattern or practice of conduct by law enforcement officers." Had Congress intended that the City would not be liable for the acts of its officers under § 14141, the statute would have omitted the term "governmental authorities" from § 14141(a) and only made it unlawful for the "agents" or "person[s] acting on behalf of" a governmental authority to engage in a pattern of conduct by law enforcement officers. Instead, the text of the statute makes clear that Congress chose specifically to make governmental bodies liable for "conduct by law enforcement officers" (and the legislative history is not to the contrary).

The Constitution does not bar the imposition of vicarious liability. It is clearly within Congress' authority to impose vicarious liability on governmental agencies for patterns or practices of unconstitutional conduct. Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257 (1998); Faragher v. Boca Raton, 118 S.Ct. 2275 (1998).

The Complaint satisfies Fed. R. Civ. P. 8. The United States [plaintiff] was not required to allege in its Complaint each and every fact in support of its allegations, and its complaint alleging municipal liability is not subject to a heightened pleading standard. Crawford-El v. Britton, 523 U.S. 574, 595 (1998); Leatherman v. Tarrant County, 507 U.S. 163 (1993); Conley v. Gibson, 355 U.S. 41 (1957).[1]

7. Is Bailey (P) a felon?

Affirmed NO! Ex-felon? Affirmed NO! One constitutional right that is not abridged by conviction of a felony is the right to commenced a civil action against wrongdoers.

8. Did Bailey violate (California) Penal Code §12025(A)(1)?

Bailey as a defendant in the fraudulent criminal case: "SCE267015" affirms that at no time, plead guilty to any crime of May 17, 2008, Def. EXHIBIT "B" page one. (California) Penal Code §12025(A)(1) is non-existent. Bailey has challenged: The California State court, twice; Defendant Judge ALLEN J. PRECKEL; Defendant Judge HERBERT J. EXARHOS; Judge Whitney; District Attorney: Defendant Bonnie Dumanis; State appellate Court; This court; Judge Moskwitz; The State Attorney: Jerry Brown. That (California) Penal Code §12025(A)(1) is not a criminal code, nor exist.

Plaintiff has proven that in the above courts that the entire section of Penal Code "PART IV" to be enhancement only after a crime has been charged stemming form "PART I" of (California) Penal Code. At no time has any of the above mentioned People (judges and attorneys) attempted to respond therefore Plaintiff Bailey has prevailed in theory and those

---

[1] U.S. District Court Southern Ohio Eastern Division USA v. City of Columbus, Ohio et. Al., Civil No. C2-99-1097 Judge Holschuh.

1  point rased. Defendant's Exhibit B. is a plea bargain to avoid additional charges and
2  excessive penalties. Made under threat from ALLEN J. PRECKE. Generally, the parties
3  cannot enter into a plea bargain for acts that do not constitute crimes. Case of <u>In re Crumpton
4  (1973) 9 Cal. 3d 463, 106 Cal Rptr. 770</u>.
5      9. Did Bailey (P) plead guilty to a crime in the "fraudulent" action of People v. Bailey
6  SCE267015?
7      At no time ever. Affirmed NO! Plaintiff Bailey Herein declares <u>People v. Bailey
8  SCE267015</u> as a mock undertaking by the defendants HERBERT J. EXARHOS and ALLEN
9  J. PRECKE whom *never at any time* had jurisdiction over Bailey.

10  This conclusion flows not from a preference about how the habeas and 1983 statutes
11  ought to have been written, but from a recognition that "Congress has determined that
    habeas corpus is the appropriate remedy for state prisoners attacking the validity of the
12  fact or length of their confinement, [a] specific determination [that] must override the
    general terms of 1983." Id., at 490. *Heck v. Humphrey*...

13
14  habeas corpus *ad prosaquendum*. A writ for removing a prisoner for trial in the
15  jurisdiction of the issuing court <u>where the prisoner committed a crime</u>.
16  habeas corpus *ad faciendum et recipiendum* and habeas corpus *cum causa*. A writ
17  issued from a superior court to an inferior court requiring that a defendant be produced along
18  with the <u>cause for which the defendant has been taken and held</u>.
19  habeas corpus *ad subjiciendum* An extraordinary writ issued upon a petition
20  challenging the <u>lawfulness of restraining a person</u> who is in prison or otherwise in another's
21  custody.
22  habeas corpus *ad testificandum* A writ for bringing a person into a <u>court</u> as a <u>witness</u>.
23  *Heck v. Humphrey*... Primarily involved a prisoner's treatment during incarnation with
24  habeas corpus as a remedy as apposed to a "1983 action."
25  (P) Bailey agrees with court findings in relation to *Heck v. Humphrey*. It has
26  absolutely no platform in this action. As this court can see, these avenues of *Heck v.
27  Humphrey*, seemed to be based on legal arrest and legal charges and legal detention. They
28  are engineered to secure proper procedure, *but* when a person is Kidnap, carjacked and a

1  victim of false imprisonment, habeas corpus writ is an exercise in futility.

2  Plaintiff BAILEY submitted a habeas corpus writ to the proper division court for the
3  state of California. Without proper cause the appeals court affirmed the lower court's
4  fraudulent judgment. This is understandable, as the California court system, defendants
5  herein, cannot afford to acknowledge the constitutional rights of the plaintiff BAILEY.
6  "Damage control!" Thus the foundation of this action.

7  10. Was M. Bevan committing acts that are covered under the legal theory of
8  replevin?

9  Replevin! Defendants please take: note the legal theory where the original taking was
10 wrongful. Plaintiff seeks from the Defendants herein declared, compensatory damages; the
11 return and relief for the period that plaintiff had to go without his personal property. Cost to
12 recover said property and the cost of this action. Cost for loss of Business, freedom, For cost
13 of damages to vehicle at $10,999.00 (vandalism generally P.C. §594-595) to vehicle directly
14 attributed to Defendants JASON SARGENT #297, JAMES BRAI #210, ERIC TAYLOR
15 #157, and M. Bevan herein, cost of VEHICLE substitution, personal property losses, cost of
16 storage of personal property during false imprisonment. P.C. §594 (b)(1) In the amount of ....
17 damage.... is $10,000 or more... a fine of not more than $50,000, or by both that fine and
18 imprisonment. Contributory and sequential damages. At no time did defendants have a right
19 to take plaintiff's property. At no time did any defendant make a legal claim to Plaintiff's
20 property. At no time has plaintiff acknowledged any defendant to have legal control or
21 ownership of Plaintiff's property.

22 11. Did M. Bevan violate California Penal Code §422.6(a) and (b)?

23 California Penal Code §422.6(a) and (b) reads as follows:
24     (a) No person, whether or not acting under color of law, shall by force or threat of force, willfully injured, intimidate, interfere with, oppress, or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him or her by the Constitution or laws of this state or by the Constitution or laws of the United States.

26 ///
27 ///
28

(b) No person, whether or not acting under color of law, shall knowingly deface, damage, or destroy the real or personal property of any other person for the purpose of intimidating or interfering with the free exercise or enjoyment of any right or privilege secured to the other person by the Constitution or laws of this state or by the Constitution or laws of the United States.

Please take notice that the terms: **"No person, shall,"** are the key terms that make this an enforceable, Public offence. **"free exercise or enjoyment of any right or privilege secured to him or her by the Constitution or laws of this state"**

12. Does this court have the authority to dismiss the entitled action after the demand of a jury trial?

When judge knows he lacks jurisdiction, or acts in face of clearly balanced statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost. Schorle, v. City of Greenhills et al., 524 F.Supp. 821 (1981). One constitutional right that is not abridged by conviction of a felony is the right to commenced a civil action against wrongdoers!

13. Are the defendants attorneys omitting facts that are critical to the motion before the court?

In the motion before this Court the defendants, M. Bevan and City of El Cajon fail to provide those documents directly authored by defendant Bevan, thus an attempt to mislead.

Those exhibits "A" and "B" attached to defendant M. Bevan's motion are directly contributed to defendants of this action but are the results of other defendants, defendants not part of this motion.

Those documents that support Defendant M. Bevan; JASON SARGENT #297; JAMES BRAI #210; and ERIC TAYLOR #157 in addition to the police report #06-019196, would be the interview by the "officer of internal affairs" for El Cajon Police.

Critically omitted: **THE VIDEO RECORDING MADE BY DEFENDANTS** M. Bevan JASON SARGENT #297; JAMES BRAI #210; ERIC TAYLOR #157 on the date of December 08 and 09, 2006 at the location of 518 Jamacha Road it is claimed as evidence as part of police arrest report (9 pages) diverted in this civil case to cloak the facts and the truth of the entitled matter. Thus Contempt, criminal in nature.

14. Would a dismissal of this action be obstructing justice?

Plaintiff objects to dismissal of pending action. The City of El Cajon and M. Bevan motion Relies on inappropriate Court Cases That Have No Bearing On The Constitutionality Of Plaintiffs rights.

The identification of an action against a wrongful converter of personal property is replevin, detinue or trover it maybe helpful in explaining the different kinds of recovery or it may be a relatively harmless historical observation. But when the preoccupation with common law forms leads to a decision denying recovery because of technical defects in the complaint, it seems contrary to established principles of code pleading. *Richards v. Morey* (1901) 133 C. 437, 439, 65 P. 866. [restructured for verb tense]

15. Did the defendants attorneys commit violations of Bus & P C §6068?

Under Bus & P C §6068, an attorney is required: To support the Constitution and laws of the United States and California. To maintain respect for the courts and judicial officers. To employ only means that are consistent with truth, and *never seek to mislead a judge or judicial officer by a false statement of fact or law.*

> RULES OF PROFESSIONAL CONDUCT Rule 5-200. Trial Conduct In presenting a matter to a tribunal, a member:(A) Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth; (B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law;(C) Shall not intentionally misquote to a tribunal the language of a book, statute, or decision;(D) Shall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional.

A public entity and individual law enforcement officers can be liable for injuries caused by the tortious conduct of those officers. *Munoz v Olin* (1979) 24 C3d 629, 156 CR 727.

Pro se plaintiff Russell BAILEY has NOT FAILED to state a claim upon which relief can be granted. Plaintiffs is not barred from federal civil-rights cause of action. Fed. R. Civ. P. 12(b)(6). To dismiss the Complaint on the grounds that it fails to state a claim upon which relief may be granted. The motion should be denied because the Complaint states a cognizable claim for relief based on a pattern or practice of unconstitutional acts for which

the City is liable. The Complaint States A Valid Claim For Relief allege that City of El Cajon officers have engaged in a pattern or practice of (a) excessive force, (b) false arrests and charges, (c) unlawful searches, and (d) falsifying official reports. Federal courts have held that these types of misconduct individually or collectively violate citizens' constitutional rights. Because § 14141 makes it unlawful for any governmental entity to engage in a pattern or practice of conduct by its law enforcement officers that violates citizens' constitutional rights. This Complaint states a cognizable claim for relief.

The complaint states a valid claim for relief (page 6). First Amended Complaint lines 21-25, allege that El Cajon Police officers have engaged in excessive force, false arrests and charges, unlawful searches, and falsifying official reports. These types of misconduct individually or collectively violate citizens' constitutional rights. Tennessee v. Garner, 471 U.S. 1 (1985); Graham v. Connor, 490 U.S. 386 (1989); Albright v. Oliver, 510 U.S. 266 (1994); Deitrich v. Burrows, 167 F.3d 1007, 1013 (6th Cir. 1999); Olson v. Tyler, 771 F.2d 277 (7th Cir. 1985); Knowles v. Iowa, 119 S.Ct. 484 (1998); Wyoming v. Houghton, 119 S.Ct. 1297 (1999); Kalina v. Fletcher, 118 S.Ct. 502 (1997); Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir. 1989); Bruning v. Pixler, 949 F.2d 352, 357 (10th Cir. 1991).

> While (Cal. Annotated Codes) government code Section 821.6 immunizes public employees from liability for malicious prosecution even if the employee acts maliciously and without probable cause, an employee can be liable for malicious false Imprisonment, and the entity held liable for malicious acts done within the scope of the employee's employment.

On the date of December 09, 2006, (D) Bevan having kidnapped plaintiff, transported plaintiff to a holding cell within the El Cajon city police station, thereby committing malicious false imprisonment. (P) Bailey had not yet been charged with any criminal offence. On the same date the El Cajon city police did, by vehicle, transport plaintiff to San Diego County Jail in San Diego City proper. Thereafter the defendant William Kolender became responsible for the false imprisonment of plaintiff. At that time it was the end of criminal activity by defendant Bevan, his gang and the city of El Cajon. Those exhibits

15

1 presented to this Court in the name of Bevan, came much later (six months) and are not
2 relevant to this motion.
3     The failure to bring this point to the court by Defendant's counsel is contempt and
4 cause for this court to impose sanctions on Defendants attorneys. Defendants counsel's
5 mockery of procedure is no less an attempt to postpone this trial of collective criminals and
6 the extensive damages that have <u>NOT BEEN DENIED</u> by the defendants all.
7     Please take notice that on defendants memorandum of points and authorities In
8 support of defendant's motion to dismiss complaint, <u>page 2 lines 24 through 27</u>
9 " Plaintiff was arrested..." (Line 24; then again Line 26) "...result of plaintiff's arrest.." is
10 false and meant to mislead the entitled court. It has been established that at no time has
11 Plaintiff Bailey been arrested. "Arrested..." conjures the false impression that a legal process
12 took place. The allegations of wrong doing by defendant M. Bevan continue to escape
13 Defendants Attorneys. ***<u>ONE CONSTITUTIONAL RIGHT THAT IS NOT ABRIDGED BY</u>***
14 ***<u>CONVICTION OF A FELONY IS THE RIGHT TO COMMENCED A CIVIL ACTION</u>***
15 ***<u>AGAINST WRONGDOERS!</u>***
16                            REQUEST FOR SANCTIONS
17     For these reasons it is proper and justified that plaintiff be awarded sanctions by way
18 of court order, it is proper and reasonable to pay plaintiff monetary relief and move forward
19 to jury trial.
20     Plaintiff acting pro se as above argues that the forgoing is to be true and honest this
21 30th day of April, 2008.
22 _____
23 Russo Bailey Plaintiff pro se

```
1  Russo Bailey Plaintiff proSe
   864 N. 2nd Street #138
2  El Cajon CA 92021
   Telephone (619)504-5682
3
```

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br>    Plaintiff,<br><br>v.<br>STATE OF CALIFORNIA<br>DEPARTMENT OF JUSTICE, et., al.<br>    Defendants | CIVIL No. 07cv2090 JM (BLM)<br>PLAINTIFF MOVES THE ENTITLED COURT FOR SANCTIONS AGAINST DEFENDANTS FRIVOLOUS MOTION TO DISMISS.<br><br>F. R. Civ. P. 11 (b) &(b)(1) and C.C.P. §1218 |

To the Entitled Court and to the attorneys for the DEFENDANTS: M. BEVAN and CITY OF EL CAJON. PLAINTIFF MOVES THE ENTITLED COURT FOR SANCTIONS AGAINST DEFENDANTS FRIVOLOUS MOTION TO DISMISS.

A willful misrepresentation to the court can form the basis of a contempt charge. See, e.g., Vaughn v Municipal Court (1967) 252 CA2d 348, 60 CR 575 (attorney who made untrue representations to court to obtain continuance properly found in contempt of court after being cited and offered reasonable opportunity to explain).

The Plaintiff request that in light of the bad faith MOTION TO DISMISS presented by the Defendants: M. BEVAN and CITY OF EL CAJON, THAT PLAINTIFF BE AWARDED SANCTIONS BY WAY OF COURT ORDER TO PAY PLAINTIFF A $1,000 (One thousand dollars) amount from appearing individual defendants for there frivolous Motion to dismiss.

## REQUEST FOR SANCTIONS: F. R. Civ. P. 11 (b) &(b)(1) and C.C.P. §1218

**F. R. Civ. P. 56 (g) Affidavits Made in Bad Faith.**
Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party
the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

C.C.P. §1218 "..if it be adjudged that he or she is guilty of contempt, a fine may be imposed on him or her not exceeding one thousand dollars ($1,000), ..."

Jud.Law 487(1) "...a lawyer may be held liable for treble damages for engaging in deceit or collusion with intent to deceive the court or any party."

TO the forgoing; the Plaintiff acting pro se does affirm to be in good faith this 30th day of April, 2008

*[signature]*

Russo Bailey PRO SE PLAINTIFF

RUSSO BAILEY pro Se
864 N. 2nd STREET #138
El Cajon CA 92021
Telephone (619)504-5682

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
  vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)

## DECLARATION OF SERVICE

I, the undersigned declared under penalty of perjury that I am over the age eighteen years and a party to this action; that I served the individuals on the service list attached here to the following documents:
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, VIA CITY OF EL CAJON AND M. BEVAN
REQUEST FOR SANCTIONS F. R. Civ. P. 11 (b) &(b)(1)
in the following manner: by placing a copy in a separate envelope, for each address named below, and placing it for collection and mailing with the United States Postal Service, at El Cajon California on the date of: January 19, 2008

SERVICE LIST:

State of California Department of Justice
110 West A Street Suite 1100
San Diego, CA 92186-5266

Attorneys for City of El Cajon and M. Bevan;

McDougal, Love, Eckis, Smith, Boehmer & Foley
460 North Magnolia Avenue
El Cajon, CA 92020

continued

Attorneys for Allen J. Preckel;
Darlene A. Dornan, Cheryl L. Brierton
220 West Broadway
San Diego, CA 92101

SAN DIEGO COUNTY,
1600 Pacific Highway Room 355
San Diego California 92101

BONNIE DUMANIS,
250 E. Main Street, Fifth floor
El Cajon, California 92021

WILLIAM, KOLENDER
9621 Ridgehaven Ct.
San Diego California 92123

executed on January 19, 2008    at El Cajon California

_____
Russo Bailey