```
1  Russo Bailey Plaintiff proSe
   864 N. 2nd Street #138
2  El Cajon CA 92021
   Telephone (619)504-5682
3
```

FILED
08 MAY 13 PM 4:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
ALLEN J. PRECKEL,
CITY OF EL CAJON, M. BEVAN,
SAN DIEGO COUNTY,
DONNIE DUMANUS,
WILLIAM, KOLENDER,
25 Unknown police and sheriff deputies,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)
PLAINTIFF'S
OPPOSITION TO MOTION TO
STRIKE FIRST AMENDED
COMPLAINT

BY DEFENDANT
ALLEN J. PRECKEL.

Hearing: June 6, 2008
Time: 1:30 p.m.
Courtroom: 16 (5TH Floor)
Judge: Jeffrey T. Miller

REQUEST FOR SANCTIONS
F. R. Civ. P. 11 (b) &(b)(1)

NOW COMES PLAINTIFF pro Se in <u>OPPOSITION</u> to Motion to Strike First Amended

Complaint by the Defendant ALLEN J. PRECKEL;

    ALLEN J. PRECKEL's employer AND DEFENDANT, the STATE OF

CALIFORNIA DEPARTMENT OF JUSTICE, makes no appearance here; NO OTHER

DEFENDANTS ARE REPRESENTED IN THE INSTANT MOTION.

On the date of May 1st, 2008, Plaintiff received Defendant Preckel's motion to Strike First Amended Complaint without prejudiced.

To date no defendant has filed an answer to the complaint. This action is demanded to jury trial.

(D) Allen J. Preckel is an employee of the defendant; State of California Department of Justice.

Allan J. Preckel (judge of the Superior Court of California County of San Diego) moves to strike the first amended complaint on the grounds that this entitled Court for United States, has previously dismissed the complaint against the defendant Preckel on March 18, 2008.

The (D) STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, does not object to the First Amended Complaint.   (D) Judge Preckel has no authority to act as a Judge in this matter.

<u>ORDER GRANTING JUDGE PRECKEL'S MOTION...March 18, 2008</u>

The entitled Court dismisses the complaint against Allan J. Preckel on the principle of absolute Judicial immunity. This false contention of the entitled Court has been corrected by Plaintiff through appropriate laws set forth in Annotated California Codes, Government Section 820 "employee liability." (See Plaintiff's earlier document entitled IMPEACHMENT OF COURT'S ORDER...page #2).  no Defendant nor the entitled Court challenges this statute and consequently Cal. C. Gov. §820 remains the predominant factor.

Defendant Preckel believes he is above the law by citing Court decisions that support no statute.

Employing fraudulent contingencies of quackery law, by submitting defendants Exhibit "C" entitled "Court of Appeals Forth Appellate District Division One State of California." Unsigned, without a court filling nor lodged court stamp, A false document

1  (according to Court of Appeals Forth Appellate District Division One State of California)
2  "NOT TO BE PUBLISHED IN OFFICIAL REPORTS." California Rules 8.1115(a) and
3  (b) of court prohibits... opinions not certified for publication stipulated on page one
4  Exhibit "C".
5    Exhibit "C." discredits it's self having no bearing here and is therefore excluded
6  from this federal civil action. Plaintiff objects to Defendants Exhibit "A" as set forth.
7    Bailey's appeal is not correctly stated in Exhibit "C" "<u>APPEAL from judgment</u>..."
8    Bailey appealed for **<u>LACK OF JURISDICTION</u>**.
9          **<u>THE DOCUMENT (EXHIBIT "C") IS A FRAUD</u>**.
10   The defendants document (Exhibit "C") refers to "(Pen. Code, § 12025, subd.
11  (a)(1)) and admitted he had a prior firearm conviction ..." Plaintiff objects to Defendants
12  Exhibit "B" as set forth.
13   <u>FRAUDULENT STATEMENT</u>, unsubstantiated; an act of contempt. (P) Bailey
14  has **<u>NEVER</u>** been charge with any crime nor any conduct punishable by any law
15  involving any firearm. **<u>NEVER!</u>** Defendant Preckel provides Exhibit "D" which is in
16  part an abstract "case summery of Exhibit "C" and by simple reasoning, it also is
17  immaterial in this civil case. Plaintiff objects to Defendants Exhibit "D" as set forth.
18   It is without merit and by operation of law, not be considered by this Court.
19   In support of (P) Bailey's OPPOSITION TO MOTION TO STRIKE FIRST
20  AMENDED COMPLAINT that proper argument cites Annotated California Codes,
21  Government Section 820 employee liability.
22   ALLEN J. PRECKEL's employer AND DEFENDANT, the STATE OF
23  CALIFORNIA DEPARTMENT OF JUSTICE, has a court ruling in the matter of
24  absolute Judicial immunity. It isn't good for Mr. ALLEN J. PRECKEL.
25   "Supreme court in <u>Perez-Torres v. State of California</u> rules against immunity for
26  holding innocent prisoners. On August 16, 2007, the California Supreme court ruled that
27  state defendants and agency were <u>not immune from suit</u> after where state defendants
28

conduct in keeping plaintiff in jail after <u>they knew or should have known</u> that he was the wrong man. The decision to hold the prisoner was <u>outside the statutory immunity</u>, making it subject to legal redress on the question of <u>negligence by the state</u>. The message is where a jailor knows that the prisoner should not be in incarcerated, there is no immunity in continuing to hold that prisoner." <u>SUPREME COURT OF CALIFORNIA 42 Cal. 4th 136; 164 P.3d 583; 64 Cal. Rptr. 3d 155; 2007 Cal. LEXIS 8703.</u>

<u>SUPREME COURT OF CALIFORNIA</u> is the employer of Defendant Preckel. Defendant Preckel knows or should know that His Employer is in opinion that employee (Defendant) Preckel is label for his criminal active.

"[A] jailor knows that the prisoner should not be in incarcerated..." that includes herein (D) Kolender. Plaintiff informed the jailor Kolender (Sheriff) that (P) Bailey was falsely imprisoned, repeatedly, beginning 5 months prior to release form that false imprisonment.

<u>IMPEACHMENT OF COURT'S ORDER</u>

On or about April third, 2008 Plaintiff filed with the entitled Court "IMPEACHMENT OF COURT'S ORDER." Referring to March 18, 2008 document 22.

Plaintiff submitted eleven pages with statutes, rules, regulations, case law supporting the plaintiff's U.S. Constitutional rights to jury trial.

> Under the Constitution and statute, a jury trial in the cases coming within their language is a matter of *right*. Unwarranted denial or curtailment is not only *reversible error* but is also an act in excess of jurisdiction, subject to restraint by prohibition. *Budde v. Superior Court* (1950) 97 C.A.2d 615, 218 P.2d 103; *Mallarino v. Superior Court* (1953) 115 C.A.2d 781, 785, 252 P.2d 993.
> The Constitution has been held to guarantee a jury trial in actions triable by jury at common law. Generally speaking, this means that legal as distinguished from equitable actions are triable by jury. *Paularena v. Superior Court* (1965) 231 C.A.2d 906, 911, 42 C.R. 366; C.C.P. 592, supra, § 83.
> The following are typical legal actions:
> (1) Recovery of real property.
> (2) Recovery of personal property.
> (3) Money due under a contract or statute.
> (4) Damages for breach of contract.
> (5) Damages for injuries to property.
> (6) Damages for injuries to person or reputation.
> (7) Damages for fraud and deceit.
> (8) Quasi-contractual obligations and restitution.

This action is for (2); (4); (5); (6); (7); (8). As stated above.

Even in a jury case, *issues of law* are triable by the court. (See C.C.P. 589, 591, 592; Ev.C. 310(a).) states the general rule: "All questions of law (including but not limited to questions concerning the construction of statutes and other writings, the admissibility of evidence, and other rules of evidence) are to be decided by the court." (See *Cal. Evidence*, 2d, §1081.) All holdings and dicta is from (D) State of California Department of Judice and the rules governing (D) Preckel.

Service of plaintiff's "impeachment" was served on all defendants. At no time did any defendant: object or oppose plaintiff's "impeachment." The entitled Court found no cause to object or to oppose "Plaintiff's impeachment."

The entitled Court did without cause and without legal authority "DENIED A MOTION FOR RECONSIDERATION." At no time was a "MOTION FOR RECONSIDERATION" submitted to the entitled Court in the entitled matter.

Therefore a motion for reconsideration is immaterial. No legal precedence, the entitled court is not at liberty to create nor retitle Plaintiff's documents. Plaintiff objects to Defendants Exhibit "A."

### FRAUD BY DEFENDANT PRECKEL

"Plaintiff is challenging the proceedings in his underlining state criminal case People vs. Russell Lorin Bailey California court case." (Page 2 lines 4 through 6 MOTION TO STRIKE). There is no criminal case (*People v. Bailey*) to challenge. That false case mentioned in (D) Preckel's MOTION TO STRIKE was dismissed by operation of law and resolved in favor of Bailey.

EXHIBIT "A" attached hereon is the final document, unchallenged and therefore only legal authority, in the matter of <u>SCE267015</u> *People v. Bailey*.

Plaintiff BAILEY at no time challenges here, any court case that has become a false issue created by the defendant Preckel. California court case number <u>SCE267015</u> or its appeal number <u>D051309</u> is irrelevant in this matter. The issue if this matter before this Court is that Judge Preckel has:

### **FALSELY IMPRISONED PLAINTIFF *BAILEY*.**

Judge Preckel asked the entitled court to over look criminal felonious behavior because of his god sent rights under Heck v. Humphrey. Plaintiff objects to Defendants misuse of courts decision where a legally incarcerated person should have petitioned the court on administrative conduct (a *habeas corpus writ*). Plaintiff Bailey concurs, and that *Heck* case did not seek relief in the false imprisonment, main issue here **_FALSE IMPRISONMENT!_** False imprisonment is not mentioned in the *Heck* matter, no relationship what so ever. Plaintiff objects to Defendants false use of court decision.

Those documents that would support Judge Preckel's motion to dismiss or to strike plaintiffs complaint, referring to Judge Preckel, would be on the order of a concrete foundation showing that defendant Judge Preckel had not committed the felony crime of false imprisonment. There is no such evidence nor is there any denial of the criminal behavior of Judge Preckel by any person.

The Defendant Judge Preckel would best serve this court in providing honest evidence. EVIDENCE where (P) Bailey <u>did file</u> documents (twice) with Judge Preckel's Court a demurrer and a motion to dismiss the MOCK criminal Case No. <u>SCE267015</u>. Those demands impute a legal responsibility adverted by both (D) Judge Preckel and (D) STATE OF CALIFORNIA DEPARTMENT OF JUSTICE.

Where demurrer and a motion to dismiss, introduced in "criminal Case No. <u>SCE267015</u>" approximately eight days after The False Arrest and False Imprisonment of (P) Bailey. (P) Bailey (some few days later) also served upon Attorney General for the State of California Department of Justice (D) a demand to release Bailey from the false imprisonment conducted by (D) Kolender.

In the motion to "strike" -- (D) Judge Preckel, seeks dismissal with prejudice based on Judicial immunity, state sovereign immunity, and the abstention doctrine under Heck v. Humphrey. [1] Abstention? The Defendant Preckel wants His Court to determine the; what? Constitutionally of (P) Bailey's false incarceration?

---

[1] MOTION TO STRIKE: POINTS AND AUTHORITIES Page 2 lines 10 and 11.

This is a erroneous doctrine based on a falsehood, incited by a criminal (Preckel) without denial. Defendants pleading WILL NOT BE CONSIDERED by The Entitled Court. This is contempt of court. Plaintiff is not on trial nor is there a cross-complaint.

This was the same argument Plaintiff Bailey made to (D) Allen J. Preckel prior to trial in which Bailey was a false defendant in (D) Preckel's mock court. Bailey as a false defendant also made it very clear that the court of (D) Preckel had no jurisdiction due to time restrains and lack of a complaint by the grand jury, or any person. (D) Judge Preckel did wantonly act outside his jurisdiction, both as an individual and as an administrator of California Department of Justice.

Plaintiff did inform ALL DEFENDANTS OF WRONG DOINGS AND TO WHAT DEGREE, by U.S. Mail, The State of California through Attorney General Edmund G. Brown four months prior to Bailey's counterfeit guilty plea in Preckel's mock trial. Plaintiff Bailey did claim damages as a result. Attorney General did fail to act appropriately or respond.

Plaintiff Bailey made it very clear to (D) Judge Preckel that at no time has Bailey BEEN LEGALLY ARRESTED, JAILED, OR CHARGED WITH A CRIME. Therefore No jurisdiction held by (D) Judge Preckel nor the (D) District Attorney, Bonnie Dumanis.

Defendants herein have never objected nor oppose this line of reasoning nor these laws binding. By way of omission in this "Motion to Strike" Defendant, Preckel, is in violation of "PART (one) I" (Cal. P.C. §15) a public offence, carried out by the defendants all. Defendants submission of Motion to Strike is in its' entirety, Perjury.

TITLE 18 U.S.C. § 1621. PERJURY GENERALLY
Whoever--(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully <u>subscribes as true any material matter which he does not believe to be true; is guilty of perjury</u> and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.(June 25, 1948, c. 645, 62 Stat. 773; Oct. 3, 1964, Pub.L. 88-619, § 1, 78 Stat. 995; Oct. 18, 1976, Pub.L. 94-550, § 2, 90 Stat. 2534.)

The Court will take NOTICE that Defendant Preckel, does not produce an answer of denial nor a POSITIVE DEFENSE TO THE CLAIMS OF MISCONDUCT.

1    Defendant PRECKEL claims "judicial immunity" for what? Discretionary acts? But! Plaintiff Bailey is not claiming damages on the "out come of the Lower Court judgment." Plaintiff is claiming damages due to the criminal acts of (D) Preckel. The Superior Court for California Eastern Division in El Cajon CA. Where (D) Preckel conducts His business, never had jurisdiction over Plaintiff Bailey and therefor any criminal judgment against Bailey is void and unenforceable. To review and study this MOTION of (D) Preckel it is pretentious and a sham in it's entirety.

(D) Preckel claims that He had, "merely ruled in a criminal action properly pending before him." (Page 13; line 11, Motion to Dismiss). False statement, (D) Preckel was well knowing that this was not <u>proper</u> and due to many objections and statutes voiced by (P) Bailey, (D) Preckel could not rule as (P) Bailey was not charged with a crime. No jurisdiction! (P) Bailey's complaint is controlled by jury because, JURY TRIAL DEMANDED!

## SUMMERY

No right to "judicial immunity" because the (D) Judge Preckel never had authority nor jurisdiction over Plaintiff Bailey, NEVER! Plaintiff Bailey has never been legally arrested nor legally charged with a crime. EVER! All Defendants of this civil action, know this because Plaintiff repeatedly made it very clear to each Defendant herein and many other California State and San Diego County employees.

IMMUNITY OF JUDGE
When judge knows he lacks jurisdiction, or acts in face of clearly balanced statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost. Schorle, v. City of Greenhills et al., 524 F.Supp. 821 (1981)

The STATE OF CALIFORNIA DEPARTMENT OF JUSTICE is also liable for damages as the state has declared,

Annotated California Code Government
815.2. (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

1. Plaintiff Bailey is victim of the groundless judicial proceedings instrumented by Defendant; ALLEN J. PRECKEL. Motion to Strike reads as follows:

Federal R. Civ. P. 12 (f) Motion To Strike.

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any **insufficient defense** or any redundant, immaterial, impertinent, or scandalous matter.

What insufficient defense does defendant Preckel seek stricken? Plaintiff's First Amended Complaint replaces the original complaint entirely.  FAC   produced no, redundant, immaterial, impertinent matter. JURY TRIAL DEMANDED!

Scandalous Matter? (D) ALLEN J. PRECKEL fails to point out, nor argues Scandalous Matter resulting from the FAC. (D) ALLEN J. PRECKEL provides idiom of F. R. Civ. P. But fails to itemize points in support of motion. (D) ALLEN J. PRECKEL claims, contrary to Impeachment of court order, to be dismissed from this civil action.

(D) ALLEN J. PRECKEL fails to over come the argument of (P) Baileys IMPEACHMENT. No one has attempted to declaim IMPEACHMENT, therefore, all defendants are reinstated. JURY TRIAL DEMANDED!

Only Plaintiff has authority to dismiss his action in part or as a whole. Trial by jury is paramount see U. S. Constitution. Demand of jury leaves the court only administrative duties. No judgment is proper until all evidence is submitted to a JURY. No exceptions. see U. S. Constitution. JURY TRIAL DEMANDED!

> CALIFORNIA Penal Code § 158. **Common barratry defined; punishment**
> Common barratry is the practice of exciting groundless judicial proceedings, and is punishable by imprisonment in the county jail not exceeding six months and by fine not exceeding one thousand dollars ($1000).

Notice that all of the recitals in the Defendant's document depends on "case law" not on statute. (D) ALLEN J. PRECKEL's F. R. Civ. P. 12 (f) is erratic, and without merit.

> The maxims of jurisprudence (case law) hereinafter set forth are intended not to qualify any of the foregoing provisions of the statutes and codes, but to aid in their just application. (emphases added by plaintiff).

Wherefore the above reasons the Plaintiff of the Entitled Court finds the Defendant

1  ALLEN J. PRECKEL and HIS ATTORNEYS herein to be in contempt. It is proper to
2  rule in favor of Plaintiff's OPPOSITION TO MOTION TO STRIKE FIRST AMENDED
3  COMPLAINT IN THE ABSENTS OF ANY OTHER DEFENDANTS, NO judgment nor
4  order TO STRIKE CAN BE PERMITTED due to deficiency of Defendant ALLEN J.
5  PRECKEL motion to strike. JURY TRIAL DEMANDED!
6      Also Plaintiff request that in light of the bad faith MOTION TO STRIKE
7  presented by the Defendant ALLEN J. PRECKEL, THAT PLAINTIFF BE granted relief.
8  That plaintiff be AWARDED SANCTIONS BY WAY OF COURT ORDER TO PAY
9  PLAINTIFF for his response to the frivolous motion of Defendant ALLEN J.
10 PRECKEL, and to move forward to jury trial. JURY TRIAL DEMANDED!
11     The bad faith MOTION TO STRIKE presented by the Defendant ALLEN J.
12 PRECKEL was not served on any other party other than Plaintiff and is for that reason
13 not to be admitted into the entitled action court file. (See EXHIBIT "B")
14     Plaintiff acting pro se, affirms that the forgoing is true and honest this 9th day of
15 May 2008.
16 
17 Russo Bailey

BAILEY v. STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
et. al.
07-cv-2090 JM (BLM) U.S.D.C. for the S.D.C.

RUSSO BAILEY
864 NORTH SECOND STREET #138
EL CAJON, CA 921021
TELEPHONE (619)504-5682

# EXHIBIT "A"

1  Russo Bailey Defendant pro Se
   864 N. 2ND Street #138
2  El Cajon CA 92021
   Telephone (619)504-5682
3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA, COUNTY
                                    OF SAN DIEGO
9                              EAST COUNTY DIVISION

10

11 | In the matter of                          Superior Court No. SEC267015
   | PEOPLE OF THE STATE OF CALIFORNIA
12 |       Plaintiff, RESPONDENT
                                               NOTICE OF DISMISSAL BY
13 |                                           OPERATION OF LAW
   |                                           Penal Code §§ 802(a) &1387.
   |       v.
14
   Russo Bailey
15       Defendant PRO SE.

16 TO THE ENTITLED COURT AND THE DISTRICT ATTORNEY:

17 Please take NOTICE that the Defendant acting pro se files with the entitled court a

18 Dismissal by operation of law. Penal Code §802.

19      "Penal Code §802(a). Except as provided in subdivision (b), (c), or (d),
        prosecution for an offense not punishable by death or imprisonment in the state
20      prison shall be commenced within one year after commission of the offense."

21      Opposition to the Dismissal must be presented to the entitled court and Defendant

22 no later than 30 days from receiving NOTICE or no later than March 30th 2008.

23                                      AT ISSUE

24      The information (CRIMINAL COMPLAINT) filed by the district attorney, real

25 party in interest, was and is invalid and ineffectual to confer jurisdiction on

26 DEFENDANT. THE ENTITLED COURT IS BARRED FROM trial charging

27 Defendant with a crime, because the statute of limitation has barred any jurisdiction this

28 court may have had.

DISMISSAL BY OPERATION OF LAW                                    CRIMINAL No.SEC267015

## FACTS OF THE CASE <u>SEC267015</u>

In the Criminal Case No. <u>SCE267015 People v. Bailey</u>, it has not been specified by the committing magistrate or shown by the evidence that a crime has occurred and which did not arise out of the transaction that was the basis for the commitment on count one nor two. Defendant has challenged all charges and counts. As a result of the magistrate's findings and the lack of relationship between the parties, The District Attorney should have been precluded from filing any charges, and the respondent court acted in excess of its jurisdiction in denying Defendant's demurrer and motion for dismissal on grounds of a timely trial and denial of a Penal Code §1538.5 Suppression of evidence, or to set aside the information. Penal Code §1382.

> "In a felony case when a defendant is *not* brought to trial within 60 days of the defendant's arraignment on an indictment or information or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2 or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after the mistrial has been declared,..."   `Emphases added`

Defendant was held to answer without reasonable and probable cause in that and respondent court acted in excess of its jurisdiction in denying petitioner's motion to set aside the information. The Magistrate did not immediately deliver a copy of the complaint nor inform the defendant of his right to counsel and the magistrate did not allow the defendant a reasonable time to send for counsel. Defendant was not permitted to communicate with the magistrate at any time.

Defendant was denied <u>Constitutional Rights under the California Constitution - Article One - Section 14.</u> At no time has the entitled court received a signed complaint against the defendant from the District Attorney. At no time has this Court had probable cause to detain nor prosecute the defendant.

At no time was there a great presumption nor convincing evidence presented to this Court that a crime was committed by the defendant.

At no time was a complaint presented to the entitled court on criminal grounds

1 against the defendant.

2 Defendant was held accountable to false felony charges before a video camera in

3 violation of Penal Code 977(b)(1).

4 "In all cases in which a felony is charged, the accused shall be present at the time of plea,.....The accused shall be personally present at all other proceedings unless
5 he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally president,..."

7 At no time has the Defendant waived any rights in any situation.

8 Defendant was unlawfully restraint of his liberty and imprisoned by William

9 Kolander at three of his many jails throughout San Diego County in the State of

10 California from the date of December 9, 2006 inclusively to the date of June 15, 2007. A

11 period of six months.

12 Cal Pen. Code §825(a)(1)

13 "Except as provided in paragraph (2) the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours
14 after his or her arrest, excluding Sundays and holidays."

16 At NO TIME has the San Diego County District Attorney file nor lodged a court

17 time stamped, signed complaint, charging Petitioner with a crime. Therefore this

18 California Superior Court never had jurisdiction. The time to do so has elapsed. Any

19 attempt to correct this oversight or to challenge this document is contempt.

20 These false charges: Penal Code §§ 12025(a)(1) and 12031(a)(1) were not filed in

21 the Superior Court for California until the date of December 27th, 2006. The petitioner

22 was arrested eight days prior. The court, by law had only until December 12th, 2006 to

23 arraigned the defendant on **real criminal** charges. Defendant was denied due process

24 has therefore by law was to be released on or before December 11, 2006 before the hour

of 8:30 p.m.

25
26 Cal Pen. Code §825(a)(1) "Except as provided in paragraph (2) the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in
27 any event, within 48 hours after his or her arrest, excluding Sundays and holidays."

28 The defendant was not released from jail. Defendant was to have a preliminary

1  examination on or before December 19, 2006. The entitled court did not carry out this
2  legal obligation and is further cause to dismiss the *false* charges against the defendant.
3      Defendant was arrested on the date of December 8, 2006. On the date of December
4  27th 2006 the District Attorney filed a *false* complaint without any crime acknowledged.
5  Under the provisions of Cal. Penal Code §800 inclusive (Statute of Limitations). "....Shall
6  be commenced within one year after commission of the offense..." As of December 8th,
7  2007 Under the Penal Code Section 802, a complaint cannot be filed against the
8  defendant.
9      Commencing criminal actions?
10     The District Attorney is barred by law from filing a complaint with the entitled
11 Court in the entitled matter.
12                 DECLARATORY JUDGMENT IN REM; *FINAL*
13     Due to coercion, Defendant did plead guilty to Penal Code §§ 12025(A)(1) and
14 12025(B)(1) of which there are no such Penal Codes.
15     It is for these reasons that the Entitled Court has no jurisdiction and that finding or
16 judgments herein are void and unenforceable. So declares The Defendant Russo Bailey
17 this _____ day of _____ 2008.
18 _____ *Russo Bailey May 11, 2008*
   Russo Bailey pro se Defendant
19
20 approx.. Mailed February
21
22
23
24
25
26
27
28

BAILEY v. STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
et. al.
07-cv-2090 JM (BLM) U.S.D.C. for the S.D.C.

RUSSO BAILEY
864 NORTH SECOND STREET #138
EL CAJON, CA 921021
TELEPHONE (619)504-5682

# EXHIBIT "B"

DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable Allan J. Preckel, Judge of the Superior
    Court of California, County of San Diego

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>           Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, ET AL.,<br><br>           Defendants. | Case No.: 07-CV-02090 JM (BLM)<br>**PROOF OF SERVICE**<br>[Local Rules 5.3, 5.4(c)] |

    I, PUI TSANG, declare that: I am over the age of eighteen years and not a party to the above-referenced case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs; and my business address is: 220 W. Broadway, San Diego, California.

    I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On April 28, 2008, I served the following document(s): **DEFENDANT JUDGE PRECKEL'S NOTICE OF MOTION TO STRIKE FIRST AMENDED COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE FIRST AMENDED COMPLAINT BY DEFENDANT, THE HONORABLE ALLAN J. PRECKEL, JUDGE OF THE CALIFORNIA COURT; DEFENDANT JUDGE PRECKEL'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE FIRST AMENDED COMPLAINT; DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE ON DEFENDANT JUDGE PRECKEL'S MOTION TO STRIKE FIRST AMENDED COMPLAINT; EXHIBIT TABLE OF CONTENTS & EXHIBITS A-D** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

**Russo Bailey
864 N. 2nd Street #138
El Cajon, CA 92021**

I then sealed each envelope and deposited said envelope(s) in the U.S. Postal Pick up box, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2008

PUI TSANG