# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                     Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; ALLEN J. PRECKEL; CITY OF EL CAJON; M. BEVAN; SAN DIEGO COUNTY; DONNIE DUMANUS; WILLIAM KOLENDER ,<br><br>                     Defendants. | CASE NO. 07cv2090 JM(BLM)<br><br>ORDER GRANTING JUDGE PRECKEL'S MOTION TO DISMISS; GRANTING CITY OF EL CAJON AND M. BEVAN'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Judge Allan J. Preckel moves to dismiss the First Amended Complaint ("FAC") based upon principles of absolute judicial immunity. Defendants City of El Cajon and M. Bevan move to dismiss all claims asserted against them pursuant to Rule 12(b)(6). Plaintiff Russo Bailey opposes all motions. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion of Judge Preckel is granted with prejudice and the motion of City of El Cajon and M. Bevan is granted with 20 days leave to amend. The court also denies Plaintiff's request for sanctions.

**BACKGROUND**

On October 31, 2007 Plaintiff Russo Bailey, prosecuting this civil rights action in forma pauperis and in propria persona, filed a complaint alleging six causes of action against Defendants. On December 8, 2006 Plaintiff alleges that defendant M. Bevan, Jason Sargent, James Brai, Eric Taylor and 15 unknown City of El Cajon police officers falsely arrested Plaintiff while he was parked in a public business parking lot in the City of El Cajon. (FAC at p.3:12-16). Plaintiff generally alleges that the individually named police officers and the 15 unknown police officers kidnaped Plaintiff, vandalized Plaintiff's car, and "illegally took plaintiff's personal property." FAC p.3:24).

Plaintiff was arrested on December 9, 2006 and a criminal complaint filed against him in the Superior court of California, charging Plaintiff with violation of Penal Code sections 12025(a)(1) and 12031(a)(1), carrying a concealed firearm in a vehicle and carrying a loaded firearm by a convicted person. (Request for Judicial Notice ("RJN"), Exh. A). On May 17, 2007 Plaintiff pled guilty to Penal Code section 12025(a)(1) and an enhancement for being a felon in possession of a firearm. (RFN Exh. B).

Plaintiff alleges that certain unidentified officers of the California Highway Patrol witnessed the alleged "felonies committed by El Cajon City Police." (FAC at p.8:8). Plaintiff also alleges that he was subjected to excessive force and that he "sustained damages by loss of his freedom, property, loss of continued usage of his property and loss of business." (FAC at p.7:13-14).

Based upon this generally described conduct, Plaintiff alleges six causes of action for (1) municipal liability under Monell; (2) false arrest, false imprisonment, and assault; (3) violation of 42 U.S.C. §1986(c); (4) excessive force; (5) violation of the Unruh Act, Cal.Civ.Code §52.1; and (6) breach of contract. Plaintiff also seeks injunctive relief to prevent Defendants from disseminating any "bad history of the Plaintiff." (Compl. at p.8:16-17)

**DISCUSSION**

**Legal Standards**

1  Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp v. Twombly</u>, __ 550 U.S. __, 127 S.Ct. 1955 (2007). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621 at 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in

civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983.) "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

**Motion of Judge Allan Preckel**

Plaintiff's claims against Judge Preckel relate to Plaintiff's May 17, 2007 guilty plea to being a felon in possession of a firearm in violation of Pen. Code §§12025(a)(1) and (b)(1), and subsequent sentence imposed by Judge Preckel. On March 18, 2008 the court granted Judge Preckel's motion to dismiss with prejudice and without leave to amend ("March Order"). As the court's prior order terminated this action against Judge Preckel with prejudice, the present motion is moot.

**Motion of Defendants City of El Cajon and M. Bevan**

The First and Second Claims for Relief

As in the March Order, Defendants move to dismiss the first claim for municipal liability under Monell and the second claim for false arrest, false imprisonment, and assault on the ground that such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." Id. at 486-87. A claim for damages which bears a direct relationship to the length or validity of a sentence which has not already been shown to be invalid is not cognizable under § 1983. Id. at 487.

The Supreme Court has held that even those claims which challenge the validity

of a particular procedure, but do not directly attack a conviction, sentence, or its result, are subject to the threshold requirements of Heck since it is often the case that "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641 (1997). Accordingly, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487; Edwards, 520 U.S. at 643. In other words, if a criminal conviction, prison disciplinary hearing or other judgment "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Edwards makes clear that this reasoning applies to a prisoner challenging a conviction underlying the original sentence. Edwards, 520 U.S. at 645-646; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Thus, to determine whether Heck and Edwards bar a claim for damages arising from a prison disciplinary hearing, the court must examine "not the relief sought, but the ground of the challenge." Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).

In the March Order, the court concluded that it could not determine the precise nature of these claims. The amended complaint sheds no further light on whether Plaintiff's claims are based upon his arrest for being a felon in possession of a firearm. With respect to the claim of false arrest, Plaintiff alleges that he was "falsely arrested while Plaintiff was legally parked in a public business parking lot." (FAC at p.3:14-15). There are no allegations to establish the circumstances of the arrest. Consequently, as on the first round of motions to dismiss, the court cannot determine whether such allegations run afoul of Heck. Whether or not a judgment in favor of Plaintiff on the false arrest claim necessarily invalidates the felon in possession conviction cannot be

determined and therefore Defendants cannot provide an adequate response to the complaint.

In his opposition to Defendants' motion to dismiss, Plaintiff argues, among other things, that the state criminal complaint filed against him was time-barred. (Oppo. Exh. A). As set forth above, if this is the basis for Plaintiff's claims, he must first move to set aside the conviction prior to bring a §1983 action.

In sum, the court grants the motion to dismiss the first and second claims with 20 days leave to amend from the date of entry of this order. Plaintiff is instructed to set forth sufficient allegations to inform Defendants whether his claims are based upon his arrest for being a felon in possession or whether there is some other basis for the claim. Plaintiff is advised that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of these claims with prejudice.

### The Third Claim for Violation of §1986

In the March Order, the court dismissed this claim for failure to set forth a claim under 42 U.S.C. §1985. The FAC provides no additional allegations regarding this claim. Consequently, the court dismisses this claim for the reasons set forth in the March Order, with 20 days leave to amend. Plaintiff is advised that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of these claims with prejudice.

### The Fourth Claim for Excessive Force

In the March Order, the court dismissed this claim for failure to allege that he suffered any personal injuries. The FAC provides no additional allegations regarding this claim. Consequently, the court dismisses this claim for the reasons set forth in the March Order, with 20 days leave to amend. Plaintiff is advised that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of these claims with prejudice.

### The Fifth Claim for Violation of the Unruh Act

In the March Order, the court dismissed this claim for failure to allege that he

1. complied with the prerequisites to filing a California's Tort Claim Act. The FAC
2. provides no additional allegations regarding this claim. Consequently, the court
3. dismisses this claim for the reasons set forth in the March Order, with 20 days leave to
4. amend. Plaintiff is advised that the failure to set forth sufficient allegations in a Second
5. Amended Complaint may result in the dismissal of these claims with prejudice.
6. **Plaintiff's Motion for Sanctions**
7. Plaintiff moves for an award of sanctions against Defendants on the ground that
8. their motions are brought in bad faith. Plaintiff's motion is denied as Defendants'
9. motions have substantial merit.
10. **Plaintiff's Opposition**
11. In order to provide some guidance to Plaintiff, the court separately addresses
12. Plaintiff's opposition to Defendant City and Bevan's motion. The thrust of Plaintiff's
13. opposition is two-fold. First, Plaintiff repeats his meritless argument that Plaintiff could
14. not possibly be guilty of violating California Penal Code Sections 12025(a)(1) and
15. (b)(1) because the criminal minute notes indicate that he pleaded guilty to PC
16. 12025(A)(1) and PC 12025(B)(1), with capital letters "A" and "B," and not small letters
17. "a" and "b." Plaintiff then wrongfully concludes that he pleaded guilty to non-existing
18. crimes. Second, Plaintiff argues that could not be criminally liable for being a felon in
19. possession of a firearm because he is "an ex-felon and all constitutional rights are
20. restored [i]ncluding the right to 'Carrying a concealed firearm.'" (Oppo at p.8:4). Not
21. only does such an argument appear to lack a basis in fact or law, such an argument
22. directly impacts the rule announced in <u>Heck v. Humphrey</u>, discussed above.         I n
23. sum, Judge Preckel is dismissed with prejudice and without leave to amend, the claims
24. against City of El Cajon and M. Bevan are dismissed with 20 days leave to amend from
25. the date of entry of this order, and Plaintiff's motion for sanctions is
26. / / /
27.
28.

denied. Plaintiff is advised that his failure to state a claim in a Second Amended Complaint may result in the dismissal of the action with prejudice.

**IT IS SO ORDERED.**

DATED: June 25, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties