Steven E. Boehmer (#144817)
Carrie L. Mitchell (#221845)
McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY
460 North Magnolia Avenue
El Cajon, California 92020
(619) 440-4444/Fax (619) 440-4907

Attorneys for Defendants: CITY OF EL CAJON and M. BEVAN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSO BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE, ALLEN J. PRECKEL, CITY OF EL CAJON, M. BEVAN, SA DIEGO COUNTY, DONNIE DUMANUS, WILLIAM KOLENDER, 25 UNKNOWN POLICE AND SHERIFF DEPUTIES,<br><br>Defendants. | Case No. 07CV2090 JM (BLM)<br><br>**MOTION BY DEFENDANTS CITY OF EL CAJON AND M. BEVAN TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE 41(b)**<br><br>Date: September 5, 2008<br>Time: 1:30 p.m.<br>Courtroom: 16 |

The defendants, City of El Cajon and M. Bevan, submit the following memorandum of points and authorities in support of their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b):

**I.**

**SUMMARY OF PROCEEDINGS**

On October 31, 2007, plaintiff filed this action against CITY OF EL CAJON and M. BEVAN, alleging five causes of action against these defendants.

On March 18, 2008, the Court issued an order granting the City and Officer Bevan's motion to dismiss the third, fourth and fifth claims for relief with leave to amend. The Court did

not dismiss the first and second claims for relief because it was unclear whether the false arrest claim was premised upon plaintiff's arrest on the felon in possession charge. Plaintiff amended his complaint but failed to allege any additional facts to support his claims.

On April 18, 2008, the defendants again filed a motion to dismiss the complaint on the basis that plaintiff amended his complaint but failed to cure the defects set forth in the Court's order as to the third, fourth and fifth claims for relief. The defendants again moved to dismiss the first and second claims for relief because the criminal case referred to by plaintiff in the first amended complaint demonstrated that plaintiff was charged with being a felon in possession of a firearm as a result of his arrest and plead guilty to that charge rendering both his false arrest and false imprisonment claims not cognizable under *Heck v. Humphrey*.

On June 25, 2008, the court granted the motion to dismiss the first and second claims with 20 days to leave to amend from the date of entry of the order. Plaintiff was instructed to set forth sufficient allegations to inform defendants whether his claims are based upon his arrest for being a felon in possession or whether there is some other basis for the claim. Plaintiff was advised that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of his claims with prejudice. (See Order of Court dated June 25, 2008, at 6:7-12.)

In its June 25, 2008, the Court also found that plaintiff's first amended complaint provided no additional allegations regarding the third, fourth and fifth claims for relief. The court again granted the motion to dismiss these claims for the reasons set forth in the March Order, within 20 days leave to amend. Plaintiff was advised that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of these claims with prejudice. (See June 25, 2008 Order at 6:14-7:5.)

In its June 25, 2008 Order, the Court provided guidance to plaintiff to assist with amending his complaint and plaintiff was advised that his failure to state a claim in a Second Amended Complaint may result in the dismissal of the action with prejudice.. (See June 25, 2008 Order at 7:11-22; 8:-1-2.)

///

Plaintiff was required to file a second amended complaint by July 15, 2008. Plaintiff has failed to comply with the Court's order.

## II.

## AUTHORITY

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The district court may dismiss an action for failure to comply with any order of the court pursuant to Federal Rule of Civil Procedure 41(b). (*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); Fed. R. Civ. Proc. 41(b).) District courts have inherent powers to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. (*Hamilton Vopper & Steel Corp. V. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). ) Courts faced with situations in which a plaintiff has failed to amend have approved dismissing the case with prejudice. (See *Yourish v. Ca. Amplifier*, 191 F.3d 983, 992 (9th Cir.1999) [affirming dismissal with prejudice after plaintiffs failed to obey the District Court's order to file an amended complaint within sixty days].)

The Ninth Circuit allows dismissal under Rule 41(b) after the district court has weighed the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. (*Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).)

At this time, the court should dismiss this action. No complaint is currently on file and this case cannot proceed without a complaint on file. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal so that the court's limited resources

may be spent on cases in which the litigant is actually proceeding. The court cannot manage its docket if it maintains cases in which plaintiff fails to keep an operative complaint on file by filing an amended complaint.

Public policy favoring disposition of cases on their merits also has little or no weight in actions where a plaintiff fails to file an amended complaint. Further, the original and amended complaint were properly dismissed for failure to state a claim as to the third, fourth and fifth claims for relief and plaintiff failed to properly amend those claims. The first and second claims were properly dismissed from the amended complaint and plaintiff failed to properly amend those claims

The risk of prejudice to defendants also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. (*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).)

There are no less drastic sanctions that can be considered because no complaint is on file. In addition, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. (*Ferdick v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see also, (*Malone v. U.S. Postal Service*, 833 F.2d 128, 132-33 & n.1 (9th Cir. 1987) (warning that action may be dismissed as appropriate sanction is considered less drastic alternative sufficient to satisfy last factor.) This court expressly advised plaintiff that the failure to set forth sufficient allegations in a Second Amended Complaint may result in the dismissal of these claims with prejudice. (See June 25, 2008 Order at 6:14-7:5.) This Court also provided guidance to plaintiff to assist with amending his complaint. (See June 25, 2008 Order at 7:11-22; 8:-1-2.) Plaintiff, however, did not file an amended complaint. Thus, dismissal pursuant to Rule 41(b) is warranted.

///

///

///

///

///

**III.**

**CONCLUSION**

The defendants therefore request that the court dismiss this action in its entirety against defendants CITY OF EL CAJON and M. BEVAN, with prejudice, and enter judgment in favor of CITY OF EL CAJON and M. BEVAN against plaintiff.

DATED: July 28, 2008

**McDOUGAL, LOVE, ECKIS, SMITH, BOEHMER & FOLEY**

By: [signature]
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendants: CITY OF EL CAJON and M. BEVAN