FILED
2008 AUG 28 PM 3:28
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

NUNC PRO TUNC
AUG 2 6 2008

Russo Bailey PRO SE Plaintiff
864 North Second Street #138
El Cajon, CA 92021
Telephone (619)504-5682

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russo Bailey<br>       Plaintiff;<br><br>           Vs<br><br>STATE OF CALIFORNIA<br>DEPARTMENT OF JUSTICE,<br>ALLEN J. PRECKEL,<br>CITY OF EL CAJON, M. BEVAN #236,<br>SAN DIEGO COUNTY,<br>BONNIE M. DUMANIS,<br>WILLIAM, KOLENDER,<br>25 Unknown police, sheriff deputies,<br>and employees of the county and state;<br>ADDED DEFENDANTS:<br>HERBERT J. EXARHOS,<br>JASON SARGENT #297,<br>JAMES BRAI #210,<br>ERIC TAYLOR #157,<br>                    Defendants. | CIVIL No. 07cv2090-JM(BLM)<br><br>PLAINTIFFS OPPOSITION<br>TO MOTION TO DISMISS COMPLAINT<br>DEFENDANTS CITY OF EL CAJON<br>AND M. BEVAN<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES<br><br><br><br>Date:      September 5, 2008<br>Time:     1:30 p.m.<br>Courtroom 16 |

Now comes plaintiffs OPPOSITION TO MOTION TO DISMISS COMPLAINT

DEFENDANTS CITY OF EL CAJON AND M. BEVAN Federal Rules of Civil Procedure

#41(b).  Plaintiff surmise that Defendants are referring to First Amended Complaint. (FAC).

///

///

original

1  Federal Rules of Civil Procedure #41 **(b) Involuntary Dismissal: Effect Thereof.**

2   For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Plaintiff has not failed to prosecute, no question in this matter.

Plaintiff has not failed to comply with these rules, no question in this matter.

Plaintiff has not failed to comply with any order of court, no question in this matter.

Defendants motion to dismiss, claim; "Plaintiff amended his complaint but failed to allege any additional facts to support his claims." Defendants Motion to dismiss page two lines 2 & 3. Immaterial!

 Court did not order additional facts. No question in this matter.

 The court did not, in its order for dismissal, state lack of jurisdiction, or improper venue, or failure to join a party under Rule 19, No question in this matter.

 Defendants claim defects in First Amended Complaint as to first and second claims for relief "...because it was unclear whether the false arrest claim was premised upon plaintiff's arrest on the felon in possession charge." Defendants Motion to dismiss page two lines 7, 8, & 9.

 Court did not order clarification on first and second claims within FAC. No question in this matter.

 Plaintiff has comply with all recommendations of F.R.Civ.P. #41(b) No question in this matter.

 "A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order."

No person has made a request concerning this action or its subject.

1 Defendant's Motion to Dismiss page 2, lines 7 through 9: "...because the criminal case
2 referred to by plaintiff in the first amended complaint demonstrated that plaintiff was charged
3 with being a felon in possession of a firearm as a result of his arrest..."
4 Stated within plaintiff's first amended complaint under the title of the first and second claims
5 for relief (The Defendants M. Bevan and the City of El Cajon, challenge) there is no
6 mention of plaintiff having been charged with a felony in possession of a firearm. No
7 question in this matter.

8     For the purpose of this motion, plaintiff states for the record, that he has never been a
9 felon, and that all possessions of firearms by plaintiff have been within the law. Furthermore
10 plaintiff has never committed a crime at any time in his life. Nor has the plaintiff ever pled
11 guilty to a crime. Nor has the plaintiff ever been arrested legally. Never! No question in this
12 matter.

13     Defendants would best seek added clarification under Federal Rules of Evidence.
14 Rule 301. Presumptions in General Civil Actions and Proceedings
15 In all civil actions and proceedings not otherwise provided for by Act of Congress or by these
16 rules, a presumption imposes on the party against whom it is directed the burden of going
17 forward with evidence to rebut or meet the presumption, but **does not shift to such party the**
18 **burden of proof** in the sense of the risk of nonpersuasion, which remains throughout the trial
19 upon the party on whom it was originally cast.

20     Plaintiff is only party that has power to dismiss a Defendant or a cause of action.

21 Rule 41. Dismissal of Actions
(a) Voluntary Dismissal: Effect Thereof.
22 (1) By Plaintiff; By Stipulation.
Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United
23 States, an action may be dismissed by the plaintiff without order of court (i) by filing a
notice of dismissal at any time before service by the adverse party of an answer or of a
24 motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of
dismissal signed by all parties who have appeared in the action. Unless otherwise
25 stated in the notice of dismissal or stipulation, the dismissal is without prejudice,
except that a notice of dismissal operates as an adjudication upon the merits when
26 filed by a plaintiff who has once dismissed in any court of the United States or of any
state an action based on or including the same claim.
27 (2) By Order of Court.
Except as provided in paragraph (1) of this subdivision of this rule, an action shall not
28 be dismissed at the plaintiff's instance save upon order of the court and upon such

1    terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss,
2    the action <u>shall not be dismissed against the defendant's objection</u> unless the counterclaim can remain pending for independent adjudication by the court. Unless
3    otherwise specified in the order, a dismissal under this paragraph is without prejudice.

4    This civil action is based on replevin with demand for jury trial. The claims for relief
5 are based on the tort created by all defendants and liability rest on all defendants. ALL
6 DEFENDANTS are responsible in various degrees for the conversion of Plaintiff's property.
7 No question in this matter.

8    *<u>June 25, 2008 Court order to dismiss</u>*... see p. 6: 8&9. "*<u>Plaintiff is instructed to set
9 forth sufficient allegations to inform Defendants whether his claims are based upon his
10 arrest for being a felon in possession or whether there is some other basis for the claim</u>*."
11 quoted from Jeffery Miller (JM). **Plaintiff is instructed**! **NOT ORDERED**! IN the FAC
12 plaintiff does not claim damages for an arrest. Damages are for a false arrest!

13 **PLEASE TAKE NOTE.**
14 "The courts may not consider <u>extraneous material</u> in testing its legal adequacy. *Levine v.*
15 *Diamanthust, Inc.*, 950 F.2d 1478, 1482" (JM) – extraneous material is to be found only in
16 Defendants false motions on false grounds. Plaintiff does not claim damages for an arrest.
17 Damages are for a false arrest, false imprisonment! Please take NOTE.

18    On April 1, 2008 Plaintiff acting pro se impeached the entitled Court's first order to
19 dismiss, issued in March 2008. In the intervening five months no defendant has opposed nor
20 objected to that impeachment therefore the defendants all agree with Plaintiff's impeachment
21 of the March order of the entitled Court.

22 According to Judge Jeffery Miller:
23      Federal Rule of Civil Procedure 12(b)(6) **dismissal is** proper <u>only in "extraordinary" cases</u>. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiffs complaint lacks a "cognizable legal
24 theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for
25 failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S., 127
26 S.Ct. 1955 (2007). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v.
27 Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991).

28 ///

1. Plaintiff's legal theory is to be found on the FAC (p. 3 line 14) "falsely arrested"

2. Plaintiff's legal theory is to be found on the FAC (p. 3 line 23&24) "kidnap with malicious intent, and illegally took plaintiff's personal property."

3. Plaintiff's legal theory is to be found on the FAC (p. 3 line 26&28). "intentionally damaged the personal property of the plaintiff before and after the intentional kidnap and false imprisoned of the plaintiff."

4. Plaintiff's legal theory is to be found on the FAC (p. 4; line 2&3). "cause financial and emotional duress."

5. Plaintiff's legal theory is to be found on the FAC (p. 4 line 5) "carjack"

6. Plaintiff's legal theory is to be found on the FAC (p. 4 line 13&14). "conspired to deprive Plaintiff of His Constitutional Rights."

7. Plaintiff's legal theory is to be found on the FAC (p. 4 line 21). "violation of Plaintiff civil rights"

8. Plaintiff's legal theory is to be found on the FAC (p. 5 line 3) "intentional duress and false imprisonment"

9. Plaintiff's legal theory is to be found on the FAC (p. 5 line 5&6) "false imprisonment"

10. Plaintiff's legal theory is to be found on the FAC (p. 5 line 12&13) "falsely imprison Plaintiff and did extort Plaintiff with a $250,000.00 ransom demand."

11. Plaintiff's legal theory is to be found on the FAC (p. 5 line 16&17) "contrary to the California and U. S. Constitution, falsely convict Plaintiff Bailey of no crime."

12. Plaintiff's legal theory is to be found on the FAC (p. 5 line 19&20) "punishment and a fine on Plaintiff Bailey contrary to both California State and The United State Constitution."  CRUELTY, not permitted against animals.

13. Plaintiff's legal theory is to be found on the FAC (p. 5 line 25&26) "Plaintiff was defrauded, by false pretense, robbed of property, kidnaped, car jacked, and tortured by all Police Defendants known and unknown."

All 13 acts are violations of Constitutional Rights of Plaintiff.  All bonafide theories,

1  unchallenged by all defendants and recoverable under 42 U.S.C. §1983.

2  According to Judge Jeffery Miller:

> The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), **cert. dismissed,** 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996). Where a plaintiff appears in propria [sic] persona in a civil rights case, the court must construe the pleadings liberally and afford <u>the plaintiff any benefit of the doubt</u>. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621 at 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in <u>civil rights cases</u>." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13  The March Court Order is therefor stricken...

14  According to Judge Jeffery Miller:

15  While selectively quoting "<u>Heck v. Humphrey</u>" - ...an inappropriate case from a foreign action. "A 1983 action is bared for prisoners,..." At NO TIME has BAILEY been a **prisoner**. To be a prisoner one must be in prison legally. Bailey is only a humble victim of a **FALSE IMPRISONMENT** No correlation! One good, one bad, see if You can make the distinction.

> In the sham criminal action of *People v. Bailey* California Superior Court case number SCE267015. Plaintiff finds his self incarcerated on the belief that it is illegal for Bailey to be carrying a concealed firearm.

> PC §12025 (a) "A person is guilty of carrying a concealed firearm when he or she does any of the following: (1) Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person."

Bailey pleads guilty to the charge knowing that it isn't a crime and no punishment is available. Furthermore it is clear that after six months of false imprisonment, it is the only avenue to freedom from the captors. NOTE: Penial Code (Cal.) §12025(a)(1) does not

qualify as a crime, it must forbid or command "an act" provided by Penial Code (Cal.) §15 furthermore Bailey could never be found guilty by the lower court as he has no evil intention Penial Code (Cal.) §26 Five- "...there was no evil design, intention, or culpable negligence." At no time has any one accused Bailey of a crime, no one ever has stated that "carrying a concealed firearm" is a crime. In a society where all laws are for all persons a PC §12025 statute would necessitate the arrest of all known police officers to be sentenced to six months as Bailey was. To include a fine of one thousand dollars as well. NO! The plaintiff does not seek to invalidate a fraudulent judgment from the lower court that never had jurisdiction over Bailey. Plaintiff seeks only to be compensated for the losses that are directly attributed to the defendants of this action. With no criminal action against Bailey, a habeas corpus (the preferred procedure noted in *Heck*) is unsuitable.

> *Spencer*, 523 U.S. at 18-21 (Souter, J., concurring); at 25 n.8 (Stevens, J., dissenting) (stating that "[g]iven the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice S[outer] explains, that he may bring an action under 42 U.S.C. § 1983").

Supportive to plaintiff's complaint the case determination is best found in the matter of: *Collins v. Owens*. (Look for terms such as "false imprisonment," ... or "need not alleged favorable termination of a criminal prosecution," or say " false arrest,." )

> The tort of false imprisonment consist of unlawful restraint or confinement, and the cause of action arises <u>immediately upon the commission of the wrongful act</u>. The pleading requirements are quite different from those in malicious prosecution actions: The plaintiff need not alleged favorable termination of a criminal prosecution, lack of probable cause, or malice. (See *Collins v. Owens* (1947) 77 C.A.2d 713 716, 176 P.2d 372; *Ramsden v. Western Union* (1977) 71 C.A.3d 873, 879, 138 C.R. 426; Clark, p. 314; 4 *Summary, Torts,* §§214, 243; 32 Am.Jur.2d False Imprisonment §173 et seq.; 14 Cal Practice §§230:2, 230:7, 230:8; 5 Federal Practice and Procedure (Wright and Miller) §1240; 14 A.L.R.2d 326 [necessity and sufficiency of allegations in complaint for false arrest or imprisonment that defendant acted without probable cause];
> In a situation not involving an ARREST, the complaint may simply alleged the facts of physical restraint or confinement; it is not necessary to plead that the act was unlawful. (See *Parrott v. Bank of America* (1950) 97 C.A.2d 14, 22, 217 P.2d 89 [sufficient pleading of restrained by threats of arrest and prosecution].) And a cause of action for false imprisonment may also be stated by alleging facts of unreasonable delay in bringing the plaintiff before a magistrate. (See *Dragna v. White* (1955) 45 C.2d 469, 472, 289 P.2d 428.

All claims of civil rights violations are prior to a [false] criminal action naming the plaintiff.

"The plaintiff need not alleged favorable termination of a criminal prosecution," In the aftermath of a false conviction of a nonexistent crime, the Plaintiff does not claim any damages. No criminal prosecution, No question in this matter.

## THE PLAINTIFF NEED NOT ANTICIPATE AND NEGATIVE THE MANY SITUATIONS IN WHICH SUCH AN ARREST IS PRIVILEGED; THESE ARE MATTERS OF DEFENSE.

The same simple pleading of the facts of physical restraint or confinement is sufficient where the detention results from an *arrest without a warrant*. The plaintiff need not anticipate and negative the many situations in which such an arrest is privileged; these are matters of defense. (*Monk v. Ehret* (1923) 192 C. 186, 189, 219 P. 452 ["where without process an arrest is made, it is not necessary to allege that such arrest was unlawful .... if the act complainant of it is one, the mere stating of which, constitutes a trespass, it is manifestly illegal"]; *Collins v. Owens* (1947) 77 C.A.2d 713, 715, 718, 176 P.2d 372; ["Plaintiff specifically alleges that defendants *did not have a warrant* authorizing his arrest. This allegation, coupled with the allegation of imprisonment and the averment of damages, constitutes a cause of action for false arrest"]; *Oppenheimer v. Los Angeles* (1951) 104 C.A.2d 545, 549, 232 P.2d 26;

The torts of assault and battery call for simple pleading of following: (1) The wrong act, either an attempt to commit physical injury (assault), or a harmful contact (battery).
(2) The resulting harm, such as emotional arrest or physical injury. (See *Pennington v. Caughey* (1904) 145 C. 10, 11, 78 P. 227; *Weinstock v. Eissler* (1964) 224 C.A.2d 212, 237, 36 C.R. 537 )

The Defendant M. Bevan is charged with kidnap and IT IS HIS responsibility to prove that the incident and the results of his acts to be lawful. M. Bevan does not deny the incident took place. The incident was video recorded, by the El Cajon Police, it would be in the best interest of the Defendants all, to submit this critical evidence thereby putting and end to this civil action. Don't hold the breath as IT WOULD be shown that the Defendants all to be a gang of thugs.

ANNOTATED CAL. CODES GOVERNMENT 820 EMPLOYEE LIABILITY
(a) Except as otherwise provided by statute (including Sec. 820.2) a public employee is liable for injury caused by his *act* or omission to the same extent as a private person.
(b) The liability of a public employee established by this part (commencing with Section 814) is subject to any defenses that would be available to the public employee of he were a private person.

Does this Court seek to further deny civil rights of Plaintiff by extending it's authority to pick and carve Plaintiff's complaint in order to benefit the Criminal Defendants

1  collectively?

2  No authority, without examination of the evidence there could never be a judgement
3  proper.
4  Improper contention: See Judge Miller's June 25, 2008 *Order*:
5  It repeatedly mentions F.R.Civ.P. 12(b)(6) "failure to state a claim upon which relief
6  can be granted," F.R.Civ.P. 12: addresses a Summary Judgment not a Motion. No Summary
7  Judgment is sought by any defendant of this action.
8  This June 25, 2008 *Order* fails and the two defendants herein seek **not** a Summary
9  Judgment. This entitled motion is a motion to dismiss two individuals, Summary Judgment
10 would affect all Defendants of whom have not appeared in the instant motion, it bestows no
11 authority.
12 The June 25, 2008 *Order* is therefore vacated.
13 The motion NOW BEFORE THE COURT IS A F.R.Civ.P. 41(b)(6) "failure to comply with
14 these rules or *any order*..." Not "any order" as an *Order* must be with authority and based on
15 statute or it is void. No legal support of an "order" is reminiscent of a sentence fragment, an
16 incomplete thought leading to speculation. The dominate factor as above stated is that
17 Plaintiff did comply with the June 25, 2008 *Order*. [idem]
18 The FAC includes 13 claims of deprivation of property, civil rights violations and violent
19 denial of freedom including attempts on Plaintiff's life. These in fact, are undoubtably, cause
20 to grant relief.
21 Judge Miller's authority is limited to administrative duties where a Jury is Demanded.
22 Judge Miller has failed to schedule the entitled action with dates for discovery. Dereliction
23 of duty to run a foul of procedure and the denial of justice.
24 This civil case is to be determined by "JURY TRIAL." Demanded JURY TRIAL within the
25 original complaint and the first amended complaint.
26 If at some time the entitled Court under Judge Miller reviews Plaintiffs FAC [complaint] it is
27 noted that defendants are being sued as individuals not as employees of a public entity or the
28 state. FAC p.7 - 9 Plaintiff moves for sanctions against defendants on the grounds that their

1 motions are brought in bad faith. In addition plaintiff makes claims that the Defendant has

2 willfully falsified concealed by trick, false, fictitious or fraudulent statements or

3 representations. Plaintiff and now seeks $10,000 from each defendant for delays in this civil

4 suit.

**F.R.Civ.P 41(b) Involuntary Dismissal: Effect Thereof.**
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
Practically all states have statutes authorizing the court to order parties in possession or control of documents to permit other parties to inspect and copy them before trial. See:
*Ragland*, Discovery Before Trial (1932), Appendix, p 267, setting out the statutes.
**1991 Amendment** ... to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence. The new subdivision replaces part of Rule 41(b), which formerly authorized a dismissal at the close of the plaintiff's case if the plaintiff had failed to carry an essential burden of proof. Accordingly, the reference to Rule 41 formerly made in subdivision (a) of this rule is deleted. As under the former Rule 41(b), the court retains discretion to <u>enter no judgment prior to the close of the evidence</u>. Judgment entered under this rule differs from a summary judgment under Rule 56 in the nature of the evaluation made by the court. A judgment on partial findings is made after the court has heard all the evidence bearing on the crucial issue of fact, and the finding is reversible only if the appellate court finds it to be "clearly erroneous." A summary judgment, in contrast, is made on the basis of facts established on account of the absence of contrary evidence or presumptions; such establishments of fact are rulings on questions of law as provided in Rule 56(a) and are not shielded by the "clear error" standard of review.

18 U.S.C.§ 1001. STATEMENTS OR ENTRIES GENERALLY
Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully <u>falsifies, conceals or covers up by any trick, scheme, or device a material fact</u>, or makes any <u>false, fictitious or fraudulent statements or representations</u>, or makes or uses <u>**any false writing or document knowing the same to contain any false, fictitious of fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both**</u>.

"<u>material fact</u>"  The concealment of a video recording by Defendants M. Bevan and The City of El Cajon.

"<u>makes any false, fictitious or fraudulent statements or representations</u>" Motion By Defendants CITY OF EL CAJON M. Bevan [MEMORANDUM OF POINTS AND AUTHORITIES] PAGE 2 STARTING WITH LINE 5 false!  There after the convoluted pleading is worthless as it is based on misrepresentation.

1  Plaintiff request that THE ENTITLED COURT rule in favor of plaintiff's opposition
2 to Defendants M. Bevan and City of San Diego's motion to dismiss on the forgoing grounds
3 of law and evidence, in the name of justice.
4  Plaintiff request that THE ENTITLED COURT grant sanctions against Defendants M.
5 Bevan and City of San Diego for plaintiff's cost in response to Defendants frivolous motion
6 to dismiss.
7  Cost are estimated at $1,000.00.
8 The motion is for no better cause than defendants frivolous "end run."
9 Dated: August 23, 2008.

*Russo Bailey Pro se Plaintiff*

RUSSO BAILEY pro Se
864 N. 2nd STREET #138
El Cajon CA 92021
Telephone (619)504-5682

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

RUSSO BAILEY,
    Plaintiff,
vs.
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE,
et. al.,
    Defendants.

CIVIL No. 07cv2090 JM (BLM)

## DECLARATION OF SERVICE

I, the undersigned declared under penalty of perjury that I am over the age eighteen years and a party to this action; that I served the individuals on the service list attached here to the following documents:
PLAINTIFFS OPPOSITION TO MOTION TO DISMISS COMPLAINT DEFENDANTS CITY OF EL CAJON AND M. BEVAN MEMORANDUM OF POINTS AND AUTHORITIES

in the following manner: by placing a copy in a separate envelope, for each address named below, and placing it for collection and mailing with the United States Postal Service, at El Cajon California on the date of: January 19, 2008

SERVICE LIST:

State of California Department of Justice
110 West A Street Suite 1100
San Diego, CA 92186-5266

Attorneys for City of El Cajon and M. Bevan;

McDougal, Love, Eckis, Smith, Boehmer & Foley
460 North Magnolia Avenue
El Cajon, CA 92020

Attorneys for Allen J. Preckel;
Darlene A. Dornan, Cheryl L. Brierton
220 West Broadway
San Diego, CA 92101

continued

DECLARATION OF SERVICE

SAN DIEGO COUNTY,
1600 Pacific Highway Room 355
San Diego California 92101

executed on August 22, 2008    at El Cajon California

_____
Russo Bailey pro se Plaintiff

DECLARATION OF SERVICE