DARLENE A. DORNAN, Court Counsel (Bar No. 182228)
Superior Court of California in and for the County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone:  (619) 450-5356
Facsimile:  (619) 450-5684

Attorneys for Defendant, the Honorable Allan J. Preckel, Judge of the Superior Court of California, County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>              Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, ET AL.,<br><br>              Defendants. | Case No. 07-CV-02090 JM (BLM)<br><br>EX PARTE APPLICATION TO AMEND MOTION TO STRIKE TO APPLY MOTION TO SECOND AMENDED COMPLAINT, AS WELL AS TO FIRST AMENDED COMPLAINT BY DEFENDANT, THE HONORABLE ALLAN J. PRECKEL, JUDGE OF THE CALIFORNIA COURT<br>[FRCP 6(b)(1)(A)]<br><br>**[NO ORAL ARGUMENT REQUESTED]**<br><br>Date :  September 5, 2008 [Under submission]<br>Time :  1:30 p.m.<br>Crtrm: 16 (5th Floor)<br>Judge:   The Honorable Jeffrey T. Miller |

Defendant, the Honorable Allan J. Preckel, Judge ("Judge Preckel") of the Superior Court of California, County of San Diego ("California Court"), hereby moves EX PARTE to amend his MOTION TO STRIKE as immaterial, impertinent and redundant, currently listed by Pacer as under submission before this Court, so as to make the motion applicable as well to Plaintiff's Second Amended Complaint ("SAC")

served on counsel September 9, 2008, in addition to his First Amended Complaint ("FAC") filed April 11, 2008. This Court has previously dismissed the complaint against Judge Preckel with prejudice on March 18, 2008, denied Plaintiff's motion for reconsideration on April 10, 2008, and again dismissed Judge Preckel with prejudice and without leave to amend on June 25, 2008.[1] See Fed. R. Civ. P. 12(f) [providing for motion to strike "redundant, immaterial, impertinent or scandalous" matters]. Notwithstanding this Court's orders, Plaintiff has contumaciously persisted in naming Judge Preckel as a Defendant in his Second Amended Complaint.

In this pending action, Plaintiff is challenging the proceedings in his underlying state criminal case. (*People v. Russell Lorin Bailey*, California Court Case. No. SCE267015, affirmed on appeal, D051309.) Plaintiff alleges extensively that in the underlying California court criminal action, in which Plaintiff herein was a Defendant, Judge Preckel and other judicial officers made rulings with which Plaintiff still disagrees.[2] This Court has granted Judge Preckel's Motion to Dismiss with prejudice, based on judicial immunity, state sovereign immunity, abstention doctrine, *Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994), and other substantive arguments, and has denied Plaintiff's motion for reconsideration.

These rulings operate as a dispositive bar to Plaintiff's claims against Defendant Judge Preckel.

As such, the pleadings in the SAC and FAC as to Judge Preckel are immaterial and redundant within the meaning of Federal Rules of Civil Procedure 12(f). "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that

---

[1] This court's second dismissal of Judge Preckel on June 25, 2008, was thought to have been in response to Judge Preckel's Motion to Strike the First Amended Complaint, noticed for hearing on June 5, 2008. However, Pacer shows that Judge Preckel's Motion to Strike was taken under submission by the court on or about September 5, 2008.

[2] SAC, 6:13-14, 7:27-8:3, 8:7-21, 9:2-6, 11:8-10; FAC, 4:18-25, 5:18-6:11, 8:8-10, 9:18-20.

must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Immaterial" means the matter has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–535 [114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455] (1994). ""Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* The claims here are immaterial and impertinent, because Defendant Judge Preckel has already been dismissed with prejudice.

"Redundant" has been defined as including allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120, fn. 4 (D. P.R. 1972); see also, *Bd. of Trs. of the San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07cv634 IEG LSD, 2007 U.S. Dist. LEXIS 50892, p*9, 2007 WL 2070355 (S.D. Cal. July 12, 2007). The present claims are redundant, because based on Judge Preckel's dismissal with prejudice from this action, any claims against him are now foreign to any issues involved, and needlessly repeat allegations previously disposed of on the merits.

Accordingly, Judge Preckel's Motion to Strike should be granted, with prejudice, and a judgment entered in his favor on the Second Amended Complaint, as well as on the First Amended Complaint.

DATED: September 17, 2008

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

By: __s/ Cheryl L. Brierton_____
CHERYL L. BRIERTON, Litigation Attorney
Attorneys for Defendant, the Honorable Allan J. Preckel, Judge of the Superior Court of California, County of San Diego