# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                          Plaintiff,<br>   vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; ALLEN J. PRECKEL; CITY OF EL CAJON; M. BEVAN; SAN DIEGO COUNTY; DONNIE DUMANUS; WILLIAM KOLENDER ,<br><br>                          Defendants. | CASE NO. 07cv2090 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41(B) |

      Defendants City of El Cajon and M. Bevan (collectively "Defendants") move to dismiss all claims asserted against on the ground that Plaintiff has failed to comply with Fed.R.Civ.P. 41(b). Plaintiff Russo Bailey opposes the motion.

      On June 25, 2008 the court granted Defendants motion to dismiss all claims contained in the First Amended Complaint ("FAC") with 20 days leave to amend. Plaintiff has failed to file an amended complaint. In his Opposition to the present motion, Plaintiff generally argues that he need not set forth additional allegations as, accordingly to Plaintiff, the June 25, 2008 Order is "vacated." (Oppo. at p.9:12). The June 25th order, in combination with this court's March 18, 2006 order, informed Plaintiff of the complaints' deficiencies and granted leave to amend. Plaintiff, as master of his complaint, apparently believes that the FAC adequately states claims arising under 42 U.S.C.

1  §1983.

2  Rule 41(b) authorizes the court to dismiss an action for failure to comply with any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Plaintiff's non-compliance with an order of dismissal with leave to amend is grounds for dismissal of an action under Rule 41(b). Yourish v. California Amplifier, 191 F.3d 983, 988 (9th Cir. 1999). The court considers the following factors to determine whether a Rule 41(b) dismissal is appropriate: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; and (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Bautista v. Los Angeles county, 216 F.2d 837, 841 (9th Cir. 2000). Here, this case, commenced on October 31, 2007, is nearly one year old and there is presently no valid complaint on file. The case is no closer to a resolution on the merits than it was one year ago. While public policy favors resolution of matters on the merits, the complaint fails to state a claim against Defendants. Further, given the lengthy delay in prosecuting this action, Defendants are prejudiced by the unreasonable delay in this action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Finally, this court has advised Plaintiff that the failure to amend the complaint to state a claim "may result in the dismissal of these claims with prejudice." (June 25, 2008 Order).

In sum, the court grants the Rule 41(b) motion to dismiss with prejudice. The Clerk of Court is instructed to dismiss City of El Cajon and M. Bevan as parties to this action, with prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: October 27, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties